IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT REPORT
AND TESTIMONY OF MATTHEW W. NORMAN, M.D.**

I.  Background.

On January 9, 2008, Plaintiff sued the defendants, seeking compensatory and punitive damages against them for violating rights protected by the substantive and procedural due-process components of the Due Process Clause, the First Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. (See Doc. 1.) In his complaint, Plaintiff alleged that the defendants violated his rights when they summarily expelled him on a pretextual claim that he represented a "clear and present danger" to the campus. (Id.)

On December 4, 2008, Defendants Ronald Zaccari, Valdosta State University, Board of Regents of the University System of Georgia, Kurt Keppler, Victor Morgan, and Russ Mast (together "the VSU defendants") answered the complaint. Discovery began about a month later, on January 4, 2009. Within three days (on January 7) the Court entered a scheduling order (see Doc. 49), which adopted the parties' discovery schedule (see Doc. 45), and required that Daubert motions on expert testimony be filed no later than 30 days after the close of discovery. (Doc. 49.)

Discovery was initially scheduled to close on May 3. (Id.) Through a consent motion, however, the parties requested to extend the discovery window (Doc. 75). The Court granted the parties' request and extended the discovery period through August 1, but added that no other extensions would be granted (Doc. 76). Discovery closed on August 1. (Id.)

Two days ago, the VSU defendants identified Matthew W. Norman, M.D. ("Norman") as an expert witness in what it styled as a "Supplemental Initial Disclosure." (See Doc. 136.) Norman's expert report is attached to that filing. (Id.) The VSU defendants did not request leave to file the "Supplemental Initial Disclosure," nor did they offer an explanation for

submitting an untimely expert report. During discovery the VSU defendants did not identify Norman as an expert. (See Doc. 47.)

II.     Argument.

Norman's expert report and trial testimony should be excluded because (A) the disclosure fails to comply with the Scheduling Order and the Local Rules, and (B) the VSU defendants have offered no justification for the late and harmful disclosure.

A.     Norman's Expert Report Violates Fed. R. Civ. P. 26(a)(2)(C) and Local Rule 26.2(C).

Expert disclosures are to be filed "at the times and in the sequence that the court orders." (See Fed. R. Civ. P. 26(a)(2)(C).) This Court's Local Rules address the deadlines for expert reports and the consequences for failing to meet those deadlines:

> **Expert Witness.** Any party who desires to use the testimony of an expert witness **shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert**, and if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> **Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the**

3

> **testimony of the party's expert**, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

L.R. 26.2(C) (emphasis added).

Norman's expert report should be excluded because it violates the Scheduling Order and Local Rules.  The Scheduling Order as a matter of course required the VSU defendants to identify their experts and provide any expert reports in their initial disclosures.  Because which experts will be needed is not always clear, at the outset, it is somewhat understandable that the VSU defendants did not identify an expert in their initial disclosures.  (See Doc. 46.)  However, even though the VSU defendants "ha[d] not retained the services of an expert" when filing their initial disclosures, they promised to "amend their response to this Disclosure as necessary."  (Id. at 8.)

The problem here is simple: the VSU defendants' attempt to supplement their initial disclosures and submit an expert witness report did not occur during the expanded  discovery period so that Plaintiff could depose Norman before the close of discovery.  In fact, because the VSU defendants named Norman only after discovery closed, Plaintiff cannot

depose Norman or use Rule 45 subpoenas to gather information about him. The VSU defendants have offered no justification for their failure to comply with the Court's Scheduling Order and applicable rules or procedure. Nor could they. The VSU defendants had eight months to hire an expert, supplement their disclosures, and submit an expert report. The Court's May 1 order stated there would be no more extensions of discovery. This order further notified the VSU defendants that the time to disclose experts would not be extended.

Because discovery closed (and the post-discovery conference produced no likelihood of settlement), the parties have begun preparing motions for summary judgment. Indeed, even before the post-discovery conference took place, the VSU defendants sought leave of this Court to file a motion for summary judgment in excess of the page limits set forth in the Local Rules. Only after representing to this Court that they were prepared to proceed with a summary judgment motion did the VSU defendants submit their proposed expert report, nearly three weeks after the close of discovery. To allow the VSU defendants to inject Norman's expert report at this stage will be highly disruptive. At the very least, allowing the expert report will

require re-opening discovery for Norman's deposition. This will delay the upcoming motions on summary judgment.[1]

>   B.  The Court Should Sanction the VSU Defendants By Barring Norman As An Expert Witness at Trial and Excluding His Report Pursuant to Fed. R. Civ. P. R. 37(c)(1).

A district court has broad discretion in all discovery matters. American Key Corporation v. Cole National Corporation, 762 F.2d 1569, 1576 (11th Cir. 1985) (quoting Wyatt v. Kaplan, 686 F.2d 276 (5th Cir. 1982)). Where a party fails to disclose an expert pursuant to Rule 26(a), exclusion of the expert witness and the expert report is appropriate: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also, Williamson Oil Company v. Philip Morris USA, 346 F.3d 1287, 1323 (11th Cir. 2003) (upholding district court's decision to reject an expert witness

---

[1] Even assuming Norman's report is intended solely to rebut Plaintiff's experts, it is still untimely. Rebuttal expert reports on the same subject matter identified by Plaintiff under Rule 26(a)(2)(B) must be disclosed within 30 days after the other party's disclosure. See Fed. R.Civ. P. R. 26(a)(2)(C)(ii).

6

"addendum" because it was not timely filed under Fed. R. Civ. P. R. 26(a)(2)(C)).

In addition to excluding Norman's evidence at trial or on motions, the Court may impose an award of attorney's fees for a party's failure to properly disclose expert witnesses. See Morrison v. Mann, 244 F.R.D. 668 (N.D. Ga. 2007); see also Fed.R.Civ.P. R. 37(c)(1). The Court can impose alternative sanctions in its discretion. See Parrish v. Freightliner, LLC, 471 F.Supp. 2d 1262 (M.D. Fla. 2006). Whether to wield this power is left to the Court's discretion, which is "particularly broad." See Morrison, at 676.

To excuse the failure to disclose an expert witness two elements must be satisfied: (1) there must be substantial justification for the failure, and (2) the failure must be harmless. See St. Fleurose v. Worldwide Dedicated Services, Inc., 2007 U.S. Dist. LEXIS 89486, Case No. 6:06-cv-1272-Orl-18KRS4 (M.D. Fla. Dec. 5, 2007). The party making the late disclosure bears the burden of showing both substantial justification and that the failure to comply was harmless. See U.S. v. Batchelor-Robjohns, 2005 WL 1761429 (S.D. Fla. 2005).

The VSU defendants have offered no justification. Rather, without

7

moving for leave or first conferring with opposing counsel, they filed a bare supplemental disclosure and expert report. There is no reason why the VSU defendants could not have engaged an expert and provided the necessary report during the time allotted for discovery that was already once extended by the Court to accommodate them. The issues for which they offer the expert report were not newly discovered, but have been obvious from the beginning of the case. Moreover, the VSU defendants could have sought an examination of Plaintiff pursuant to Rule 35, if they had thought it was necessary to their defense. See Fed. R. Civ. P. 35. However, they chose not to do so, and now seek to cure their oversight through this post-discovery "supplemental disclosure." There is no justification for this effort to game the process.

This late disclosure is not harmless. Plaintiff timely disclosed his experts and the VSU defendants had the benefit of deposing them. Only after deposing Plaintiff's experts did the VSU defendants decide to offer an expert report. Given the posture of the case and recent filings, it is not a stretch to infer that the VSU defendants intend to use Norman's expert report in support of their upcoming summary judgment motion.

The Court should sanction the VSU defendants by imposing attorney fees for this late disclosure which necessitated the filing of this motion. Sanctions are also warranted to address what has become a pattern of discovery abuses by the VSU defendants, which already has been the subject of an order of this Court.  (See generally, Doc. 87.)

III.   Conclusion.

The VSU defendants' attempt to slide in Norman's testimony and expert report through an unexplained, tardy filing shows a disregard for the Court's Scheduling Order and the discovery process and warrants sanctions pursuant to Rule 37(c)(1).  Therefore, Plaintiff respectfully requests that the Court exclude Norman's testimony at trial, exclude his expert report (in support of summary judgment, as evidence or at trial) and award attorney fees for bringing this motion.

Respectfully submitted this 21st day of August, 2009.

By:   /s/ Robert Corn-Revere
Robert Corn-Revere
Christopher A. Fedeli
Lisa B. Zycherman
Erin N. Reid
Admitted Pro Hac Vice
Attorneys for Plaintiff

Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com

/s/ Cary S. Wiggins
Cary S. Wiggins
Georgia Bar No. 757657
Irma Espino
Georgia Bar No. 558220
Attorneys for Plaintiff
Wiggins Law Group
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303
404-659-2880
Email: cary@wigginslawgroup.com

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on August 21, I served the foregoing to all counsel of record.  I also certify, pursuant to Local Rule 7.1(D), that this document has been prepared in Times New Roman 14-point font.

          /s/ Cary S. Wiggins
          Cary S. Wiggins
          Georgia Bar No. 757657
          Irma Espino
          Georgia Bar No. 558220
          Attorneys for Plaintiff
          Wiggins Law Group
          260 Peachtree Street, NW,
          Suite 401
          Atlanta, GA 30303
          404-659-2880
          Email:
          cary@wigginslawgroup.com