UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS HAYDEN BARNES,

      Plaintiff,

   v.

RONALD M. ZACCARI,
individually and in his
official capacity as President
of Valdosta State University;
et al.,

      Defendants.

CIVIL ACTION
NO. 1:08-CV-0077-CAP

O R D E R

This matter is before the court on the plaintiff's motion to exclude the expert report and testimony of Matthew W. Norman [Doc. No. 139] and the defendants' motion to exclude the expert reports and testimony of Gregory M. Lukianoff and Robert M. O'Neil [Doc. No. 142] (collectively "exclusion motions").

## I.   Factual and Procedural Background

This case involves the expulsion of the plaintiff from Valdosta State University and alleged violation of rights protected by the substantive and procedural due process components of the Due Process Clause, the First Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.  See [Doc. No. 1]. Discovery began on January 4, 2009, and then, after the court granted the parties' request for an extension, the discovery period closed on August 1, 2009.

Motions for summary judgment with briefs in support thereof were due on August 21, 2009, but the court extended that deadline until September 15, 2009 [Doc. No. 131].  After the court granted the extension, the parties then filed their exclusion motions [Doc. Nos. 139 and 142], and another motion to extend the time for parties to submit summary judgment motions [Doc. No. 145]. Thereafter, the court issued an order [Doc. No. 150], which provided a briefing schedule for the exclusion motions and dictated that the parties shall have seven days from the date this court rules on the exclusion motions to submit motions for summary judgment.

## II.  Plaintiff's Motion to Exclude [Doc. No. 139]

In his motion to exclude, the plaintiff moves the court to exclude the expert report and trial testimony of Matthew D. Norman, M.D. because (1) the disclosure of the expert failed to comply with the scheduling order and local rules, and (2) the defendants did not offer any justification for the late and harmful disclosure. In response, the defendants offer an explanation of the circumstances and provide justification concerning the disclosure of Norman as an expert witness on August 19, 2009, and then they urge the court not to exclude Norman's report and testimony.

While the parties' briefs [Doc. Nos. 139, 144, and 153] regarding the motion to exclude Norman are contentious, the court

finds that the following pertinent facts are consistent in all of the briefs.  The plaintiff identified Dr. Kevin Winders as an expert witness on January 5, 2009, but never provided an expert report.[1]  The defendants did not have a complete copy of all of the plaintiff's mental health records until June 18, 2009.  The defendants were unable to depose Winders until July 31, 2009, just one day before the close of discovery in this matter.[2]

First, "a district court has broad discretion in all discovery matters."  American Key Corp. v. Cole National Corp., 762 F.2d 1569, 1576 (11th Cir. 1985) (citation omitted).  Secondly, the court is unpersuaded by the plaintiff's contention that an expert report for Winders was not necessary.  Finally, given that no expert report was ever provided for Winders and the parties were unable to take his deposition until the eve of the close of discovery (July 31, 2009), the court finds that there was sufficient justification for the defendants' late disclosure of Norman as an expert.  Accordingly, the court hereby DENIES the plaintiff's motion to exclude the expert report and testimony of Matthew W. Norman [Doc. No. 139].

---

[1] The court acknowledges the plaintiff's contention that Dr. Winder was a "treating physician" and thus, under Federal Rule of Civil Procedure 26(a)(2)(B), no expert report was required.

[2] Moreover, the transcript from Winder's deposition was not available until August 28, 2009.

## III. Defendants' Motion to Exclude [Doc. No. 142]

In their motion, the defendants argue for the exclusion of the reports and testimony of Lukianoff and O'Neil because they do not meet the standards for admissibility under the Federal Rules of Evidence.  Specifically, the defendants argue that the expert testimony of Lukianoff and O'Neil should be excluded because it "offers nothing more than what lawyers for the parties can do in closing arguments," and would usurp the role of jury and trial judge.  Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida, 402 F.3d 1092, 1111 (11th Cir. 2005) (quoting United States v. Frazier, 387 F.3d 1244 (11th Cir. 2004)).  In response, the plaintiff contends that Lukianoff and O'Neil are eminently qualified to testify as experts, they have both provided a sound basis for their expert opinions, and neither expert witness would usurp the role of the judge or jury in this proceeding because their testimonies do not address the ultimate legal questions in this case.

### a.   Gregory M. Lukianoff

Gregory M. Lukianoff is the President of The Foundation for Individual Rights (F.I.R.E.), and he considers himself to be an expert in "first amendment law as it applies to colleges and universities, higher education."  Lukianoff has never testified as an expert before, but the essence of his opinion in this case would

be that "Zaccari's treatment of Hayden Barnes is one of the worst, if not the worst, violations of free speech rights against a university student that [he has] seen since [he] began working in this field in October of 2001." Further, the plaintiff contends Lukianoff's testimony is being proffered to assist the trier of fact's understanding of three critical issues: (1) the relative harmlessness of plaintiff's speech compared to the severity of the punishment; (2) the defendants' apparent willfully disingenuous rationale for expelling the plaintiff; and (3) the defendants' refusal to undo its punishment in the face of public pressure and exposure of the facts in this case. On the other hand, the defendants argue that Lukianoff's testimony offers nothing more than legal conclusions and is inadmissible because it is not helpful to the jury (finder of fact) as required by Federal Rule of Evidence 701(b).

The court concludes that the crux of Lukianoff's testimony is that the plaintiff's First Amendment rights were protected and then violated by the defendants. The opinion amounts to testifying that the defendant's conduct violated the constitutional rights of the plaintiff, which essentially undertakes to tell the jury which result to reach. Moreover, this proffered testimony is not beyond the understanding of the average lay person and will not help the trier of fact because it offers nothing more than what lawyers for

the parties in this case could present in closing arguments.  <u>Cook</u>
<u>ex rel. Estate of Tessier</u>, 402 F.3d at 1111.  Accordingly, the
court grants the defendants' motion to exclude with regard to
Gregory M. Lukianoff.

   **b.   Robert M. O'Neil**

   Robert M. O'Neil is founding director of the Thomas Jefferson
Center ("TJC") for the Protection of Free Expression at the
University of Virginia.   The TJC is a non-profit organization
devoted to the defense of free expression in all of its forms, and
it was created in 1990.  Prior to becoming Director of the TJC,
O'Neil served as a senior administrative officer at different state
universities,[3] clerked for Justice William J. Brennan, Jr. of the
United States Supreme Court, and was a law professor at various
universities.[4]   The plaintiff intends for O'Neil to testify
regarding: (1) the recognized standards and principles in the
regulation of student expression in American public higher
education,[5] and (2) the significance of the Jefferson Muzzle Award

---

   [3] O'Neil served as: Provost (later Executive Vice President
for Academic Affairs) at the University of Cincinnati from 1971-
1975; President of the University of Wisconsin System from 1980-
1985; and President of the University of Virginia from 1985-1990.

   [4] O'Neil was a law professor at the University of California,
the University of Virginia, and the University of Texas.

   [5] More specifically, O'Neil would provide expert testimony on
the substantive basis for the administrative acts taken by Zaccari,

that the TJC awarded to Zaccari in 2008.[6]  The defendants'
arguments regarding the exclusion of O'Neil as an expert witness
mirror those presented with regard to Lukianoff.  The plaintiff
responds by contending that O'Neil is more than qualified to
testify as an expert and his opinions would not usurp the role of
the judge or jury in this proceeding.

Similar to the testimony of Lukianoff, the court concludes
that the crux of O'Neil's testimony is that the plaintiff's First
Amendment rights were protected and then violated by the
defendants.  Furthermore, expert testimony on the recognized
standards and principles in the regulation of student expression in
American public higher education is not necessary because it is not
beyond the understanding of the average lay person and will not
help the trier of fact.  Also, testimony regarding the significance
of the TJC Jefferson Muzzle Award and its selection process would

---

President of Valdosta State University, and the role of a college
administrator with regard to the protections afforded to student
expression on state-supported college and university campuses and
the procedures that colleges and universities have in place to
protect these rights.

[6] Each year since 1992, the TJC has conferred a Jefferson
Muzzle Award upon a small number of organizations, institutions, or
individuals that, in the judgment of the TJC, have seriously
imperiled free expression over the course of the prior year.
O'Neil will testify regarding the deliberate process that the TJC
goes through in conferring the award and why it was awarded to
Zaccari.

not aid the jury in this matter.   Like Lukianoff's proffered
testimony, the expert testimony of O'Neil amounts to nothing more
than what lawyers for the parties in this case could present in
closing arguments.   Cook ex rel. Estate of Tessier, 402 F.3d at
1111. Accordingly, the court grants the defendants' motion to
exclude with regard to Robert M. O'Neil.

## IV.   Conclusion

For the reasons discussed above, the court hereby GRANTS the
defendants' motion to exclude the expert reports and testimony of
Gregory M. Lukianoff and Robert M. O'Neil [Doc. No. 142] and DENIES
the plaintiff's motion to exclude the expert report and testimony
of Matthew W. Norman [Doc. No. 139].   Additionally, the court
hereby RE-OPENS discovery for 45 days from the date of this order
for the limited purpose of taking the deposition of Norman.
Furthermore, in light of the court's order [Doc. No. 150] directing
the parties to submit their motions for summary judgment within
seven days of the court's ruling on the exclusion motions, the
court orders that the parties shall now have 20 days from the date
the Norman deposition transcript is available to submit their
motions from summary judgment, but not later than January 4, 2010.

SO ORDERED, this 22nd day of October, 2009.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

8