# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**THOMAS HAYDEN BARNES,**

    Plaintiff,

v.

**RONALD M. ZACCARI,** *et al.,*

    Defendants.

**Civil Action No. 7:12-CV-89 (HL)**

## ORDER

**THIS ORDER, AND THE ATTACHED PRETRIAL ORDER FORM, MUST BE CAREFULLY READ. THESE DOCUMENTS ARE AMENDED FROM TIME TO TIME.**

1.

This case is scheduled for trial during the term beginning on October 23, 2012, in Valdosta, Georgia. Jury selection will be held on October 23, 2012, starting at 9:00 a.m.

2.

A Rule 16 pretrial conference will be held on October 2, 2012 in Valdosta, Georgia, at 9:30 a.m. A lawyer for each party shall attend the pretrial conference. If any party is not represented by counsel, the unrepresented party must attend the pretrial conference. Each attorney who attends the pretrial conference must have authority to bind his client and will be presumed to have authority to bind his

client. Every attorney and unrepresented party who does not attend the pretrial conference will be bound by all decisions made at the pretrial conference.

Each party should be prepared to discuss the settlement efforts made in the case. Further, each party should come to the pretrial conference with settlement authority, or should bring someone with settlement authority.

3.

On or before Friday, September 21, 2012, each party shall deliver to the opposing parties hard (paper) copies of the proposed trial exhibits of each party. The exhibits must be in notebooks with an index of the exhibits included. Each exhibit must be numbered separately. Plaintiff's exhibit numbers shall be preceded by the letter "P". Defendant's exhibit numbers shall be preceded by the letter "D". After review of the proposed exhibits, the parties are directed to mark any joint exhibits (an exhibit that will be used by both sides) prior to the pretrial conference. Joint exhibit numbers shall be preceded by the letter "J". Participants at the pretrial conference will be expected to be familiar with the proposed exhibits of all parties and should be prepared to make and respond to any objections to said exhibits.

Any exhibits not contained in the exhibit notebooks exchanged between the parties will not be allowed at trial unless otherwise ordered by the Court.

4.

On or before Friday, September 21, 2012, the parties shall submit a joint proposed pretrial order in substantially the same form as, and covering all the

matters referred to in, the attached proposed pretrial order form. The proposed pretrial order must be electronically mailed to the Court as an attachment in word processing format. Do not submit a PDF document. To e-mail the proposed pretrial order, go to the Court's website, select E-Filing and click on the hyperlink "Submit Proposed Order." The proposed pretrial order should be electronically mailed to the Valdosta Division clerk's office. The subject line of the e-mail must include the case number and case caption.

5.

On or before 12:00 p.m. (noon) on Friday, September 21, 2012, the parties shall electronically file with the Court:

    a.    A list of all witnesses who may be called at trial. Each party must include a brief summary of the testimony each witness is expected to provide. Any witnesses not identified on or before September 21, 2012 shall not be allowed unless otherwise ordered by the Court or unless the witness could not have reasonably been identified on or before the deadline.

    b.    A list of all depositions which may be used at trial. Any depositions not identified on or before September 21, 2012 shall not be allowed unless otherwise ordered by the Court.

    c.    All motions in limine. Any motion in limine not filed on or before September 21, 2012 shall not be allowed absent a showing that the motion could not reasonably have been filed on or before the deadline.

  d. A list of all pending motions or other matters which require a ruling from the Court. Any pending motions not so identified shall be deemed abandoned by the movant.

  e. A list of proposed voir dire questions for perspective jurors. Any voir dire questions not timely filed as required by this Order shall not be accepted unless otherwise ordered by the Court.

  f. Any objections to deposition testimony which need to be ruled on prior to trial. The objections should be identified by page and line number, and the specific objection should be set out and explained. The parties are instructed to attempt to resolve any objections to deposition testimony between themselves before requesting the Court's intervention.

  g. A proposed verdict form, including any special written interrogatories that the parties may wish to have addressed by the jury.

6.

Any responses to motions or other documents filed by the opposing parties must be filed electronically with the Court no later than 12:00 p.m. (noon) on Wednesday, September 26, 2012. Any responses or other documents filed after that time or on the day of the pretrial conference will not be considered by the Court.

Further, any objections as to the authenticity of exhibits must be made in writing and filed electronically with the Court no later than 12:00 p.m. (noon) on Wednesday, September 26, 2012. The objecting party must make specific

4

objections with reference to the applicable legal standard, and must also provide the Court with a copy of the exhibit at issue. Any authenticity objections not so raised shall be deemed waived.

7.

The parties are ordered to confer with regard to their proposed requests to charge. The charges the parties agree on should be submitted to the Court as joint charges, and should be filed electronically on or before September 21, 2012. Each proposed request must be on a separate page, double spaced, and numbered for identification. If there are jury charges the parties believe are appropriate but the opposing party will not agree to as a joint charge, those charges should be filed electronically on or before the same deadline and identified as Plaintiff's or Defendant's charges.

Any requests to charge the jury not timely filed as required by this Order shall not be accepted unless otherwise ordered by the Court.

8.

At the pretrial conference on October 2, 2012 each party shall:

a. Produce copies of all proposed exhibits of the party. Unless otherwise ordered by the Court, exhibits produced at the pretrial conference shall be presented in a notebook, with an index of the exhibits included. Exhibit notebooks must be brought to the pretrial conference for the Court and the Court's law clerk. Each party should bring to the pretrial conference the previously exchanged notebooks containing the opposing parties' exhibits. The

Court notes again that any exhibits that were not contained in the exhibit notebooks exchanged between the parties will not be allowed at trial unless otherwise ordered by the Court.

The parties are directed to bring an additional copy of their exhibit notebooks to the trial of the case for the use of the witnesses during trial.

b.  Respond to any objections as to authenticity of the exhibits.

c.  Make and respond to any objections to the exhibits not related to authenticity. Any objections to exhibits not made at the pretrial conference shall be deemed waived unless otherwise ordered by the Court or unless the objections could not have been known at the time of the pretrial conference.

d.  Make and respond to any objections to witnesses. Any objections to witnesses not made at the pretrial conference shall be deemed waived unless otherwise ordered by the Court or unless the objection could not have been known at the time of the pretrial conference.

e.  Make and respond to any objections to depositions or the contents thereof.  Any objections to depositions not made at the pretrial conference shall be deemed waived unless otherwise ordered by the Court or unless the objection could not be known at the time of the pretrial conference.

The parties may agree between themselves to take the deposition of any person for the preservation of evidence or for use at trial after the pretrial conference; however, the Court will not entertain any objections to the testimony

in such depositions and the scheduling of the depositions cannot interfere with the start of the trial.

      f.      Be prepared to argue any motion that is pending.


BY ORDER OF THE COURT, THIS 31ST DAY OF AUGUST, 2012.

                <u>/s/ Hugh Lawson</u>
                HUGH LAWSON, Judge
                United States District Court