IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S MOTION *IN LIMINE* TO LIMIT DEFENDANT'S USE OF PRIVILEGED AND UNFAIRLY PREJUDICIAL EVIDENCE

Pursuant to Fed. R. Evid. 402, 403, 404(a) and 501, Plaintiff Thomas Hayden Barnes ("Barnes") hereby moves *in limine* for an order limiting Defendant's use of testimony involving Barnes's privileged medical history that is only tangentially related to the remaining matters before the Court and that would be unfairly prejudicial.  Plaintiff also moves for an order barring Defendant's reference to the presumed medical conditions of other persons who are not connected to this case and whose medical histories are not part of the record.

### BACKGROUND

Following this Court's grant of summary judgment for Barnes on Count 2 of the Complaint (procedural due process), Order (Dkt. # 244) at 29-30, and the Eleventh Circuit's affirmance of that holding as a matter of law, *Barnes v. Zaccari*, 669 F.3d 1295, 1305 (11th Cir. 2012), "the only remaining issue in this case is

damages."  Order (Dkt. # 244) at 57.  As a consequence, the jury will be asked to weigh the evidence and render decisions on the extent of Plaintiff's (1) out-of-pocket losses resulting from the illegal expulsion; (2) his emotional anguish; and (3) whether the Defendant is liable for punitive damages.[1]

This Court allowed discovery of Barnes's mental health records because the Plaintiff's psychological history is part of the background of this case.  Order of May 7, 2009 (Dkt. # 77) at 4.  Even so, however, the Court denied Defendant's request for all of Barnes's medical records.  *Id*.  The parties entered a consent protective order, under which therapy notes and other materials were made available subject to confidential treatment.  Consent Protective Order, June 18, 2009 (Dkt. # 95).

Zaccari made extensive use of the materials provided pursuant to the protective order and conducted a wide-ranging inquiry into such matters as Barnes's religion, his political beliefs, reading habits, academic background, personal relationships, sexual practices, past drug use, employment history, and prescription drug history.  Zaccari used material gleaned in discovery to try to paint a picture of Barnes as unstable and dangerous.  *See*, *e.g*., Br. in Support of VSU Defendants' Mot. for Summary Judgment ("VSU Defs.' Mot.") (Dkt. # 177-

---

[1] After the jury weighs evidence on these issues and renders a verdict, the Defendant may choose reassert a qualified immunity defense in a post-trial motion for judgment as a matter of law.  *Barnes*, 669 F.3d at 1308.

2) at 3, 5, 6, 7, 18, 29.  And Zaccari made reference to materials outside the record in an attempt to draw a comparison between Barnes and Seung-Hui Cho, the shooter at Virginia Tech University. [2]

This motion *in limine* seeks an order to limit the Defendant's use at trial of privileged communications, as well as irrelevant, misleading, and prejudicial evidence.

## ARGUMENT

Plaintiff does not dispute that his therapeutic history is an inherent part of the background of this case.  However, the fact that his medical condition provides a backdrop for issues at trial does not mean that everything that Barnes discussed with therapists over the years is fair game in this trial on damages, which asks the jurors to decide more limited issues.  Barnes is seeking damages for emotional pain and mental anguish only, and not for medical damages.   Under these circumstances, breaching the psychotherapist-patient privilege is unwarranted. *See*, *e.g.*, *Jaffee v. Redmond*, 518 U.S. 1 (1996).

Even if medical damages had been placed at issue, Barnes's sessions with his counselors have touched on nearly every aspect of his life, and only a small

---

[2] *See* VSU Defs.' Mot. Exs. 3-5.  *See also* Memorandum of Law in Support of Plaintiff's Consolidated Opposition to Defendants' Motions for Summary Judgment (Dkt. # 224) at 1-7.  Counsel for Zaccari also opened his oral argument to the Eleventh Circuit by making reference to Cho and comparing him to the Plaintiff.

part of that will be relevant to whether he was harmed by the summary expulsion from VSU.  Fed. R. Evid. 402.  Even where information is arguably relevant, it should be barred where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.  Fed. R. Evid. 403.  Thus, using Barnes's therapeutic background to suggest unfavorable character traits plainly would be inadmissible.  Fed. R. Evid. 404(a).

Given the Defendant's past use of the Plaintiff's counseling background to argue that Barnes is dangerous *per se* because he has received treatment for anxiety and depression, this Court should carefully circumscribe what evidence may be presented to the jury to ensure relevance and avoid unfair prejudice.  Many of the same considerations that preclude the admissibility of a rape victim's past sexual history at trial support limiting the indiscriminate use of Barnes's counseling background against him in this case.  *Cf.* Fed. R. Evid. 412(a).

## I.   Barnes's Damage Claims Do Not Waive Psychotherapist-Patient Privilege

### A. Confidential Psychotherapy Information is Privileged

Under the law applicable to this case, "[t]he confidential relations and communications between a licensed psychologist and client are placed upon the same basis as those provided by law between attorney and client; and nothing in this chapter shall be construed to require any such privileged communication to be

disclosed."[3]  Privileged communications include "admissions and disclosures made in confidence and mental health professionals' conclusions that originated in communications between the patient and professional."  *Hancock v. Ecolab, Inc.*, 2007 U.S. Dist. LEXIS 19572, at *4 (M.D. Ga. Mar. 20, 2007).  "[A]s a matter of public policy, psychiatrist-patient communications are to be privileged and are to remain privileged even though the patient's care and treatment or the nature and extent of his injuries [have been put] at issue in any civil or criminal proceeding." *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999) (internal quotation marks, emphasis and citation omitted).

Although the facts of this case cannot be understood without reference to the Plaintiff's therapeutic background, it was the Defendant who placed this history at issue by alleging amorphous feelings of some kind of "threat."  The Plaintiff in this case has never asserted claims based on medical or psychiatric injury.  The Complaint asserted only constitutional, statutory, and contract claims based on Barnes's expulsion from VSU.  *See* Compl. ¶¶ 71-111 (asserting claims pursuant to 42 U.S.C. § 1983, First Amendment, the Fourteenth Amendment, the Americans

---

[3] *See* O.G.C.A. § 43-39-16.  Under Fed. R. Evid. 501, "the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."  *See Wright v. Arizona Chem. Co.*, 2009 U.S. Dist. LEXIS 106815, at *2 (M.D. Ga. Nov. 16, 2009).

With Disabilities Act, the Rehabilitation Act, and contract).   There has been no allegation of medical harm or intentional infliction of emotional distress.

The fact that the Defendant is alleging the Plaintiff's use of counseling services somehow justifies the breach of Plaintiff's right to Due Process does not give Defendant license to abrogate an established privilege.  *Jaffee*, 518 U.S. at 10 ("Effective psychotherapy . . . depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears.  Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace.").  The psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem.  "The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance."  *Id*. at 11.

At trial the Plaintiff will present testimony on the extent to which his expulsion from VSU harmed him emotionally.  In making this argument, Barnes will stipulate to a number of basic facts about his background:

- At age 15, Barnes was diagnosed as suffering from depression and anxiety and in the past has suffered from agoraphobia;

- At about that time, Barnes became a patient of Dr. Kevin Winders, a psychiatrist, who treated him for these conditions.  Dr. Winders has

6

maintained a professional relationship with Barnes over the years.[4] Barnes has also used other therapists during this time.

- Because of these conditions, Barnes received educational accommodations at VSU under the Americans With Disabilities Act, such as having a private dorm room and receiving additional time to take tests.

- Barnes also used the VSU Counseling Center as a student, and received counseling from Leah McMillian while he was a student.

These basic facts provide a background for understanding the context in which the claims arose and the damage claims at issue. But "mere relevance" is not enough to breach the applicable privilege. "The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress." *Stevenson v. Stanley Bostitch, Inc*., 201 F.R.D. 551, 553 (N.D. Ga. 2001) (collecting cases).

The Defendant cannot legitimately "force" the waiver of privilege by alleging the relevance of the Plaintiff's counseling background, as has occurred in this case. Where a party can show a legitimate need for the discovery of such information, Fed. R. Civ. P. 35(a) provides the appropriate mechanism. But obtaining an order for such an examination requires a showing that a party's medical condition has been placed "at issue," and this requirement is not met by a

---

[4] Dr. Winders will be a witness for the Plaintiff, but will not present testimony on medical or psychological damage caused by Zaccari. Rather, he will testify about his background with the patient and his involvement in the events that led to Barnes's expulsion from VSU.

claim for emotional distress. *Id*. In any event, the Defendant never requested such an examination, nor attempted to make the necessary showing, when the time was ripe. *Stevenson*, 201 F.R.D. at 554. It simply cannot be that the price of bringing suit to vindicate constitutional rights results in waiver of privilege where the Defendant hopes to make the Plaintiff's mental condition the centerpiece of his defense.[5]

Accordingly, the Plaintiff requests a ruling that all confidential medical information produced in discovery is inadmissible at trial. The Plaintiff will identify how this request applies in specific objections to the Defendant's proposed exhibits and deposition testimony.

## B. Confidential Psychotherapy Information is Unfairly Prejudicial

Even if the Court were to find the privilege to be inapplicable, details of the Plaintiff's medical history is still inadmissible at trial because it would be unfairly prejudicial. During discovery, the Defendant inquired extensively into Barnes's therapeutic background during discovery, including questions that probed virtually everything the Plaintiff discussed with his therapists during his adolescence and young adulthood. The questions touched on such matters as the Plaintiff's personal relationships, his sexual practices, his religion, his reading habits, past

---

[5] In this case, the Plaintiff took extensive steps to preserve privilege for this information by insisting on a protective order and filing pleadings with this Court under seal.

drug use, and a range of intensely personal matters.  Such details do not satisfy the

requirement for relevance under Fed. R. Evid. 401 because they have only a

passing connection – if any – to Barnes's damage claims. [6]

Even if everything contained in Barnes's therapeutic background might be

considered relevant, evidence on particular matters should nevertheless be

excluded if it is unfairly prejudicial or the potential to mislead the jury outweighs

its probative value.  Fed. R. Evid. 403 (Advisory Committee Note) ("[C]ertain

circumstances call for the exclusion of evidence which is of unquestioned

relevance. . . .  Situations in this area call for balancing the probative value and

need for the evidence against the harm likely to result from its admission.").  A

more liberal admissibility rule for bench trials does not apply for matters tried to a

jury.  *See Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th

Cir. 1999); *Barfield v. Orange County*, 911 F.2d 644, 650 (11th Cir. 1990).

Evidence will cause unfair prejudice where its admission would suggest a decision

"on an improper basis, which is commonly, though not necessarily, an emotional

one."  *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *Bohack Corp. v. Iowa*

---

[6] The proffered fact must be "of consequence in determining the action." Fed. R. Evid. 401(b).  Admissibility of background information regarding a witness is subject to the sound discretion of the Court.  However, where the background information constitutes evidence of specific instances of conduct relating to character, discretion will normally be exercised in favor of exclusion. Michael H. Graham, HANDBOOK OF FEDERAL EVIDENCE § 401:1 n.4 (2012).  *Cf. United States v. Solomon*, 686 F.2d 863, 872-74 (11th Cir. 1982).

*Beef Processors, Inc.*, 715 F.2d 703, 709-10.  (2d Cir. 1983) (relevant evidence may be excluded if it serves to inflame jury's passions).  Evidence on such personal matters should be excluded under Rule 403.  Moreover, where the evidence is of slight probative value, it is an abuse of discretion to admit it "if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Evidence of a party's psychiatric history should be excluded where its introduction would divert the attention away from the principal issues, confuse the jury, or inflame the juror's emotions.  *See*, *e.g*., *United States v. Sasso*, 59 F.3d 341, 347-48 (2d Cir. 1995); *United States v. Bari*, 750 F.2d 1169, 1178-79 (2d Cir. 1984).  Here, Barnes is not seeking a complete exclusion of his treatment history, and has stipulated to the principal factors that provide sufficient context for his claims.  Rather, the Plaintiff is seeking to exclude evidence only regarding particular details that the Defendant has shown a propensity to use in an effort to portray Barnes as "a bad person."  *United States v. Silverman*, 745 F.2d 1386, 1398-99 (11th Cir. 1984).  *See also United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989) ("Whatever probative value that Carlisle's participation in a prior covert operation had to this case, the admission of evidence regarding the details of those activities would only serve to impermissibly divert the jury's attention away from the basic charges in this indictment.").

Examples of details that should be excluded include any testimony or exhibits relating to Plaintiff's personal relationships,[7] his sexual practices,[8] his political views and reading habits,[9] his religion,[10] any past drug use, and any other details explored in his therapeutic background that are not directly relevant to this issue of damages.   *See Silverman*, 745 F.2d at 1398-99.  Barnes therefore respectfully requests that the Court issue an order limiting the use of such evidence.

As with the privilege claims, the Plaintiff will identify how this request applies in specific objections to the Defendant's proposed exhibits and deposition testimony.

---

[7] The Defendant inquired into Barnes's personal relationships in depositions. Such evidence would be unfairly prejudicial.  *E.g*., *Jones v. Swanson*, 341 F.3d 723, 735 (8th Cir. 2003).

[8] The Defendant inquired into such matters in depositions.  Admission of such evidence would be unfairly prejudicial.  *Id*.  *See also Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981).

[9] The Defendant inquired into Barnes's political views in depositions and has used such material in various arguments to the Court. Admission of such evidence is of no probative value and would mislead the jury.  *United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998); *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985).

[10] The Defendant inquired into such matters in depositions. Admission of such evidence would be unfairly prejudicial.  *Bird v. Glacier Elec. Coop., Inc*., 255 F.3d 1136, 1151 (9th Cir. 2001).

II.     **The Court Should Exclude Testimony About Barnes's Psychological Background Used to Try to Show He Is a Threat**

Throughout this case, the Defendant has attempted to use confidential counseling information to bolster his story that an "emergency" existed that justified the denial of Barnes's due process rights.  The Defendant has attempted to use discovery as an after-the-fact mechanism to gather information that he lacked at the time he decided to expel Plaintiff, and has pointed to matters going back to Barnes's adolescence as somehow confirming his fears in April and May 2007. Such material is irrelevant to the remaining issues in this case and it is extremely prejudicial.

Whether or not the Defendant may decide to renew his qualified immunity defense post-verdict this information is not relevant to the damages issues the jury will be called upon to decide.  More to the point, the only information that would even arguably be relevant to Zaccari's claim of an "emergency" would be specific information that he actually knew about Barnes *at the time of the expulsion decision*.  It is illegitimate to use discovery to try to prove up a case that he declined to construct at the time and to present that information to the jury.  If Zaccari had wanted to document his professed concerns, he should have held the hearing he denied Barnes in 2007.

Accordingly, none of the information on Barnes's therapeutic background that Zaccari obtained in discovery is admissible to support his defense that an "emergency" existed.

### III.   The Court Should Bar Evidence or Argument Attempting to Compare Barnes to Other Individuals

The Court should bar the use of evidence or argument by the Defendant that attempts to draw a comparison between Barnes and other individuals, such as Seung-Hui Cho, the shooter at Virginia Tech University.  The Defendant has made unsupported assertions that attempt to equate Barnes with others who have committed horrendous crimes for no reason other than the fact that Barnes made use of the VSU Counseling Center.  Such arguments attempt to rely on news reports and other material that is not in the record is unreliable, and highly inflammatory.  Reliance on such claims has no probative value and is simply calculated to inflame the jury.  Accordingly, the Court should disallow this tactic at trial.

### CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court issue an order limiting the Defendant's use at trial of privileged communications, as well as irrelevant, misleading, and prejudicial evidence, as set forth above.

Dated: September 21, 2012

Respectfully submitted,

___/s/Robert Corn-Revere_____
Robert Corn-Revere
Lisa Beth Zycherman
Erin Nedenia Reid
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com
lisazycherman@dwt.com
erinreid@dwt.com
(202) 973-4200

Cary Wiggins
Georgia Bar #757657
Wiggins Law Group
260 Peachtree Street, N.W.
Suite 401
Atlanta, GA  30303
cary@cywlaw.com
(404) 659-2880
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2012, I electronically filed the foregoing Motion *in Limine* to Limit Defendant's Use of Privileged and Unfairly Prejudicial Evidence with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<div style="margin-left: 40%;">

\_\_/s/Robert Corn-Revere_____

Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com

</div>