IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE THE PROFFERED TESTIMONY AND EXPERT REPORT OF DR. MATTHEW NORMAN**

Pursuant to Federal Rules of Evidence 402, 403, and 702, Plaintiff Thomas Hayden Barnes ("Barnes") hereby moves *in limine* for an order excluding the expert report, deposition testimony, and trial testimony of Dr. Matthew Norman ("Norman").

**BACKGROUND**

Prior to filing for summary judgment, the Plaintiff moved to exclude the expert report and testimony of Dr. Norman. (Dkt. # 164.) The Court granted summary judgment without resolving the motion, however, and dismissed it as moot. Order (Dkt. # 244) at 57. As the case now proceeds to trial on damages, the Defendant has listed Norman as a possible trial witness.

1

## **ARGUMENT**

Plaintiff hereby asks the Court to consider and decide its previous motion to exclude the Norman testimony. The issue is no longer moot to the extent the Defendant proposes to use his expert report or present his testimony to the jury. All of the arguments and legal analysis set forth in Plaintiff's Motion to Exclude Dr. Matthew Norman as an Expert Witness (Dkt. # 164) still apply.[1] In addition, Dr. Norman's report and testimony should be held to be inadmissible for the following reasons:

1. Nothing in Dr. Norman's report is relevant to the issue of damages that the jury will be asked to decide. Dr. Norman's qualifications and opinions are irrelevant to whether Barnes suffered emotional pain and mental anguish as a result of the deprivation of his constitutional rights.

2. Even if relevance could be established, Dr. Norman's opinion is unreliable under the requirements set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594-595 (1993). Dr. Norman never examined Barnes, did not review his video deposition, and would have no basis for understanding Barnes' emotions. Nothing in his proposed testimony would assist the jury in reaching a decision in this case.

3. The bulk of Dr. Norman's testimony is focused on generic predictions of dangerousness of an individual based on his reference to various treatises in the field and his review of Barnes' medical records. None of this is relevant to the issue of damages. Nor is it relevant to the question of whether Zaccari faced an "emergency" to the extent the Defendant seeks to renew his qualified immunity defense post-verdict.

4. Even if it were relevant, Dr. Norman's testimony is nothing more than speculation as to whether Zaccari reasonably perceived an emergency.

---

[1] Plaintiff also renews its request for fees and costs set forth in that motion. (Dkt. # 164) at 4-7.

As explained in Plaintiff's Motion in Limine to Limit Defendant's Use of Privileged and Unfairly Prejudicial Evidence, filed contemporaneously herewith, the only testimony that may be relevant to this question involves information that Zaccari specifically knew at the time he made the decision to deprive Barnes of his right to a hearing.  Dr. Norman's speculations made years after the fact, without consultation with any of the participants in the events at issue, falls far short of testimony that would assist the jury in its understanding of the facts.

This motion is being filed without the benefit of seeing Defendant's description of the proffered testimony.  Plaintiff therefore reserves the right to raise further objections once Zaccari discloses more information about Dr. Norman's proposed testimony.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this court enter an order excluding the expert report, deposition testimony, and trial testimony of Dr. Norman.

Dated: September 21, 2012

                      Respectfully submitted,

                      __/s/Robert Corn-Revere_____
                      Robert Corn-Revere
                      Lisa Beth Zycherman
                      Erin Nedenia Reid
                      Davis Wright Tremaine LLP
                      1919 Pennsylvania Avenue, N.W.
                      Suite 800
                      Washington, DC  20006-3401
                      bobcornrevere@dwt.com
                      lisazycherman@dwt.com

erinreid@dwt.com
(202) 973-4200


Cary Wiggins
Georgia Bar #757657
Wiggins Law Group
260 Peachtree Street, N.W.
Suite 401
Atlanta, GA  30303
cary@cywlaw.com
(404) 659-2880

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2012, I electronically filed the foregoing Motion *in Limine* to Exclude the Proffered Testimony and Expert Report of Dr. Matthew Norman with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        __/s/Robert Corn-Revere_____
        Robert Corn-Revere
        Davis Wright Tremaine LLP
        1919 Pennsylvania Avenue, N.W.
        Suite 800
        Washington, DC  20006-3401
        bobcornrevere@dwt.com