IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S MOTION *IN LIMINE* TO
ADOPT THIS COURT'S PRIOR FINDINGS
AS STATEMENT OF UNDISPUTED FACTS**

Plaintiff Thomas Hayden Barnes ("Barnes") hereby moves *in limine* for an order from this Court adopting the Court's prior findings of fact as the applicable statement of undisputed facts for purposes of the forthcoming trial on damages, and in support thereof states as follows:

**BACKGROUND**

Following discovery in this case, the parties submitted cross-motions for summary judgment. Each party submitted a statement of undisputed facts in support of its motion. (*See* Dkt. # 179-1, Pl.'s Statement of Material Undisputed Facts, attached hereto as Exhibit A; Dkt. # 177-1, Def.'s Statement of Material Undisputed Facts, attached hereto as Exhibit B.) Plaintiff submitted a chart cross-referencing and comparing those statements of undisputed facts with his reply brief

1

in support of summary judgment. (*See* Dkt. # 234-2, Pl.'s Chart Comparing Parties' Statement of Material Undisputed Facts, attached hereto as Exhibit C; *see also* Dkt. # 216-13, Def.'s Response to Pl.'s Statement of Material Undisputed Facts, attached hereto as Exhibit D.) The chart illustrated where the parties' respective statements indicated agreement with Plaintiff's statement of material undisputed facts.

On September 3, 2010, the Court granted summary judgment for Barnes on Count 4 of the Complaint, holding that Defendant Zaccari violated Plaintiff's right to procedural due process. (Dkt. # 244, Order on Summary Judgment at 44-46.) It found that longstanding decisions clearly established that a college student facing expulsion must be afforded pre-deprivation notice and a hearing under the Fourteenth Amendment. (*Id.* at 44.) The Court rejected as "disingenuous" Zaccari's qualified immunity defense based on the claim he was merely following legal advice. (*Id.* at 45.)

The Court made extensive findings of fact in support of its order based on the voluminous evidence of record. (*Id.* at 1-20.) In particular, the Court's findings of fact largely adopted Plaintiff's proposed statement of material undisputed facts.

## ARGUMENT

This Court's August 31, 2012 Order setting forth pretrial procedures requires the parties to confer and prepare a joint Proposed Pretrial Order. (Dkt. # 289.) Item fourteen on the Court's form Proposed Pretrial Order requires the parties to submit as Exhibit A, "All material undisputed facts established by the pleadings, depositions, or admission of the parties," to be "submitted to the jury at the beginning of trial." (*Id.*)

In conformance with the Court's order, Plaintiff provided Defendant with a draft statement of material undisputed facts, relying on the Court's factual findings in the Summary Judgment Order. In response, Defendant provided a revised statement of material undisputed facts, which eliminated nearly all of the factual statements contained in Plaintiff's draft. (*See* Redline Comparison Document Comparing Pl.'s and Def.'s Draft Statements of Material Undisputed Facts for Trial, attached hereto as Exhibit E.)

The parties have conferred on their disparate draft factual statements and have been unable to resolve their wholly different views of the undisputed facts of this case. Consequently, the parties are unable to submit a joint statement of material undisputed facts as required by this Court's order.

The Court's prior ruling on Summary Judgment has established the material facts relevant to this proceeding. Those facts are robust and will provide the jury

with a useful and sufficient factual background upon which to rely when making its decision on damages. "The findings of fact and conclusions of law made by the Court in connection with its ruling on the parties' cross-motions for summary judgment are binding on the trial of damages in these proceedings." *Validsa, Inc. v. PDVSA Servs. Inc.*, 2010 WL 411019 (S.D. Fla. Jan. 29, 2010); *see also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1313 (11th Cir. 2000) (under the law-of-the-case doctrine, the resolution of an issue decided at one stage of a case is binding at later stages of the same case).[1] Defendant's attempt to limit this Court's factual findings to suit his litigation strategy should be denied. Instead, Plaintiff respectfully requests that this Court adopt the factual findings set forth in the Order on Summary Judgment for submission to the jury at the beginning of trial.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court adopt the Court's prior findings of fact as the applicable statement of undisputed facts for purposes of the forthcoming trial on damages.

---

[1] Moreover, the Court's factual findings on Summary Judgment were affirmed by the Eleventh Circuit, and are thus now the "law of the case." *United States v. Burns*, 662 F.2d 1378, 1384 (11th Cir. 1981) ("law of the case" doctrine is "the rule under which the trial court and appellate courts are bound by any findings of fact or conclusions of law made by the appellate courts in a prior appeal of the case at issue"). The doctrine has been extended by case law to further bar relitigation of all factors impliedly disposed of in the prior appeal, *Gulf Coast Bldg. & Supply Co. v. International Bhd. of Elec. Workers*, 460 F.2d 105 (5th Cir. 1972), and of all matters decided in the prior appeal by "necessary implication." *Terrell v. Household Goods Carriers' Bureau*, 494 F.2d 16 (5th Cir. 1974).

Dated: September 21, 2012

        Respectfully submitted,

          /s/Robert Corn-Revere
        Robert Corn-Revere
        Lisa Beth Zycherman
        Erin Nedenia Reid
        Davis Wright Tremaine LLP
        1919 Pennsylvania Avenue, N.W.
        Suite 800
        Washington, DC  20006-3401
        bobcornrevere@dwt.com
        lisazycherman@dwt.com
        erinreid@dwt.com
        (202) 973-4200


        Cary Wiggins
        Georgia Bar #757657
        Wiggins Law Group
        260 Peachtree Street, N.W.
        Suite 401
        Atlanta, GA  30303
        cary@cywlaw.com
        (404) 659-2880

        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2012, I electronically filed the foregoing Motion *In Limine* to Adopt this Court's Prior Findings as Statement of Undisputed Facts with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    /s/Robert Corn-Revere
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com