IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S MOTION *IN LIMINE* TO PERMIT
## EXPERT REBUTTAL TESTIMONY OF
## PROFESSOR ROBERT M. O'NEIL

Plaintiff Thomas Hayden Barnes ("Barnes") hereby moves *in limine* for permission to present expert testimony by Professor Robert M. O'Neil for the limited purpose of rebutting Defendant's defenses that an emergency existed and that a reasonable university president would have rescinded a student's right to a pre-expulsion hearing or that post-deprivation remedies were sufficient under the facts of this case.

## BACKGROUND

During discovery, the Plaintiff identified Professor Robert M. O'Neil as an expert witness and provided the Defendant with his Expert Report. Pl.'s Supplement to Initial Disclosures (Dkt. # 80); Expert Report of Robert M. O'Neil ("Prof. O'Neil Expert Report") (attached hereto as Exhibit A). The Report

1

identified the proposed opinions to be expressed would include "the substantive basis for the administrative action taken by President Ronald Zaccari that is the subject of this lawsuit, and the other regarding procedures that would normally accompany such action," as well as "the process by which . . . the Thomas Jefferson Center annually confers Jefferson Muzzles, including the specific process that led to the awarding in April, 2008, of a Jefferson Muzzle to President Ronald Zaccari of Valdosta State University." Prof. O'Neil Expert Report at 4. Defendant deposed Professor O'Neil on July 22, 2009.

The Defendant moved to exclude Professor O'Neil's testimony. Br. in Support of Defs.' Mot. to Exclude Expert Reports and Testimony of Gregory M. Lukianoff and Robert M. O'Neil (Dkt. # 142-1) at 7-9. This Court granted the motion to exclude the proffered testimony on "(1) the recognized standards and principles in the regulation of student expression in American public higher education, and (2) the significance of the Jefferson Muzzle Award that the TJC awarded to Zaccari in 2008." Order (Dkt. # 156) at 6-7. It found that testimony on the recognized standards and principles in the regulation of student expression in American public higher education "is not necessary because it is not beyond the understanding of the average lay person and will not help the trier of fact," and that

testimony on the Muzzle Award "would not aid the jury in this matter." [1]   Order (Dkt. # 156) at 6-7.

The Court subsequently granted in part and denied in part the respective parties' cross-motions for summary judgment.  Order (Dkt. # 244).  Relevant to the instant motion, the Court denied Plaintiff's First Amendment retaliation claim on the theory that the Complaint alleged only a conspiracy, and finding that "Zaccari acted alone in making the decision to administratively withdraw Barnes."[2] However, the Court granted summary judgment for the Plaintiff on his procedural due process claim, rejecting Zaccari's qualified immunity defense.  *Id*. at 44-46.  It then concluded "the only remaining issue in this case is damages."  *Id*. at 57.

Zaccari filed an interlocutory appeal on the issue of qualified immunity, but the Eleventh Circuit affirmed this Court's holding on procedural due process because "no tenet of constitutional law is more clearly established than the rule that a property interest in continued enrollment in a state school is an important

---

[1] Following this order, Plaintiff sought clarification of whether Professor O'Neil's testimony also would be excluded on whether a reasonable university president would perceive a risk from the plaintiff's speech activities.  Pl.'s Mot. for Clarification (Dkt. # 158) at 3.  The court clarified that such testimony would not aid the jury.  Order (Dkt. # 160) at 2-3.

[2] Order (Dkt. # 244) at 43.  Plaintiff disputes the Court's finding that the Complaint does not contain a standalone retaliation claim against Zaccari, as well as certain other findings, but there has been no final order in the case, so the time for appeal of these issues has not yet come.  28 U.S.C. § 1291.

entitlement protected by the Due Process Clause of the Fourteenth Amendment."

*Barnes v. Zaccari*, 669 F.3d 1295, 1305 (11th Cir. 2012).  However, the Court also

noted that Zaccari may choose to reassert his qualified immunity defense on

remand in a motion for judgment as a matter of law after the verdict.  *Id*. at 1308.

Such a motion may be based on the jury's answers to special verdicts or written

interrogatories.  *Id*.

## ARGUMENT

Expert testimony from Professor O'Neil will not be needed if, as this Court

previously found, "the only remaining issue in this case is damages."  Order (Dkt.

# 244) at 57.  Accordingly, Plaintiff is not asking the Court for permission to

present Professor O'Neil's testimony as part of his direct case.  However, if

Zaccari decides to seek a post-verdict ruling on qualified immunity and his trial

testimony is directed toward supporting that ultimate defense, it will raise

questions such as what conditions constitute an "emergency" under school

disciplinary policies, and whether the circumstances of this case might justify

dispensing with pre-deprivation remedies.  It may also present the question of

whether the improvised post-deprivation process that was employed in this case

provided adequate due process protection in the judgment of an experienced

university president.  Defendant's decision to revive his qualified immunity

argument would open the door to the need for qualified expert testimony.  *United*

*States v. Frazier*, 387 F.3d 1244, 1270 (11th Cir. 2004). As a consequence, Plaintiff is asking the Court to allow Professor O'Neil to testify as a possible rebuttal witness.

## I.   Professor O'Neil Should be Admitted as a Potential Rebuttal Witness Pursuant to Federal Rule of Evidence 702

For this limited purpose, Professor O'Neil's rebuttal testimony would satisfy the requirements of Fed. R. Evid. 702. Under the rule, expert testimony is admissible if: (1) the witness offering the testimony has knowledge, skill, experience, training, or education that qualifies the witness as an expert; (2) the witness's opinions are reliable; and (3) the opinions will assist the trier of fact. *Frazier*, 387 F.3d at 1260; *Allmond v. Akal Sec., Inc.*, 2007 WL 988757, at *1 (M.D. Ga. Mar. 29, 2007). Professor O'Neil clearly satisfies all three criteria.

### A.   Professor O'Neil is Qualified to Offer an Expert Opinion

There is no doubt that Professor O'Neil is qualified to offer an expert opinion on the relevant facts underlying the due process issue if Zaccari chooses to renew (for the fourth time) his qualified immunity defense. [3] Rule 702 provides that expert status may be based on "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. In this connection, Professor O'Neil's background

---

[3] The District Court twice rejected Zaccari's qualified immunity argument (Dkt. # 37 at 24-25; Dkt. # 244 at 45-46), and the Eleventh Circuit denied Zaccari's qualified immunity argument on interlocutory appeal. *Barnes*, 669 F.3d at 1308.

as a former university president and college administrator uniquely qualify him to offer an opinion on the issues in this case. [4]  Of particular relevance to this case, Professor O'Neil also has served as Chair of the Committee on Academic Freedom of the American Association of University Professors, a position in which he was called upon to evaluate the sufficiency of various universities' disciplinary procedures.  *See*, *e.g.*, Deposition of Professor Robert M. O'Neil ("O'Neil Dep.") 99:6-102:21. These qualifications clearly correspond to the testimony Professor O'Neil might be called upon to provide. *Allmond*, 2007 WL 988757, at *2.

### A. Professor O'Neil's Opinions Are Reliable

In evaluating non-scientific expert testimony, an expert's opinion will be considered reliable to the extent he or she explains how their experience leads to the conclusion reached, why the experience provides a sufficient basis for the opinion, and how that experience is reliably applied to the facts. *Id*. at *3.  In this case, Professor O'Neil formed his opinions after reviewing the expulsion notice, Defendant Zaccari's June 21, 2007 letter to the Board of Regents defending his actions, the VSU Student Code of Conduct, the VSU Undergraduate Catalogue, Board of Regents Policies 1900-1905, the Complaint filed in this case, Judge

---

[4] Professor O'Neil previously served as President of the University of Virginia (1985-90), President of the University of Wisconsin System (1980-85), Vice President of the University of Indiana at Bloomington (1975-80), and Provost and Executive Vice President for Academic Affairs at the University of Cincinnati (1972-75).  Ex. A, Prof. O'Neil Expert Report, Attach. 1 (curriculum vitae).

Pannell's November 19, 2008 Order (Dkt. # 37), and relevant deposition transcripts.  Prof. O'Neil Expert Report at 14-15.  At his deposition, Professor O'Neil explained how he applied his expertise and experience to reach his expert conclusions specifically on the due process questions that would arise if Zaccari reasserts his qualified immunity defense with respect to the remaining issues in this case.  *See* O'Neil Dep. 78:5-106:1.  Such testimony is reliable under applicable precedent.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.").

## B. Professor O'Neil's Opinion Would Assist the Finder of Fact

Finally, Professor O'Neil's testimony should be admitted because his specialized knowledge will help the trier of fact understand the evidence or to determine a fact in issue.  Fed. R. Evid. 702(a).  Under this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding and experience of the average lay person.  *Frazier*, 387 F.3d at 1263-64.  It must provide something more than what lawyers for the parties can argue in closing arguments.  *Id*.  In this regard, Professor O'Neil's proffered testimony would help the jury understand the facts to the extent Zaccari offers a renewed qualified immunity defense.

Plaintiff acknowledges that Judge Pannell decided earlier to exclude Professor O'Neil's testimony as to whether "the plaintiff's First Amendment rights were protected and then violated by the defendants" after concluding that such matters were not beyond the understanding of the average lay person and that the testimony would provide no more than what lawyers for the parties could present in closing arguments." Order (Dkt. # 156) at 7-8. However, the First Amendment question at issue in that motion is no longer part of the case at this stage of the proceedings. The question here is whether Professor O'Neil's expert testimony would aid the finder of fact on rebuttal if Defendant Zaccari reasserts his qualified immunity defense on the issue of due process. Unlike the First Amendment issue for which the Court rejected expert testimony, the issue on rebuttal does not involve testimony on an ultimate issue of law. Rather, it would assist the jury in evaluating the factual predicates underlying certain defenses.

The purpose of rebuttal testimony is that when one party "has opened the door to a line of testimony by presenting evidence thereon, he cannot object to [the other side's] accepting the challenge and attempting to rebut the proposition asserted." *Frazier*, 387 F.3d at 1270 (quoting *United States v. Hall*, 653 F.2d 1002, 1006 (5th Cir. 1981)). In this case, any attempt by Zaccari to lay an evidentiary foundation for an argument that an emergency existed and that the only reasonable course available was to rescind Barnes's right to a pre-expulsion

8

hearing clearly would open the door for expert rebuttal testimony. *Id.* ("Frazier plainly opened the door for the government to offer reliable evidence that could help explain the significance of [the asserted defense.]").

In this case, the Eleventh Circuit noted that Zaccari may reassert his qualified immunity defense in a motion for judgment as a matter of law after the verdict, and that the district court may use a special verdict or written interrogatories to determine disputed facts and the reasonable inferences to be drawn from those facts. *Barnes*, 669 F.3d at 1308. If this defense argument is made, it would help the jury understand and evaluate the facts if it had something more to go on than the Defendant's isolated claims that an emergency existed and that no feasible alternatives existed except summary expulsion without an advance hearing. Expert testimony by another former university president would materially assist the jury understand the record. *See Allmond*, 2007 WL 988757, at *3 ("[E]xpert testimony is admissible if it will simply assist the trier of fact to understand the facts already in the record, even if all it does is put those facts in context.")) (quoting 4 Joseph M. McGlaughlin, et al., WEINSTEIN'S FEDERAL EVIDENCE § 702.03[1] (2d ed. 2007)).

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court allow Professor Robert M. O'Neil to provide expert testimony on rebuttal if the

Defendant presents evidence at trial in support of a renewed qualified immunity defense.

Dated: September 21, 2012

Respectfully submitted,

<u>     /s/Robert Corn-Revere          </u>
Robert Corn-Revere
Lisa Beth Zycherman
Erin Nedenia Reid
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com
lisazycherman@dwt.com
erinreid@dwt.com
(202) 973-4200


Cary Wiggins
Georgia Bar #757657
Wiggins Law Group
260 Peachtree Street, N.W.
Suite 401
Atlanta, GA  30303
cary@cywlaw.com
(404) 659-2880

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2012, I electronically filed the foregoing Motion *In Limine* to Permit Expert Rebuttal Testimony of Professor Robert M. O'Neil with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>    /s/Robert Corn-Revere            </u>
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com