IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY

Should it be offered into evidence, the Plaintiff objects to the following deposition testimony being presented to the jury:

### Objections to Testimony in Hayden Barnes Deposition

| Pages/Lines | Objections |
|---|---|
| 16:7-18:1<br>110:22-111:5 | Testimony regarding the Plaintiff's medications is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 18:5-21:24<br>27:6-35:15<br>210:20-22<br>265:7-18 | Testimony regarding the Plaintiff's alleged drug use and sexual behavior is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children &* |

1

| Pages/Lines | Objections |
|---|---|
| 266:14-268:5 | *Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 36:6-38:25 | Testimony regarding a false accusation of sexual assault against the Plaintiff is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). |
| 39:13-40:20 | Testimony regarding the Plaintiff's prior litigation experience is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 49:2-16<br>49:17-50:19 | Testimony regarding publicity, benefits to or the actions of the Foundation for Individual Rights in Higher Education ("FIRE") is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, Barnes lacks personal knowledge as to the actions of FIRE. Fed. R. Evid. 602; *U.S. v. Spellissy*, 374 F. App'x 898, 900 (11th Cir. 2010). |
| 50:20-53:13 | Testimony regarding Plaintiff's contact with Bob O'Neil and the ACLU is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
| 53:14-54:5<br>111:6-133:10 | Testimony regarding Plaintiff's review of the complaint is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 57:8-12 | Testimony regarding Plaintiff's academic performance at Warren Wilson College is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 61:9-87:1 | The probative value of testimony regarding Plaintiff's general therapy history is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 64:1-22<br>92:4-94:20 | The probative value of testimony regarding whether Plaintiff ever suffered suicidal thoughts is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Even if the testimony sought were not unfairly prejudicial, the testimony should be excluded because it assumes facts not in evidence. Fed. R. 611 (a). |
| 80:2-9 | The form of the questions regarding the rationale behind Plaintiff's decision to discontinue therapy at the Grove clinic is objectionable as ambiguous because it cannot be understood and the probative value of the question is substantially outweighed by its danger of misleading the jury. Fed. R. Evid. 611 (a); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1979). Plaintiff also objects to this question as a compound question as it contains two or more questions. Fed. R. Evid. 611 (a); *U.S. v. Cohen*, 583 F.2d 1030 (8th Cir. 1978). |
| 82:6-18 | Testimony regarding Plaintiff's knowledge of possible contacts between Dr. Rosentine and Dr. Winders should be excluded because Plaintiff lacks personal knowledge of the relationship. Fed. R. Evid. 602; *U.S. v. Spellissy*, 374 F. App'x 898, 900 (11th Cir. 2010). |

3

| Pages/Lines | Objections |
|---|---|
| 91:8-21 | Testimony regarding Plaintiff's frustrations with his mother's involvement in events is impermissible as it assumes facts not in evidence. Fed. R. Evid 611 (a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Plaintiff also objects to the form of the question as ambiguous because it cannot be understood and the probative value of the question is substantially outweighed by its danger of misleading the jury. Fed. R. Evid. 611 (a); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1979). Plaintiff also objects to this question as a compound question as it contains two or more questions. Fed. R. Evid. 611 (a); *U.S. v. Cohen*, 583 F.2d 1030 (8th Cir. 1978). |
| 133:11-139:10 | Testimony regarding Plaintiff's enrollment at VSU in 2005 is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 141:20-25 | Plaintiff objects to the form of the question regarding the Fox News video shot at VSU as argumentative. Fed R. Evid. 611(a); *U.S. v. Cash*, 499 F.2d 26, 29 (9th Cir. 1974). |
| 142:1-150:18 | Testimony regarding the uses of the Free Speech Zone at VSU is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff objects to the form of the question as argumentative. Fed. R. Evid. 611(a); *U.S. v. Cash*, 499 F.2d 26, 29 (9th Cir. 1974). |
| 156:1-6 | Testimony regarding Plaintiff's support for the parking deck proposal is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff also objects to this question on the grounds that it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). |
| 163:13-164:24 | Testimony regarding Plaintiff despising authority is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
| 166:1-177:18 | Testimony regarding the Plaintiff's letter to his therapist, Leah McMillan, about despising authority and describing what Plaintiff viewed as his addictive personality and Plaintiff's political beliefs is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 181:7-182:12 | Testimony regarding the complaint's characterization of the withdrawal notice language is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff also objects to the form of the question as being argumentative. Fed R. Evid. 611(a); *U.S. v. Cash*, 499 F.2d 26, 29 (9th Cir. 1974). |
| 184:15-185:12 | Testimony regarding the complaint's references to the term "expulsion" is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff also objects to the form of the question as being argumentative. Fed. R. Evid. 611(a); *U.S. v. Cash*, 499 F.2d 26, 29 (9th Cir. 1974). |
| 185:13-188:8 | Testimony regarding the Plaintiff's beliefs as to whether he was given due process is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010); Plaintiff also objects to the form of the question as being argumentative. Fed R. Evid. 611(a); *U.S. v. Cash*, 499 F.2d 26, 29 (9th Cir. 1974). |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
| 189:17-191:4 | Testimony regarding the use of the word "memorial" in the collage is impermissible as it seeks facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff objects to the form of the question on the grounds that it is argumentative. Fed R. Evid. 611(a); *U.S. v. Cash*, 499 F.2d 26, 29 (9th Cir. 1974). Plaintiff also objects to testimony regarding the use of the word "memorial" as it calls for expert conclusion from a lay witness. Fed. R. Evid. 701 (c). |
| 192:14-193:24<br>195:25-199:20<br>200:11-202:24 | Testimony regarding allegations in the Complaint that individual defendants conspired against Barnes is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 199:21-200:10 | Testimony regarding with whom Plaintiff conversed during break is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 205:22-206:17 | Testimony regarding Plaintiff's knowledge of what Ms. McMillan knows about him is impermissible as it is overly broad. Fed. R. Evid. 403. The testimony is also inadmissible as it calls for speculation. Fed. R. Evid. 611(a). Plaintiff also objects to the form of the question as ambiguous because it cannot be understood and the probative value of the question is substantially outweighed by its danger of misleading the jury. Fed. R. Evid. 611 (a); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1979). |
| 212:14-219:13 | Testimony regarding LaVerne Gaskins is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 226:25-227:22 | Testimony regarding housing accommodations received by Plaintiff is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |

| Pages/Lines | Objections |
|---|---|
| 219:14-222:22 | Testimony regarding Plaintiff's academic record is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |

**Objections to Testimony in LaVerne Gaskins Deposition**

| Pages/Lines | Objections |
|---|---|
| 30:25-31:7 | Testimony regarding Barnes' attendance at therapeutic sessions is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if the testimony sought were relevant, the testimony is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611 (a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). |
| 38:11-39:8<br>41:13-42:11 | Testimony regarding Zaccari's fear for his safety is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if the testimony sought were relevant, the testimony is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Gaskins' statements regarding Zaccari's fear are inadmissible as hearsay. Fed. R. Evid. 802. |
| 41:4-7<br>121:11-127:15 | Testimony regarding the Plaintiff's medications is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |

| Pages/Lines | Objections |
|---|---|
| 41:8-11<br>121:1-127:16 | Testimony regarding an ad on an article Plaintiff posted on his Facebook page is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 58:23-59:3 | Testimony regarding Zaccari's fear of Barnes is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Gaskins' testimony regarding Zaccari's fear of Barnes are inadmissible as hearsay. Fed. R. Evid. 802. |
| 67:18-21 | Testimony regarding Barnes' impacting Zaccari's ability to function is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such testimony is inadmissible as it calls for speculation. Fed. R. Evid. 611(a). |
| 91:5-9 | Testimony regarding what Dr. Zaccari told Gaskins concerning his conversations with Hayden's therapist is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Gaskins' testimony regarding what Dr. Zaccari told her about his conversations with Hayden's therapist is inadmissible as hearsay. Fed. R. Evid. 802. |
| 115:10-116:24 | Testimony regarding prior litigation by Barnes is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 121:11-127:15 | Testimony regarding the shooting at Virginia Tech is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
| 127:18-131:10 | Testimony regarding the Salon.com article posted by Barnes on his Facebook page is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 159:14-161:4 | Testimony regarding the Risk Management Task Force article posted by Barnes on his Facebook page is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |

### Objections to Testimony in Leah McMillan Deposition

| Pages/Lines | Objections |
|---|---|
| 29:6-19<br>110:4-11<br>179:20- 180:3<br>237:15-23 | Testimony regarding the Plaintiff's adolescent self-injury is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, therapist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |

| Pages/Lines | Objections |
|---|---|
| 38:23-25<br>39:7-9<br>56:8-12<br>101:25-102:1<br>102:22-105:20<br>107:6<br>111:21-22<br>123:11-16<br>124:2-13<br>124:25-125:1<br>167:1-4.<br>206:8-207:8<br>211:15-18<br>219:21-220:9 | Testimony regarding the Plaintiff's medications is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose,* 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, therapist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 40:18-21<br>116:17 | Testimony regarding the Plaintiff's adolescent self-injury is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, therapist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 90:12 | Testimony regarding Plaintiff's mother seeing a therapist is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). As a matter of public policy, therapist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
| 90:20-23 | Testimony regarding Plaintiff's relationship with his girlfriend is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). As a matter of public policy, therapist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 203:12-206:4 | Testimony regarding Plaintiff's communications with his therapist is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). As a matter of public policy, therapist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 228:3-229:20 | Testimony comparing Plaintiff to Seung-Hui Cho is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 231:17-232:7 | Testimony regarding Plaintiff's deposition testimony pertaining to prostitutes, marijuana and same-sex interest is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
| 233:1-234:13 | Testimony regarding the use of the word "memorial" in the collage is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff objects to the form of the question on the grounds that it calls for an expert conclusion by a lay witness. Fed. R. Evid. 701(c). |
| 235:3-22 | Testimony regarding Plaintiff being "let go" from SGMC is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff objects to the form of the question on the grounds that it calls for an expert conclusion by a lay witness. Fed. R. Evid. 701(c). |
| 237:16-18 | Testimony regarding drug use is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, therapist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |

**Objections to Testimony in Kelly Burke Deposition**

| Pages/Lines | Objections |
|---|---|
| 13:4-14:9 | Testimony regarding head injuries suffered by the Plaintiff is irrelevant to |

12

| Pages/Lines | Objections |
|---|---|
| | the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 15:7-16 | Testimony regarding Plaintiff physically injuring himself as a child is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 15:17-17:2 | Testimony regarding Plaintiff's rebellious moments as a child is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 18:4-8<br>19:7-19:25 | Testimony regarding Plaintiff's academic difficulties is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 20:22-27:9<br>33:11-20 | Testimony regarding disciplinary infractions received by Plaintiff while enrolled at Benedictine Military Academy is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). The testimony is also inadmissible as it calls for speculation. Fed. R. Evid. 611(a). |
| 27:10-28:9 | Testimony regarding the decision for Plaintiff to leave Benedictine Military Academy is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 31:19<br>33:5-6 | Testimony regarding medication taken by Plaintiff is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of |

DWT 20400566v1 0050062-082088