| Pages/Lines | Objections |
|---|---|
|  | due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 34:9-35:24 | Testimony regarding medical doctors seen by the Plaintiff other than Dr. Kevin Winders is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 36:7-39:2 | Testimony regarding purported "suicide note" by Plaintiff as an adolescent is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). The testimony sought should also be excluded because it is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 41:16-42:8 | Testimony regarding a false accusation of sexual assault against the Plaintiff is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). |
| 42:9-42:20 | Testimony regarding Plaintiff's academic performance is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 44: 17-47:9 | Testimony regarding Plaintiff's panic attacks is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
|  | 792 (11th Cir. 1999). |
| 47:10-47:18 | Testimony regarding Plaintiff's hospitalizations is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 49:3-51:12 | Testimony regarding the May 17, 2004 letter written by Kelly Burke to Dr. Kevin Winders is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). |
| 51:6-15 | Testimony regarding the May 17, 2004 letter written by Kelly Burke to Dr. Kevin Winders is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Plaintiff objects to the form of this question as a compound question as it contains two or more questions. Fed. R. Evid. 611(a); *U.S. v. Cohen*, 583 F.2d 1030 (8th Cir. 1978). |
| 52:16-53:21 | Testimony regarding Plaintiff's need for assistance to perform in an academic setting is impermissible because it calls for an expert conclusion by a lay witness. Fed. R. Evid. 701(c). |
| 53:23-54:13 | Testimony regarding Kelly Burke's work with students with disabilities is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 57:15-58:10 | Testimony regarding the supposed loss of Plaintiff's EMT position is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
|  | testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 64:21-65:24 | Testimony regarding Plaintiff's appeal to the Board of Regents is impermissible because it calls for a legal conclusion. Fed. R. Evid. 704. |
| 67:7-68:5 | Plaintiff objects to the form of the question as a compound question as it contains two or more questions. Fed. R. Evid. 611 (a); *U.S. v. Cohen*, 583 F.2d 1030 (8th Cir. 1978). |
| 69:12-69:14 | Testimony regarding calls to President Zaccari's house is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 70:22-71:10 | Plaintiff objects to the form of the question as ambiguous because it cannot be understood and the probative value of the question is substantially outweighed by its danger of misleading the jury. Fed. R. Evid. 611(a); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1979) |
| 74:6-75:8 | Testimony regarding marijuana use by the Plaintiff is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). The testimony sought should also be excluded because it is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 75:10-76:13 | Testimony regarding drug testing is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
| 77:12-78:11 | Testimony regarding the Plaintiff suffering from paranoia and despising authority is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 81:5-89:6 | Testimony regarding the Plaintiff's letter to Leah McMillan is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 84:21-85:19 | Testimony regarding the Plaintiff's suspension for distributing unauthorized literature is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, it is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). The testimony sought should also be excluded because it is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 86:5-86:14<br>92:18-93:20<br>127:24-130:8 | Testimony regarding disciplinary actions at Savannah Arts Academy is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 86:15-87:23 | Testimony regarding Plaintiff despising authority is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 87:24-89:6 | Testimony regarding whether the Plaintiff has anarchist tendencies is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 |

| Pages/Lines | Objections |
|---|---|
| | F.3d 726, 732 (11th Cir. 2010). |
| 93:21-94:13 | Testimony regarding Zaccari's perception of Hayden is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff also objects to the testimony on the grounds that it calls for speculation. Fed. R. Evid. 611(a). |
| 102:24-108:8<br>109:10-21<br>110:10-112:18 | Testimony regarding McMillan's actions is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). |
| 105:18-20 | Testimony regarding Zaccari's disappointment with McMillan is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). |
| 120:3 | Testimony regarding McMillan's obligations to Major Farmer is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). |
| 139:8-140:3 | The form of the question regarding any other testimony is objectionable as ambiguous because it cannot be understood and the probative value of the question is substantially outweighed by its danger of misleading the jury. Fed. R. Evid. 611(a); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1979). |

### Objections to Testimony in Dr. Kevin Winders Deposition

| Pages/Lines | Objections |
|---|---|
| 7:22-7:25 | Testimony regarding Dr. Winder's prior litigation experience is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 9:19-12:18 | Communications between Dr. Winders and Plaintiff's legal team are protected by the Attorney-Work Product doctrine. Fed. R. Evid. 502. |
| 19:8-22:23 | The testimony sought is impermissible because it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-1032 (9th Cir. 2007). Testimony regarding the "suicide note" is also irrelevant |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
| | to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). In addition, Dr. Winder's testimony regarding the "suicide note" is inadmissible as hearsay. Fed. R. Evid. 802. |
| 26:11-26:18<br>27:12-28:4<br>32:17-23<br>33:11<br>38:20-23<br>49:20-23<br>50:13-51:6<br>76:8 | Testimony regarding the Plaintiff's medications is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 31:10-34:8 | The testimony sought regarding a May 2004 panic attack is impermissible because it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-1032 (9th Cir. 2007). The testimony sought regarding the panic attack is also irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). In addition, Dr. Winder's testimony regarding the "panic attacks" is inadmissible as hearsay. Fed. R. Evid. 802. |
| 34:9-34:25 | Testimony regarding the Plaintiff's alleged marijuana use is irrelevant to the questions the jury will be asked to decide, such as whether Barnes |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
|  | suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 35:11-38:12 | The testimony sought regarding a letter written by Kelly Burke regarding a May 2004 panic attack is impermissible because it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-1032 (9th Cir. 2007). The testimony sought regarding the Plaintiff's alleged marijuana use is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 43:16-48:2 | The testimony sought regarding the August 28, 2006 letter from Dr. Winders to the VSU Access Office is impermissible because it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F.3d 1021, 1031-1032 (9th Cir. 200&). The probative value of testimony regarding Plaintiff's general therapy history is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). |
| 45:17-45:23<br>49:3-49:9 | The testimony sought regarding Plaintiff's hospitalizations is impermissible because it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-1032 (9th Cir. 2007). The testimony sought regarding the Plaintiff's alleged hospitalizations is |

| Pages/Lines | Objections |
|---|---|
|  | irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 53:8-54:19<br>57:16-58:8<br>66:13-66:18 | The testimony sought regarding Plaintiff's alleged violent behavior is impermissible because it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-1032 (9th Cir. 2007). The testimony sought regarding the Plaintiff's alleged violent behavior is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). Plaintiff also objects to the form of the question as ambiguous because it cannot be understood and the probative value of the question is substantially outweighed by its danger of misleading the jury. Fed. R. Evid. 611(a); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1979). |
| 56:2-10 | Testimony regarding the parking garage incident is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff also objects to this question on the grounds that it assumes facts not in evidence. Fed. R. Evid 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031- |

| Pages/Lines | Objections |
|---|---|
| | 32 (9th Cir. 2007). |
| 57:23-61:21 | The testimony sought regarding an undated letter from the Plaintiff to his psychiatrist is impermissible because it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-1032 (9th Cir. 2007). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). Plaintiff objects to this question on the grounds that it assumes facts not in evidence. Fed. R. Evid 611 (a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Plaintiff also objects to testimony pertaining to the letter on the grounds that the letter speaks for itself. Fed. R. Evid. 611(a). |
| 58:9-58:21 | Testimony regarding the Plaintiff's suicidal thoughts is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 58:23-59:6<br>85:3-9<br>108:25-109:12 | Testimony regarding the tragedy at Virginia Tech is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 59:7-61:21<br>65:18-66:11 | The testimony sought regarding Plaintiff's psychological condition is impermissible because it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-1032 (9th Cir. 2007). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 66:19-21<br>93:12-22 | Testimony regarding the Plaintiff's views regarding authority is irrelevant to the questions the jury will be asked to decide, such as whether Barnes |

DWT 20400566v1 0050062-082088

| Pages/Lines | Objections |
|---|---|
|  | suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 66:22-24 | Testimony regarding the Plaintiff's academic performance is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). As a matter of public policy, psychiatrist-patient communications are to be privileged and to remain privileged even though the patient's care and treatment or the nature and extent of his injuries have been put at issue in a civil proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999). |
| 66:25-67:3 | Testimony regarding the Plaintiff's alleged termination from his EMT job is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). The testimony is also inadmissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). |
| 70:2-71:21 | Testimony regarding whether VSU's administrative withdrawal of Plaintiff was justified falls outside the scope of Dr. Winder's expertise and is inadmissible. Fed. R. Evid. 702; *Kerns v. Sealy*, 2007 WL 2012867, at *8 (S.D. Ala. July 6, 2007). Even if the testimony fell within the scope of Dr. Winder's expertise, the testimony sought is still inadmissible as it calls for a legal conclusion. Fed. R. Evid. 704. The form of the questions regarding the administrative withdrawal of Plaintiff is objectionable as ambiguous because it cannot be understood and the probative value of the question is substantially outweighed by its danger of misleading the jury. Fed. R. Evid. 611(a); *Wright v. Hartford Acc. &* |

23

| Pages/Lines | Objections |
|---|---|
| | *Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1979). |
| 81:2-4 | Testimony regarding whether the Plaintiff has ever been arrested is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 81:5-8<br>86:25-88:10<br>92:20-21 | Testimony regarding false accusation of sexual assault against the Plaintiff at Warren Wilson College is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, testimony regarding false sexual assault accusations at Warren Wilson is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial. Fed. R. Evid. 403; *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). Evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404; *Old Chief v. U.S.*, 519 U.S. 172, 182 (1997). |
| 81:15-84:17 | Testimony regarding the risk factors for violence is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Plaintiff also objects to the form of the question as ambiguous because it cannot be understood and the probative value of the question is substantially outweighed by its danger of misleading the jury. Fed. R. Evid. 611(a); *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1979). |
| 81:24-82:15 | Testimony regarding narcissistic personality disorder is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); *U.S. v. Sine*, 493 F. 3d 1021, 1031-32 (9th Cir. 2007). Even if the testimony sought did not assume facts not in evidence, testimony regarding whether Barnes' suffered from a narcissistic personality disorder is irrelevant to the questions the jury will be asked to decide, such as whether Barnes suffered emotional pain and mental anguish because of the deprivation of due process. Fed. R. Evid. 402; *U.S. v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). |
| 82:16-22 | Testimony regarding whether Barnes was antisocial in his writing is impermissible as it assumes facts not in evidence. Fed. R. Evid. 611(a); |

DWT 20400566v1 0050062-082088