IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION IN LIMINE

COMES NOW DEFENDANT RONALD M. ZACCARI, by and through his attorneys of a record, and moves that the Court enter an Order prohibiting the Plaintiff from introducing any evidence on the subjects/matters shown on the attached list identified as "Exhibit A" through documents, statements, examination or cross examination of witnesses, or through reference directly to such subjects/matters during voir dire, opening statements, closing arguments, objections or comments to the Court, or at any other time in the presence of the jury.

The reasons supporting this Motion are set out in the accompanying Brief.

This, the 21st day of September, 2012.

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

1

2

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax

# **EXHIBIT A**

The subjects/matters sought to be excluded by the Defendant are as follow:

1. Any evidence related to the Communications Board Meeting, including the Audio Recording of November 17, 2006.  Any evidence related to any disciplinary proceedings occurring as a result of the <u>Spectator</u> Article entitled "The Unofficial Biography of Robert Carlos Cortez Zaccari."

2. Any evidence related to the <u>Spectator</u> Article entitled "The Unofficial Biography of Robert Carlos Cortez Zaccari," the <u>Chronicles of Higher Education</u> Article entitled "Paving Paradise," or the <u>New York Times</u> Article entitled "Laws Limit Options When a Student is Mentally Ill."

3. The introduction of the actual Articles Plaintiff wrote to the <u>Spectator</u>, or elsewhere in the media, which relate to his expressions of his opinions about the parking deck at VSU.  Defendant has already stipulated that these facts occurred.  There is no need to introduce these as actual exhibits because they are not relevant to any issue that needs to be determined by the jury.

4. Any evidence related to any findings of violations, allegations of violations of the First Amendment by any the Defendant, or any of the former Defendants in this action, including Valdosta State University or the Board of Regents.

5. Any evidence related to any findings of violations, allegations of violations of the Americans with Disabilities Act (ADA), or the Rehabilitation Act (RA), by any the Defendant, or any of the former Defendants in this action, including Valdosta State University or the Board of Regents.

6. Any evidence related to any findings of violations, allegations of violations of substantive due process rights by any the Defendant, or any of the former Defendants in this action, including Valdosta State University or the Board of Regents.

7. Any evidence related to any findings of violations, allegations of violations of the Family Educational Rights and Privacy Act (FERPA) by any the Defendant, or any of the former Defendants in this action, including Valdosta State University or the Board of Regents.

8. Any evidence related to any findings of violations, allegations of violations of the Health Insurance Portability and Accountability Act (HIPAA) by any the Defendant, or any of the former Defendants, in this action, including Valdosta State University or the Board of Regents. This evidence would include the VSU *Counseling Center Confidentiality Agreement*.

9. Any evidence of any damages which do not flow directly from the violation of the process due the Plaintiff in this matter.

10. Any evidence offered for the purposes of punitive damages.

4

## CERTIFICATE OF SERVICE

This is to certify that I have, this 21st day of September, 2012, served a true and correct copy of the within and foregoing *DEFENDANT'S MOTION IN LIMINE and documents in support thereof* upon all counsel of record by placing same in the United States Mail, postage prepaid, properly addressed to:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax