IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

The Defendant desires the Court's ruling prior to trial on the admissibility of evidence on certain subjects that have been raised by the Plaintiff. As shown below, evidence on these subjects/matters do not qualify for admission under the Federal Rules of Evidence.

The Defendant submits that the evidence pertaining to the subjects/matters listed in "Exhibit A" attached herewith are not relevant to any matters to be determined in this action. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Relevancy is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The evidence pertaining to the subjects/matters listed in "Exhibit A" are not relevant to the remaining claims and defenses at issue in this case.

1

### SUBJECTS/MATTERS 1-3: COMMUNICATIONS BOARD RECORDING/SPECTATOR ARTICLE/LAW LIMITS ARTICLE/DISCIPLINARY HEARINGS OF OTHER STUDENTS

Plaintiff seeks to introduce evidence of the Communications Board Meeting, and Audio Recording thereof, which is dated November 17, 2006. Students at VSU in 2006 wrote an Article in the <u>Spectator</u> entitled "The Unofficial Biography of Robert Carlos Cortez Zaccari." The students were disciplined for some of the statements in the article. This Article and resulting disciplinary action are clearly irrelevant and do not have any tendency to make the existence of any fact that is of consequence to the determination of the issues before the jury in this action more probable or less probable than it would be without the introduction of said evidence.

Plaintiff seeks to introduce evidence of an Article written in 2005 in the <u>Chronicles of Higher Education</u> entitled "Paving Paradise." This Article is clearly irrelevant and it does not have any tendency to make the existence of any fact that is of consequence to the determination of the issues before the jury in this action more probable or less probable than it would be without the introduction of said article.

Plaintiff seeks to introduce evidence of an Article entitled "Laws Limits Options When a Student is Mentally Ill," which was emailed to Thressea Boyd from Kevin Boyd, and the email sending the Article to Ms. Boyd. This Article,

and the email sending the Article, are clearly irrelevant and do not have any tendency to make the existence of any fact that is of consequence to the determination of the issues before the jury in this action more probable or less probable than it would be without the introduction of said article/email.

Plaintiff seeks to introduce Articles written by the Plaintiff in the Spectator, and elsewhere in the media, which express Plaintiff's opinions related to the VSU parking deck. Defendant has already stipulated that Plaintiff and Defendant had differing opinions related to the parking deck being constructed at VSU in 2007. Plaintiff's claim that there was a violation of the First Amendment has already been ruled on in summary judgment. Therefore, entering the actual articles expressing these opinions does not have any tendency to make the existence of any fact that is of consequence to the determination of the issues before the jury in this action more probable or less probable than it would be without the introduction of said articles.

### SUBJECTS/MATTERS 4-8: PAST CLAIMS DISMISSED AT SUMMARY JUDGMENT & OTHER ALLEGATIONS CIRCULATING NOT FOUND IN COMPLAINT

In his Complaint, Plaintiff listed seven (7) counts against eight (8) defendants, alleging violations of the First Amendment, the Substantive Due Process Clause of the Fourteenth Amendment, the Americans With Disabilities Act, the Rehabilitation Act, and Breach of Contract. After rulings at the summary

judgment phase of this case, all counts and all defendants have been dismissed from this action accept for one (1) count, a violation of procedural due process, against one (1) Defendant, Dr. Zaccari.

Plaintiff has made references throughout this lawsuit to violations of the Health Insurance Portability and Accountability Act (HIPAA) as well as violations of the Family Education Rights and Privacy Act (FERPA). Plaintiff has never initiated formal complaints to prosecute any alleged violation of his rights under these statutes.

Evidence of claimed or alleged violation of any of these laws is irrelevant, as the evidence would only be interposed for delay, and would be unnecessarily prejudicial to the Defendant. Fed. R. Evid. 403, 402; *see Merritt v. Marlin Outdoor Advertising, Ltd.*, (S.D. Ga. 2012); *see also Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266 (5th Cir. 1989). Further, they would only cause confusion for the jury, given the limited scope of the issues remaining for trial.

### SUBJECT/MATTER 9: EVIDENCE OF DAMAGES NOT FLOWING DIRECTLY FROM ANY VIOLATION OF PROCEDURAL DUE PROCESS

Any evidence of Plaintiff's damages that do not flow directly from a deprivation of the "process"[1] due Plaintiff, is not relevant. *Carey v. Piphus*, 435

---

[1] "process" as distinguished from the "rights" of whether the Plaintiff was allegedly deprived.

4

U.S. 247 (1977), limits damages in cases alleging a denial of procedural due process.

Discussing *Carey,* the Court in *Zinermon v. Burch*, 494 U.S. 113 (1990), clarified procedural due process damages by explaining that "in cases where the deprivation would have occurred anyway, and the lack of due process did not itself cause any injury (such as emotional distress), the plaintiff may recovery only nominal damages." 494 U.S. at 127 n.11.

Subsequent cases have considered what it means for there to be an actual injury. In *Young v. Pleasant Valley School District*, Civil Action No. 3:07-CV-00854 (M.D. Pa. May 18, 2012), a court considered a student's actual injury related to a § 1983 equal protection claim (hostile education environment). In *Young*, a student filed a complaint against a popular teacher for inappropriate behavior. Once the other students became aware of the complaint, the complaining student's high school experience deteriorated. In discussing the availability of compensatory damages against the school district, the court noted that the plaintiff had, in fact, suffered emotional distress, but explained,

> [T]hat Plaintiff was injured, does not in and of itself support a finding that Plaintiff is entitled to an award of damages from Defendant Pleasant Valley. Rather, Plaintiff would only be entitled to an award of damages if Defendant Pleasant Valley's conduct played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant Pleasant Valley's conduct.

5

Id. at 42 (citing *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000). The court went on to explain that the source of the student's emotional distress was the other students at the school, not the school district itself. In response to plaintiff's claim that she suffered "harm to her education," the court found that her continued academic success showed that actually, she suffered no harm to her education. *See id.* at 43 ("In light of Plaintiff's obvious continued academic success, the Court must conclude that there is no basis to support a finding that she suffered any compensable harm to her education.").

Therefore, Plaintiff may only introduce evidence regarding the deprivation of the process, not the deprivation of the property right from whence his procedural due process rights were derived.

## SUBJECT/MATTER 10: ANY EVIDENCE OFFERED FOR THE PURPOSES OF PUNITIVE DAMAGES

There exists no evidence whatsoever that Defendant acted with reckless indifference, callousness, or malice toward Plaintiff. To the contrary, Defendant engaged in a good faith effort to avoid the unconstitutional deprivation of Plaintiff's rights. Due to the high standard for awarding punitive damages, and undisputed facts, presenting evidence of punitive damage to the jury presents a high likelihood of creating jury confusion and unfair prejudice to the Defendant. Fed R. Evid. 403. Accordingly, Defendant requests an order prohibiting Plaintiff from presenting evidence of punitive damages at the trial in this matter. Any

evidence toward punitive damages should be excluded because it is not relevant. Fed R. Evid. 402.

To obtain punitive damages, Plaintiff must also prove that Defendant was motivated by evil motive or intent or with reckless or callous indifference" to his federally protected rights. <u>Smith v. Wade</u> 461 U.S. 30, 56 (1983); <u>see also H.C. by Hewett v. Jarrard</u>, 786 F.2d 1080, 1089 (11th Cir. 1986). Punitive damages are available in § 1983 actions, but the burden of proof with respect to punitive damages is higher than that required to find liability. <u>Evans v. Fogarty</u>, 241 Fed. Appx. 542, 564 (10th Cir. 2007). Section 1983 does not prescribe a particular burden of proof for punitive damages.

Punitive damages are only available when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. <u>Hardeman v. City of Albuquerque</u>, 377 F.3d 1106, 1121 (10th Cir. 2004). The focus must be on whether the defendant's actions call for deterrence and punishment over and above that provided by compensatory awards. <u>Id</u>. Punitive damages act to punish what has occurred and to deter its repetition. <u>Id</u>. <u>See also Davis v. Moss</u>, 841 F. Supp. 1193, 1198 (M.D. Ga. 1994).

Although in <u>Smith</u>, the Court determined that it was unnecessary to show actual malice to qualify for a punitive award…, its intent standard, at a minimum,

7

required recklessness in its subjective form. *See Spring v. Henry*, 435 F.3d 268, 281 (3d Cir. 2006). ("A jury may award punitive damages when it finds reckless, callous, intentional or malicious conduct."). Malice means "an intent to harm" and recklessness means "serious disregard for the consequences of [one's] actions." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 477 (11th Cir. 1999) (quoting *Splunge v. Shoney's, Inc.*, 97 F.3d 488, 491 (11th Cir. 1996) (quotation omitted)). *See also Fox v. Hayes*, 600 F.3d 819, 845 (7th Cir. Ill. 2010) (…explained that malicious conduct "is accompanied by ill will or spite or is done for the purpose of injuring plaintiffs).

Under *Smith*, punitive damages may be awarded if there is a showing that the "defendant[s] actually derive[d] satisfaction from hurting the plaintiff" or if the "defendant[s], while not having any particular desire to hurt the plaintiff, trample[d] on the plaintiff's rights, in a fashion that can fairly be called reckless, to accomplish their own aims." *Soderbeck v. Burnett County*, 752 F.2d 285, 289 (7th Cir. 1985), *cert denied*, 471 U.S. 1117.

Here, there is not one shred of evidence of Defendant's evil-minded or malicious intent. Additionally, Plaintiff cannot show that Defendant was willfully indifferent to Plaintiff's complaints. In fact, the evidence shows that the Defendant not only provided available avenues for due process to the Plaintiff, but the

Plaintiff utilized those options, therefore clearly showing that Defendant had no malicious intent or reckless disregard to deprive Plaintiff of his rights.

In <u>Washington v. Kirksey</u>, 811 F.2d 561, 565 (11th Cir. 1987), the Eleventh Circuit held that punitive damages were appropriate under § 1983 because the defendant displayed a callous indifference to the federally protected rights of the plaintiff. The Plaintiff had a protected property interest in a tenured position as a teacher and the court found the Defendant's callous refusal to comply with a previous settlement agreement justified an award of punitive damages. <u>Id</u>.

Similarly in <u>H.C. by Hewett</u>, the court concluded that defendant's actions "transcended mere negligence and constituted callous indifference to [the victim's] federally guaranteed rights." <u>H.C. by Hewett</u>, 786 F.2d at 1089. The court reached this conclusion after examining defendant's conduct, which included the use of unreasonable force on the victim, a detainee in a juvenile institution; denial of medical attention to the victim for an injury inflicted on him by the superintendent; shackling of the nonviolent victim to his bunk (legs cuffed to one end of the bunk, wrists cuffed over his head to the other end); and no notice of charges or hearing. See also <u>Wright v. Sheppard</u>, 919 F.2d 665, 671 (11th Cir. 1990).

Unlike the defendants in <u>Washington</u> and <u>H.C. by Hewett</u>, the Defendant here took careful steps to inform the Plaintiff of his right to appeal to the Board of Regents. The Defendant in noticing Plaintiff's administrative withdrawal,

9

explicitly outlined how Plaintiff could appeal the withdrawal and how Plaintiff could eventually return to the University. The Defendant provided the Board of Regents contact information along with the deadline of when the written appeal must be submitted. This clearly shows that Defendant did not act with a reckless or callous indifference to Plaintiff's federally protected rights.

In *Culver by & Through Bell v. Fowler*, 862 F. Supp. 369, 372-373 (M.D. Ga. 1994), this court found that the defendant acted with a malicious intent to harm the plaintiff by kneeing the plaintiff in the groin. This court found the defendant's actions to be a barbaric and cruel means of control and found that the defendant chose to use a method of control that maximized pain and subjected the plaintiff to a high risk of serious injury. Accordingly, this court found that an award of punitive damages was appropriate. *Id*.

In Ferrill, the court found the defendant did not have the requisite ill will to support the imposition of punitive damages. The court had found the defendant had intentionally discriminated on the basis of race in violation of 42 USC § 1981; but nevertheless found the evidence to be insufficient to find that defendant acted with the requisite malice or reckless disregard of the plaintiff's federally guaranteed rights. *Ferrill*, 168 F.3d at 477.

Similar to the defendant in *Ferrill*, the Defendant did not have the requisite ill will to support an imposition of punitive damages. The Defendant specifically

ensured that the Plaintiff knew his due process rights to appeal to the Board of Regents. The Defendant administratively withdrew the Plaintiff based on a justified threat to safety, not because he had a malicious intent to deprive the Plaintiff of his federally guaranteed rights. Unlike *Culver by & Through Bell*, the Defendant had no desire to harm the plaintiff or trample on his federally protected rights. The evidence is insufficient to find that defendant acted with the requisite malice.

Finally, in a case before the Fourth Circuit Court of Appeals, the court found punitive damages improper because the defendant mayor "acted at all times under the advice of the duly selected city attorney." *Angell v. Leslie*, 832 F.2d 817, 821 (4th Cir. 1987). Similar to this analysis, the court held that "the fact of the consultation and the purport of the advice obtained should be factored into the totality of the circumstances and considered in determining the officer's entitlement to qualified immunity." *Poulakis v. Rogers*, 341 Fed. Appx. 523, 533-534 (11th Cir. 2009).  In *Poulakis*, a defendant, who was unsure of how to proceed, turned to the on-duty Assistant State Attorney for advice. *Id*. The defendants were "[f]aced with a statute that was not abundantly clear in its application, and [were] unsure of how to proceed." *Id*. The Eleventh Circuit found that the defendants "acted in an objectively reasonable manner' when they "asked their superior, who in turn called on the on-duty Assistant State Attorney for advice." *Id*. The Court

11

noted that the "Assistant State Attorney unambiguously expressed his opinion that the officers would have probably cause to arrest Poulakis" even though it was "arguable" that the officers did not have probable cause to arrest Poulakis. *Id*.

Similar to *Poulakis* and *Angell*, the Defendant repeatedly sought legal advice from counsel. Defendant was advised by the Board of Regents legal counsel that, "Once the President has a made a decision in a matter, there is no due process at the campus level." In situations similar to the Defendants, the Eleventh Circuit has found that reliance on legal advice is a factor in favor of granting qualified immunity to a state actor, and this same analysis should be used to find the plaintiff is not entitled to punitive damages. *See Poulakis*, 341 Fed. Appx. at 533-534. The Defendant's reliance on the well-reasoned and specific advice of his legal counsel is direct evidence that Defendant's methods and decisions were not reckless or callous, but rather calculated to protect Plaintiff's rights. They are evidence that Defendant relied on well-reasoned advice intended to balance the factors analysis laid out in *Matthews v. Eldridge*, 424 U.S. 319, 334 (U.S. 1976). Specifically, Defendant followed legal advice that balanced the emergency circumstance (the potential danger to campus), the prohibition against a biased decision maker (the President at campus level), and Plaintiff's due process rights. *See Reams v. Irvin*, 561 F.3d 1258, 1266 (11th Cir. 2009).

Finally, the Plaintiff utilized the opportunity to appeal by submitting an appeal to the Board of Regents on May 19, 2007. This clearly shows that there is no evidence of evil motive or intent, or that the Defendants' actions involved reckless or callous indifference to Plaintiff's federally protected rights. Plaintiff should be prohibited from introducing any evidence to establish his claim of entitlement to punitive damages.

For the foregoing reasons, the Defendants respectfully request that Plaintiff's evidence for punitive damages be excluded.

This, the 21st day of September, 2012.

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax