**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REQUESTS TO CHARGE**

COMES NOW DEFENDANT RONALD M. ZACCARI, by and through counsel, David C. Will & Holly Hance, and submit the following as their proposed Requests to Charge.

This, the 21st day of September, 2012.

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>REQUEST TO CHARGE</u>**

**<u>(IMMEDIATELY AFTER JURY IS SELECTED)</u>**

**Additional Preliminary Instruction After Being Selected as Juror**

You are admonished not to do any research, either independently, through another person, through the Internet, including social media sites such as Facebook, or through the media or press, or otherwise independently gather information, until you have reached your final verdict.

You are ordered not to engage in any discussions of the subject of this trial with any other person until your duties as a selected juror have concluded.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## REQUEST TO CHARGE NO. 1

### Additional Preliminary Instruction Before the Trial

The Court has already ruled on other claims against this Defendant and other parties who are not longer parties to the case. Those claims and other parties are not before you to consider. You should ignore any references to other claims or other "Defendants" that inadvertently may be disclosed during the trial. You are not to guess or speculate as to other claims or possible claims that have been disposed of by the Court. You are only to consider the claim before you, as I will further define for you at the close of the evidence--whether the Defendant intentionally deprived the Plaintiff of Procedural Due Process, and, if so, whether the Plaintiff is entitled to damages as a result.

Prior to the beginning of trial, I ruled on preliminary matters including the admissibility of certain evidence. As a result, you may view some exhibits with

portions redacted or hear some testimony to which some objections may be made as to admissibility.  You should not guess or speculate as to the content or import of redacted portions of any exhibits or excluded testimony, nor should you draw any inferences or conclusions regarding the excluded content.

¶ 1 of Eleventh Circuit District Judges Association's <u>Pattern Jury Instructions</u> (2005).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

THOMAS HAYDEN BARNES,      )
                           )
     Plaintiff,            )
                           )       Civil Action No.
v.                         )
                           )       7:12-CV-89 (HL)
RONALD M. ZACCARI,         )
                           )
     Defendant.            )

**REQUEST TO CHARGE NO. 2**

**42 U.S.C. § 1983**

This is a claim brought by the Plaintiff under authority of 42 U.S.C. § 1983, the Civil Rights Act.  That act provides in part that every person who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

**REQUEST TO CHARGE NO. 3**

In order for the Plaintiff to recover damages against the Defendant, he must prove, by a preponderance of the evidence, that the Defendant deprived him of a right secured by the United States Constitution or laws, as well as prove that the right was deprived by acts committed under color of state law.

42 U.S.C. § 1983

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 4</u>

Evidence has been introduced to the effect that Defendant was an employee of or agent of Valdosta State University. The Defendant is being sued in his individual capacity. Neither the University, the Board of Regents, nor the State of Georgia is a Defendant in this case.

<u>See</u> <u>generally</u> <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978); 42 U.S.C. §1983.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 5</u>

I charge you that you may infer that public officials properly discharge their

duties.

<u>Crane v. Matthews</u>, 417 F. Supp. 532, 540 (N.D. Ga. 1976); <u>Dudley v. United
States</u>, 320 F. Supp. 456, 458 (N.D. Ga. 1970).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

THOMAS HAYDEN BARNES,           )
                                )
          Plaintiff,            )
                                )        Civil Action No.
v.                              )
                                )        7:12-CV-89 (HL)
RONALD M. ZACCARI,              )
                                )
          Defendant.            )

## REQUEST TO CHARGE NO. 6

I charge you that since this action is brought for the redress of alleged constitutional violations, mere negligence alone on the part of the Defendant is insufficient to hold the Defendant liable in this action.  Negligence is no more than the failure of a person to measure up to the conduct of a reasonable person.  The Constitution, on the other hand, protects individuals from the arbitrary and abusive exercise of the powers of government, and not from mere negligence.  There must be an abuse of governmental power employed as an instrument of oppression if an injury of an individual at the hands of a state official is to be raised to the level of a constitutional deprivation.

Therefore, if you should find that Defendant has, in some way, acted in a negligent manner, and that his conduct has not otherwise risen to the level of a constitutional deprivation, you may not hold Defendant liable in this case.

<u>Davidson v. Cannon</u>, 474 U.S. 344 (U.S. 1986); <u>Daniels v. Williams</u>, 474 U.S. 327 (U.S. 1986); 42 U.S.C. §1983.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 7</u>

I charge you that in a civil action such as this one, where the actions of state employees are called into question, it is important for you to consider the reasonableness of the beliefs of those officials as to the facts upon which they based their actions, even if those beliefs are mistaken.

<u>Diamond v. Marland</u>, 395 F. Supp. 432, 439 (S.D. Ga. 1975); 42 U.S.C. §1983.

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## REQUEST TO CHARGE NO. 8

### Reasonableness of Decision

The reasonableness of a particular decision must be judged from the perspective of a reasonable person on the scene at the time of the event, rather than with the 20/20 vision of hindsight.

Graham v. Connor, 490 U.S. 386, 396 (U.S. 1989); 42 U.S.C. §1983.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 9</u>

### Due Process

Plaintiff claims that Defendants violated his right to Due Process of law by failing to provide him an opportunity to be heard prior to his administrative withdrawal from Valdosta State University on May 7, 2007.

I charge you that as a general rule a student should be provided notice an opportunity to be heard prior to his dismissal from school, but he is not entitled to a quasi-judicial trial, the right to cross examine witnesses or a right to a full advisory hearing.  Rather, the right does encompass the student having the opportunity to be heard at a meaningful time and in a meaningful matter.  This right is not absolute.

If you find that the Defendant reasonably believed that the Plaintiff posed a continuing danger to himself or to persons or property or an ongoing threat of disrupting the educational process, then the Defendant would be justified in his

decision to provide only post deprivation process and you should find for the Defendant.  If you find that the Defendant did not reasonably believe that Plaintiff posed an ongoing threat to himself or to persons or property or an ongoing threat of disrupting the educational process, then you should find for the Plaintiff.

If you find the Defendant did not have reason to know that Defendant was depriving Plaintiff of his Procedural Due Process Rights, then you should find for the Defendant.  If you find the Defendant had the intent to deprive Plaintiff of his Procedural Due Process Rights, or that Defendant knew that he was depriving Plaintiff of his Procedural Due Process Rights, then you should find for the Plaintiff.

Goss v. Lopez, 419 U.S. 565, 582 (1975);  Nash v. Auburn Univ., 812 F.2d 655, 664 (11th Cir. 1987);  Mathews v. Eldridge;  424 U.S. 319, 333 (1976).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

THOMAS HAYDEN BARNES,           )
                                )
    Plaintiff,          )
                                )        Civil Action No.
v.                              )
                                )        <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,              )
                                )
    Defendant.          )

## <u>REQUEST TO CHARGE NO. 10</u>

If you should find for the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

You may not award Plaintiff damages based upon any losses he sustained as a result of his dismissal from Valdosta State University. Plaintiff's damages, if any, must be awarded based solely upon the alleged denial of due process prior to his dismissal. As such, Plaintiff's damages, if any, are limited to the time period between his administrative withdrawal from the University until the time he is provided an opportunity to appeal the decision and, at that time, a meaningful opportunity to be heard.

15

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a means to punish Defendant, and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork, because it is only actual damages sustained by Plaintiff directly attributable to the denial of procedural due process that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible.  Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

Eleventh Circuit District Judges Association's Pattern Jury Instructions (2005); Carey v. Piphus, 435 U.S. 247, 254 (U.S. 1978); Wood v. Strickland, 420 U.S., at 319.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

THOMAS HAYDEN BARNES,    )
                                   )
        Plaintiff,          )
                                   )    Civil Action No.
v.                            )
                                 )    <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,        )
                                 )
        Defendant.      )

## <u>REQUEST TO CHARGE NO. 11</u>

If you find that an objectively reasonable person in the Defendant's position would have found that the Plaintiff presented a continuing danger to persons or property or was a threat to safety of Valdosta State University's campus sufficient to warrant an emergency administrative withdrawal or suspension, then you should find for the Defendant. If you find that an objectively reasonable person in the Defendant's position would not have found that the Plaintiff presented a continuing danger to persons or property, or that the Plaintiff was a threat of safety to Valdosta State University's campus sufficient to warrant an emergency suspension or expulsion, then you should find for the Plaintiff.

<u>Lavine v. Blaine Sch. Dist.</u>, 257 F.3d 981; <u>Lopez v. Williams</u>, 372 F. Supp. 1279, 1301 (S.D. Ohio 1973).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

THOMAS HAYDEN BARNES,              )
                                  )
          Plaintiff,              )
                                  )          Civil Action No.
v.                                )
                                  )          7:12-CV-89 (HL)
RONALD M. ZACCARI,                )
                                  )
          Defendant.              )

## REQUEST TO CHARGE NO. 12

I charge you that damages must be susceptible of reasonable certain and accurate computation.  If you should find that Plaintiff is entitled to a verdict, the burden is upon the Plaintiff to prove to a reasonably certain degree and in a reasonably accurate manner the amount of damages proximately caused by any improper action of the individual Defendant.  If Plaintiff fails to provide such proof, he is not entitled to recovery.

Synthetic Industries, Inc. v. Whitlock, Inc., 439 F. Supp. 1297 (N.D. Ga. 1977); Midland Valley Plaza, Inc. v. Georgia Railroad Bank & Trust Co., 542 F.2d 945, 946 (5th Cir. 1976).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

THOMAS HAYDEN BARNES,  )
                       )
    Plaintiff,         )
                       )     Civil Action No.
v.                     )
                       )     <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,     )
                       )
    Defendant.         )

## <u>REQUEST TO CHARGE NO. 13</u>

### Proximate Cause

The Plaintiff must prove by a preponderance of the evidence, that each aspect of Defendant's unconstitutional conduct if any, was the proximate or legal cause of the Plaintiff's damages. Proximate cause is an important legal term that I will define for you. By proximate cause I mean that which by a natural and continuous sequence unbroken by new cause produces an event and without which the event would not have occurred. To constitute proximate cause, the injury must have been the foreseeable result of some act or omission of the Defendant. The act or omission to which I refer must actively aid in producing the injury as a direct and existing cause.

<u>Aretz v. U.S.</u>, 604 F.2d 417, 431 (5th Cir. 1979); <u>Cain v. Vontz</u>, 703 F.2d 1279, 1282 (11th Cir. 1983); <u>Isom v. Schettino</u>, 129 Ga. App. 73, 79 (1973).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 14</u>

The focus of an award of damages if any is to compensate an individual for actual injury caused by a Constitutional violation.

<u>Gilmere v. Atlanta</u>, 864 F.2d 734, 739 (11th Cir. 1989).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

THOMAS HAYDEN BARNES,      )
                           )
      Plaintiff,           )
                           )      Civil Action No.
v.                         )
                           )      7:12-CV-89 (HL)
RONALD M. ZACCARI,         )
                           )
      Defendant.           )

## REQUEST TO CHARGE NO. 15

Damages must not be speculative; they must be proven with reasonable degree of certainty.  Damages must also be proven to be the proximate or direct result of the wrong of which the Plaintiff complains.

Classic Bowl, Inc. v. A M F Pinspotters, Inc., 403 F.2d 463, 467 (7th Cir. 1968).

21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

THOMAS HAYDEN BARNES,    )
    )
    Plaintiff,    )
    )    Civil Action No.
v.    )
    )    <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,    )
    )
    Defendant.    )

## <u>REQUEST TO CHARGE NO. 16</u>

If you find the Plaintiff is entitled to a verdict in accordance with these instructions but do not find that the Plaintiff has sustained damages as a result of the action of the Defendant, Plaintiff will be entitled to recover nominal damages not to exceed one dollar from the Defendant.

<u>Carey v. Piphus</u>, 435 U.S. 247, 267 (U.S. 1978); Eleventh Circuit District Judges Association's <u>Pattern Jury Instructions </u>(2005); 2.1(with minor edits).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

THOMAS HAYDEN BARNES,   )
                           )
     Plaintiff,         )
                           )    Civil Action No.
v.                     )
                           )    <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,     )
                           )
     Defendant.      )

## REQUEST TO CHARGE NO. 17

### Duty to Mitigate in General

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the  amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

Eleventh Circuit District Judges Association's <u>Pattern Jury Instructions </u>(2005); 1.1.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

THOMAS HAYDEN BARNES,    )
                              )
       Plaintiff,       )
                              )     Civil Action No.
v.                          )
                              )     <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,        )
                              )
       Defendant.     )

## <u>REQUEST TO CHARGE NO. 18</u>

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, you would be authorized to assess punitive damages against the individual Defendant as punishment and as a deterrent.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual. Punitive

damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions he took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Eleventh Circuit District Judges Association's Pattern Jury Instructions (2005); 2.2 (with minor edits);

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

THOMAS HAYDEN BARNES,    )
                                )
       Plaintiff,         )
                                )    Civil Action No.
v.                         )
                                )    <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,       )
                                )
       Defendant.     )

## <u>REQUEST TO CHARGE NO. 19</u>

I charge you that even if you find that the standard that I have instructed you to apply for awarding punitive damages is met, the awarding of such damages is solely in your discretion. You are not in any circumstances required to award such damages.

<u>Smith v. Wade</u>, 461 U.S. 30, 103 S.Ct. 1625, 1638 (1983).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 20</u>

No punitive damages can be awarded unless you, the jury, have first unanimously awarded the Plaintiff compensatory or actual damages. No punitive damages may be awarded unless the Defendant is found by you to have acted oppressively, wantonly, and in willful and gross disregard of the Plaintiff's rights. An award of punitive damages must be the unanimous decision of the jury. Punitive damages are not favored by the law and are to be awarded only with caution and within narrow limits. You are not in any circumstances required to award such damages.

<u>Smith v. Wade</u>, 461 U.S. 30 (1983); <u>Lee v. Southern Home Sites Corp.</u>, 419 F.2d 290, 294 (5th Cir. 1970); <u>Parker v. Schonfeld</u>, 490 F. Supp. 876, 881 (N.D. Cal. 1976).

27

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

THOMAS HAYDEN BARNES,       )
                            )
    Plaintiff,              )
                            )       Civil Action No.
v.                          )
                            )       <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,          )
                            )
    Defendant.              )

## <u>REQUEST TO CHARGE NO. 21</u>

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not

give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit District Judges Association's <u>Pattern Jury Instructions</u> (2005); 7.1.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 22</u>

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

Eleventh Circuit District Judges Association's <u>Pattern Jury Instructions</u> (2005); 6.1.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

THOMAS HAYDEN BARNES,       )
                            )
        Plaintiff,           )
                            )        Civil Action No.
v.                          )
                            )        <u>7:12-CV-89 (HL)</u>
RONALD M. ZACCARI,           )
                            )
        Defendant.           )

## <u>REQUEST TO CHARGE NO. 23</u>

If you find the evidence is evenly balanced upon any issue in this case, then it would be your duty to resolve such issue against the Plaintiff, who has the burden of proof upon all issues, and return a verdict for the Defendant.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## REQUEST TO CHARGE NO. 24

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. Remember that anything the lawyers say is not evidence

33

in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Eleventh Circuit District Judges Association's <u>Pattern Jury Instructions</u> (2005); 2.1.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 25</u>

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness

appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Eleventh Circuit District Judges Association's <u>Pattern Jury Instructions</u> (2005); 3.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
|     Defendant. | ) | |

## <u>REQUEST TO CHARGE NO. 26</u>

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an

intentional falsehood; and the significance of that may depend on whether it has to

do with an important fact or with only an unimportant detail.

Eleventh Circuit District Judges Association's <u>Pattern Jury Instructions</u>, (2005); 4.1.

### <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have, this 21st day of September, 2012, served a true and correct copy of the within and foregoing ***DEFENDANT'S REQUESTS TO CHARGE*** upon all counsel of record by placing same in the United States Mail, postage prepaid, properly addressed to:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax

39