IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | Case No. 7:12-cv-00089-HL |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PROPOSED JOINT JURY INSTRUCTIONS**

Plaintiff Thomas Hayden Barnes ("Barnes") and Defendant Ronald M. Zaccari[1] proposes that the Court charge the jury as follows:

## I. ADDITIONAL PRELIMINARY INSTRUCTIONS AT THE BEGINNING OF TRIAL

### JOINT PROPOSED INSTRUCTION NO. 2

### Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the cases during the trial or while instructing the jury. Such comments are only expressions of my opinion as

---

[1] As the Defendant objects to Plaintiff's Proposed Instruction No. 1, Plaintiff will be submitting Plaintiff's Proposed Jury Instruction No. 1 as an attachment to Plaintiff's Pre-Trial Submissions. In addition, Defendant wishes to reserve to the right to object to Joint Proposed Jury Instructions Nos. 11 and 17. If Defendant does later object to Instructions 11 and 17, they will become solely Plaintiff's instructions.

1

to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**Source: Federal Jury Practice and Instructions (5th ed. 2001), § 101.10**

## JOINT PROPOSED INSTRUCTION NO. 3
## Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Source: Federal Jury Practice and Instructions (5th ed. 2001), § 101.43**

## II.     INSTRUCTIONS AT THE CLOSE OF THE TRIAL
### JOINT PROPOSED INSTRUCTION NO. 4
### General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Source: Federal Jury Practice and Instructions (5th ed. 2001), § 103.01**

JOINT PROPOSED INSTRUCTION NO. 5

**Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of all the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**Source: Federal Jury Practice and Instructions (5th ed. 2001), § 103.30**

JOINT PROPOSED INSTRUCTION NO. 6

**Preponderance of the Evidence**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means that such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source: Federal Jury Practice and Instructions (5th ed. 2001), § 166.51**

JOINT PROPOSED INSTRUCTION NO. 7

**Compensatory Damages**

If you find Mr. Barnes has been harmed by the deprivation of his Due Process rights, you must award such sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained as a direct result of Zaccari's actions. You should consider the following elements of damages:

**Source: Federal Jury Practice and Instructions (5th ed. 2001), § 166.60; Eleventh Circuit Pattern Jury Instructions (2005 ed.), § 2.4.1**

# JOINT PROPOSED INSTRUCTION NO. 8

**Compensatory Damages for Mental Anguish**

Emotional injury is actionable under Section 1983 for humiliation, embarrassment, damage to reputation, and mental distress resulting from the deprivation of a constitutional right.

**Source:** *Hewett v. Jarrard*, 786 F.2d 1080, 1088 (11th Cir. 1986); *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299 (1986).

JOINT PROPOSED INSTRUCTION NO. 9

**Compensatory Damages for Mental Anguish**

Compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of Plaintiff's injury – tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and anguish has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

**Source: Eleventh Circuit Pattern Jury Instructions (2005 ed.), § 2.4.1**

## JOINT PROPOSED INSTRUCTION NO. 10
## Damages for Violation of Due Process

The Plaintiff can recover for any injury, such as emotional distress, caused by the deprivation of Due Process. While injuries must be specific, real injury can be inferred from the facts. Damages may be awarded even if you believe that Barnes would have been expelled if VSU had provided him with a hearing. This means that you may award Barnes nominal, compensatory, or even punitive damages whether or not the expulsion was justified.

**Source: *Harden v. Pataki*, 320 F.3d 1289, 1300-01 (11th Cir. 2003).**

JOINT PROPOSED INSTRUCTION NO. 11

**Proximate Cause**

Damages are "caused" by or are the "result" of a defendant's actions if his actions are the proximate cause of the harm.  For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, the damages would not have occurred.  An injury or damage is proximately caused by an act or failure to act when it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**Source: Federal Jury Practice and Instructions 5th Ed., § 168.122; Eleventh Circuit Pattern Jury Instructions (2005 ed.), §§ 2.4.1, 2.4.2.**

## JOINT PROPOSED INSTRUCTION NO. 12
## Purpose of Section 1983

Section 1983 exists both to vindicate the public interest in deterring deprivations of constitutional rights and to compensate those actually injured. The law was intended not only to provide compensation for the victims of past abuses, but to serve as a deterrent against future constitutional deprivations, as well. Liability for injurious conduct is an incentive for officials who may harbor doubts about the lawfulness of their intended actions to err on the side of protecting citizens' constitutional rights.

**Source:** *Owen v. City of Independence*, 445 U.S. 622, 651-652 (1980); *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 307-309 (1986).

# JOINT PROPOSED INSTRUCTION NO. 13

## Nominal Damages

If you find that Mr. Barnes has not sustained any compensatory or presumed damages, then you must instead return a verdict for Mr. Barnes in the nominal amount of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to Mr. Barnes, even if no actual damages flow from the deprivation. Therefore, if you find that Mr. Barnes has suffered no injury as a result of Zaccari's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**Source: Federal Jury Practice and Instructions (5th ed. 2000), § 166.61; *Carey v. Piphus,* 435 U.S. 247 (1978).**

## JOINT PROPOSED INSTRUCTION NO. 14
### Nominal Damages

Even if you decide that Barnes has not shown any actual injury from the Due Process violation, he may be entitled to nominal damages.  Because the right to procedural due process is absolute in the sense that it does not depend on the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, the denial of procedural due process is actionable for nominal damages without proof of actual injury.

**Source:** *Carey v. Piphus*, **435 U.S. 247, 266 (1978);** *Harden v. Pataki*, **320 F.3d 1289, 1301 (11th Cir. 2003).**

# JOINT PROPOSED INSTRUCTION NO. 15

## Punitive Damages

In addition to the damages mentioned in the other instructions, the law permits you to award Mr. Barnes punitive damages in order to punish Zaccari for extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. You may award punitive damages even if you determine that, to compensate Mr. Barnes for the specific injury he suffered, only nominal damages are warranted.

If you find Zaccari's conduct was recklessly or callously indifferent to Mr. Barnes's Due Process rights, then, in addition to any other damages to which you find Mr. Barnes is entitled, you may, but are not required to, award Mr. Barnes an additional amount as punitive damages if you find it is appropriate to punish Zaccari or deter Zaccari and others from like conduct in the future. Whether to award Mr. Barnes punitive damages and the amount of those damages are within your sound discretion.

**Source: Federal Jury Practice and Instructions (5th ed. 2000), § 166.62;** *Smith v. Wade***, 461 U.S. 30 (1983).**

## JOINT PROPOSED INSTRUCTION NO. 16

### Punitive Damages

Even if you decide that Barnes has not shown any actual injury from the Due Process violation and award only nominal damages, you may nevertheless award him punitive damages if you find that Zaccari acted with callous indifference to the Plaintiff's constitutional rights.

**Source:** *Amnesty International, USA v. Battle*, **559 F.3d 1170, 1177-78 (11th Cir. 2009);** *Hewett v. Jarrard*, **786 F.2d 1080, 1088 (11th Cir. 1986);** *Smith v. Wade*, **461 U.S. 30 (1983).**

# JOINT PROPOSED INSTRUCTION NO. 17
## Defendant's Subjective Beliefs are Irrelevant

For purposes of awarding damages, it is immaterial whether or not the Defendant actually believed the Plaintiff represented some actual threat to campus security. Zaccari may be required to pay damages unless his actions were objectively reasonable, and his subjective beliefs that an emergency existed are irrelevant. The relevant question is whether a reasonable public official would have believed that it was necessary to deny the Defendant a hearing in advance of his expulsion.

**Source:** *Grider v. City of Auburn*, **618 F.3d 1240, 1257 (11th Cir. 2010);** *Anderson v. Creighton*, **483 U.S. 635, 641 (1987).**

Dated:  September 21, 2012

        Respectfully submitted,

        /s/ Robert Corn-Revere

        _____

        Robert Corn-Revere, Esq.
        DAVIS WRIGHT TREMAINE LLP
        1919 Pennsylvania Avenue, NW, Suite 800
        Washington, D.C. 20006
        (202) 973-4200
        (202) 973-4499 (fax)
        Counsel for Plaintiff


        /s/ David Will

        _____

        David Will
        ROYAL-WILL
        Law Firms
        4799 Sugarloaf Pkwy, Bldg J
        Lawrenceville, GA 30043
        770-814-8022
        770-814-8360 (fax)
        Counsel for Defendants