IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

THOMAS HAYDEN BARNES,     *
     *
Plaintiff,     *
     *
v.     *     CASE NO. 7:12-cv-00089-HL
     *
RONALD M. ZACCARI, *et al.*,     *
     *
Defendants.     *

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION *IN LIMINE*

Plaintiff Thomas Hayden Barnes ("Barnes") hereby opposes the Defendant's motion *in limine* seeking to limit the presentation of evidence relating to the events that led to the expulsion of the Plaintiff from Valdosta State University ("VSU") without prior notice or hearing, or evidence relating to the damages caused thereby.

## OVERVIEW

Defendant Zaccari asks this Court for a ruling excluding all documentary and testimonial evidence set forth in ten enumerated categories in Exhibit A to its Motion *in Limine*.  Defendant's Motion in Limine ("Def. Mot.") (Dkt. # 308) Exhibit A.  Reduced to their essence, the requested exclusions fall into two broad categories:  (1) evidence documenting the actual reasons Zaccari expelled Barnes without due process; and (2) the resulting damages.  By its motion, the Defendant

is seeking to shield the jury from knowledge of the chain of events that led to the expulsion, while permitting only evidence of the asserted defense that some kind of "emergency" existed.  In short, the Defendant is seeking to exclude evidence that is essential to the jury's ability to assess damages, while emphasizing evidence that is relevant only to a potential post-verdict defense.

Virtually all of Defendant's evidentiary objections flow from his erroneous framing of the issues for trial.  In this way, the Defendant's motion crystalizes the widely divergent views of the case set forth in the parties' pretrial submissions, including (1) the statement of undisputed facts,[1] (2) the issues for the jury set forth in the proposed pretrial order,[2] and (3) the proposed verdict forms.[3]

---

[1] Because the parties were unable to agree on a statement of facts, the Plaintiff attached to the proposed Pretrial Order the competing versions the parties produced after conferring on the order.  Additionally, Plaintiff filed a Motion *in Limine* asking the Court to adopt the Court's recitation of facts in its order on summary judgment as the statement of facts for trial.  (Dkt. # 294.)

[2] Defendant's list of issues for determination by the jury in the proposed pretrial order focuses primarily on liability issues that have already been decided by this Court and the Eleventh Circuit.  *Compare* Proposed Pretrial Order at 10 ("Was Plaintiff entitled to a pre-deprivation hearing, prior to his administrative withdrawal?"), with *Barnes v. Zaccari*, 669 F.3d 1295, 1305, 1307 (11th Cir. 2012) ("no tenet of constitutional law is more clearly established than the rule that a property interest in continued enrollment in a state school is an important entitlement protected by the Due Process Clause of the Fourteenth Amendment" and due process "requires notice and some opportunity for hearing before a student at a tax-supported college is expelled for misconduct").  Defendant's list of issues also includes questions of law that are not for the jury to decide.  *E.g.*, Proposed Pretrial Order at 11 ("Whether Defendant is entitled to qualified immunity?").

Defendant's view of the case and evidentiary objections wrongly seek to reopen issues already decided, while simultaneously limiting the facts to be considered.  Put simply, the Defendant wants a "do over" but on a different record – one skewed to his qualified immunity defense.  However, this Court made clear in its ruling on summary judgment that "the only remaining issue in this case is damages."  Order (Dkt. # 244) at 57.  The Eleventh Circuit affirmed that holding as a matter of law, but noted that the Defendant may still raise his qualified immunity defense in a post-verdict motion.  *Barnes*, 669 F.3d at 1305.

These findings are the law of the case.  *Klay v. All Defendants*, 389 F.3d 1191, 1197-98 (11th Cir. 2004).  *See also Terrell v. Household Goods Carriers' Bureau*, 494 F.2d 16 (5th Cir. 1974) (law of the case doctrine extends to all matters decided in the prior appeal by "necessary implication").  The law of the case doctrine requires that a court's legal holdings are binding in subsequent stages of the same case, and it is unaffected by reassignment of the case "from one district judge to another."  *Young v. Pleasant Valley Sch. Dist.*, 2012 WL 1827194, at *9 & n.10 (M.D. Pa. May 18, 2012).

Because of the Defendant's fundamentally flawed view of the issues presented, none of his evidentiary objections has merit.

---

[3] The first three questions on Defendant's proposed verdict form focus on Zaccari's proposed defense and not on the damages questions at issue.  The third question erroneously asks the jury to decide an issue of law.

## **ARGUMENT**

Most of the Defendant's proposed evidentiary exclusions are an illegitimate attempt to impede the jury's understanding of events that led to the Plaintiff's expulsion from VSU without notice or a hearing.  *See* Def. Mot. (Dkt. # 308) Ex. A (subjects 1-8).  The motion seeks to limit the jury to hearing only the Defendant's side of the case, without allowing any evidence of the context showing the real reasons Zaccari terminated Barnes's due process rights.  The Defendant asks the Court to permit only evidence with which he will claim an "emergency," while keeping out all evidence that shows the defense is transparently pretextual.   But the Defendant cannot have it both ways – he cannot assert a defense based on his asserted reasons for summarily expelling Barnes while seeking to keep out evidence that reveals Zaccari's true motives.  The evidence is directly relevant to the issues the jury will be called upon to decide, including punitive damages.

The remaining categories listed in the Defendant's motion likewise are illegitimate.  Neither of Defendant's requests to limit evidence on the issue of damages presents an argument based on the correct legal standard.  *See* Def. Mot. (Dkt. # 308) Ex. A (subjects 9-10).  Zaccari's request to exclude evidence of "any damages which do not flow directly from the violation," does not present an issue of relevance but one of proximate cause.  The jury first must be permitted to hear evidence of damages, and it will then decide whether proximate cause has been

established, subject to this Court's instructions.  The Defendant's final request, to exclude "[a]ny evidence offered for the purpose of punitive damages" is nothing more than a conclusory attempt to argue the merits of the punitive damages claim coupled with a final effort to keep from the jury the facts of what Zaccari did.

## I.   EVIDENCE OF THE REAL REASONS UNDERLYING THE PLAINTIFF'S EXPULSION IS RELEVANT AND ADMISSIBLE

The explanation and sequence of events that led to Zaccari's summary expulsion of Hayden Barnes has already been set forth in two prior rulings and is essential to the jury's understanding of what happened in this case, and why.  *See Barnes*, 669 F.3d at 1298-1301; Order on Summary Judgment (Dkt. # 244) at 1-20.  But the Defendant's motion seeks to exclude testimony and exhibits that set forth these events.  In short, Zaccari wants to admit evidence that he believes will bolster his claim that the expulsion was in response to an emergency, while excluding any evidence that tends to show the Defendant was motivated by other reasons entirely.  Accordingly, Defendant's motion to exclude each of the subject categories listed below should be rejected.[4]

---

[4] The Defendant's Brief in Support of its Motion *in Limine* grouped its discussions of the various subject areas it asks the Court to exclude.  For the Court's convenience, this Opposition adopts the same organization.

## A. Subjects/Matters 1-3

The Defendant asks this Court to exclude any evidence of a parody of then-President Zaccari published in the VSU *Spectator* entitled "The Unofficial Biography of Robert Carlos Cortez Zaccari," the Defendant's conversations about the article with the faculty advisor of the *Spectator*, and the subsequent Communications Board meeting at which the editors of the offending article were asked to resign. Zaccari similarly asks the Court to exclude a 2005 article from *The Chronicle of Higher Education* entitled "Paving Paradise" about an earlier successful protest involving a plan to expand parking at VSU. The Defendant asks the Court to exclude a *New York Times* article entitled "Law Limits Options When a Student is Mentally Ill," obtained by Zaccari's assistant at the time the Defendant was gathering evidence for Barnes's expulsion. Finally, Zaccari asks the Court to exclude Barnes's letter to the editor of the *Spectator* in which he expressed opposition to the proposed parking deck. None of the reasons advanced for exclusion has merit.

Zaccari's actions in response to the *Spectator* parody provide insight into how the Defendant responded to students he believed were "mocking" him. *See* Letter from Ronald Zaccari to Elizabeth Neely, June 21, 2007 (Def.'s Ex. 24) (explaining that Barnes's communications "mock[ed] my attempt to advise and communicate with him"). Such evidence satisfies the threshold of relevance set

forth in Fed. R. Evid. 401. *See United States v. Williams*, 545 F.2d 47, 50 (8th Cir. 1976) ("The relevance of a given piece of circumstantial evidence must be determined by the trial judge in view of his or her experience, judgment and knowledge of human motivation and conduct.").

The article "Paving Paradise" describes an earlier incident in which VSU decided to alter its plans to construct an expanded parking lot on the lawn area after a successful student petition drive. The incident helps explain why Zaccari responded immediately to Barnes's protest about the parking deck, and reported his activities to the Board of Regents. The article entitled "Law Limits Options When a Student is Mentally Ill," helps illustrate a pattern in which Zaccari and his assistants gathered information in order to create a pretext for expelling Barnes.

Zaccari's request to exclude Barnes's letter to the *Spectator* is particularly puzzling. The centerpiece of Zaccari's defense is that Barnes's communications were "aggressive" and that he reasonably perceived them as "threatening." There is no legitimate reason to keep Barnes's actual words from the jury, while permitting the Defendant to mischaracterize them. In this regard, it is insufficient for the Defendant merely to stipulate that Barnes and Zaccari had "differing opinions" about the parking deck. Def. Mem. (Dkt. # 308-1) at 3. The letter and other communications on the subject are essential to letting the jury form its own impression.

### B. Subjects/Matters 4-8

The Defendant seeks to bar introduction of any testimony or exhibits relating to any allegations of First Amendment violations by Zaccari or any former defendant (subject/matter 4); any allegations of violations of the Americans With Disabilities Act ("ADA") or Rehabilitation Act by Zaccari or any former defendant (subject/matter 5); any allegation of substantive due process violations by Zaccari or any former defendant (subject/matter 6);  any allegations of violations of the Family Educational Rights and Privacy Act ("FERPA") by Zaccari or any former defendant (subject/matter 7); or any allegations of violations of the Health Insurance Portability and Accountability Act ("HIPPA") by Zaccari or any former defendant (subject/matter 8).  Def. Mot. (Dkt. # 308) at 3-4.

Defendant's presumed point, that the jury should focus only on the procedural due process claim against Zaccari and not on other claims or former defendants or claims, is well-taken.  In presenting the case to the jury, Plaintiff will focus on damages caused by the Court's due process finding against Zaccari and will not assert that there were any other claims or other defendants in the case.  To the extent any information emerges at trial that alludes to other claims or mentions other former defendants, the Court may issue a corrective instruction.  That being

said, Zaccari's blanket request to exclude all evidence that relates in any way to the facts and events underlying other claims is plainly improper.

The essential facts of what happened in this case are undisputed and are essential to the jury's understanding of the events culminating in Barnes's summary expulsion.  The circumstance that not all of Plaintiff's claims have been upheld at this point in the litigation[5] does not mean that the underlying facts are irrelevant to the upcoming trial or unfairly prejudicial to the Defendant.  Quite to the contrary, it is necessary for the jury to understand what actions Zaccari took, and the reasons for them, to be able to assess whether he callously disregarded the Plaintiff's rights. Moreover, the jury will not be able to assess whether Zaccari was honestly responding to an "emergency" without the complete facts.

The cases Defendant cites do not suggest otherwise.  To begin with, the Plaintiff is not alleging that Zaccari has violated any other laws, so the citations are inapposite.  *Merritt v. Marlin Outdoor Advertising, Ltd.*, 2012 WL 1098549, at *6

---

[5] There has not yet been a final order from which the Plaintiff could appeal the District Court's findings with respect to other defendants or other counts of the Complaint, including those involving the ADA, substantive due process, and First Amendment retaliation.  In that connection, the Eleventh Circuit's decision on interlocutory appeal raised questions about the District Court's reasoning underlying its First Amendment holding.  *Barnes*, 669 F.3d at 1301 ("Zaccari announced his decision to 'administratively withdraw' Barnes at a May 3 meeting with staff and others.  He did not ask those present if he was making the right decision, and no one told him he was.  Collectively, though, the group agreed that Barnes should be withdrawn on May 7, a full four days later.").

(S.D. Ga. Mar. 30, 2012) relates to the use of evidence of past crimes (in that case, failure to file tax returns) to attack a witness's character for truthfulness. That is far removed from this case, where the Defendant is seeking to keep the jury uninformed regarding the facts underlying the expulsion in this case. Yet even in *Merritt*, the court declined to rule that the evidence was inadmissible without more information on the context in which it was offered.[6]

Accordingly, Defendant's motion to limit the presentation of relevant evidence should be rejected.

## II.   EVIDENCE OF DAMAGES IS RELEVANT AND ADMISSIBLE

### A. Subject/Matter 9

Defendant's claim that Barnes should not be permitted to present evidence of damages that do not "flow directly from a deprivation of the 'process' due Plaintiff," Def. Mot. (Dkt. # 308-1) at 4, confuses relevance with proximate cause. "The concept of logical relevancy employed in Rule 401 must be kept separate from issues of sufficiency of evidence for any purpose such as to satisfy a burden of production. 'A brick is not a wall'; relevancy is the brick, sufficiency is the

---

[6] The Defendant also cites *Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266 (5th Cir. 1989), but it is impossible to understand why, since no particular page is cited and no explanation offered as to its application here. However, *Bolton* suggests strongly that, if the Defendant is planning to argue that Zaccari was motivated by his belief there was an emergency, Barnes should be allowed to present evidence that tells the whole story. *Id*. at 1278.

wall."   Michael H. Graham, HANDBOOK OF FEDERAL EVIDENCE § 401:1 (7th ed. 2012) (quoting McCormick, EVIDENCE § 185 at 641 (5th ed. 1999)).   At trial Barnes will present evidence of the damages he has suffered as a result of Zaccari's actions and the jury will assess whether he has met his burden of proof, subject to the Court's instructions.

This is not a question of relevance.  The Supreme Court observed in *Carey v. Piphus*, 435 U.S. 247, 263-64 (1978), "we foresee no particular difficulty in producing evidence that mental and emotional distress actually was caused by the denial of procedural due process itself."  The Court explained that "[d]istress is a personal injury familiar to the law, customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff."  It defined "distress" as including mental suffering and emotional anguish, noting that while such pain is essentially subjective, "genuine injury in this respect may be evidenced by one's conduct and observed by others."  *Id*. at n.20.

In this regard, the Defendant's citation of *Young v. Pleasant Valley School District*, 2012 WL 1827194 (M.D. Pa. May 18, 2012) is inapposite.  *See* Def. Mot. (Dkt. # 308-1) at 5-6.   That case addressed questions of sufficiency of the evidence, not relevance.  Moreover, the court in *Young* clearly distinguished the issues of mental and emotional anguish arising from the deprivation of due process from damages related to diminished educational opportunities.  That court also

made clear that expert medical or psychological testimony is not required to establish that the plaintiff has suffered mental or emotional harm.[7]

In this case, Zaccari's request to prevent Barnes even from presenting evidence of his damages is illegitimate.

### B. Subject/Matter 10

The Defendant's final objection asks this Court to issue a blanket ruling disallowing Plaintiff from presenting any evidence of punitive damages. Def. Mot. (Dkt. # 308-1) at 6-13. The argument is presented largely through a series of conclusory assertions, followed by a request that the Court foreclose any trial on this issue.[8] Zaccari's motion seeks to have the Court usurp the jury's function and to simply decide the underlying factual questions without the need for evidence.

---

[7] *Young*, 2012 WL 1827194, at *20. Although *Young* does not support Defendant's evidentiary objection, it does set forth certain propositions of law regarding damages that are applicable to this case. Accordingly, the Plaintiff is proposing an additional proposed jury instructions based on *Young*. *See* Attachment 1.

[8] *See*, *e.g.*, Def. Mot. (Dkt. # 308-1) at 6 ("Defendant engaged in a good faith effort to avoid the unconstitutional deprivation of Plaintiff's rights."); 8 ("Plaintiff cannot show that Defendant was willfully indifferent to Plaintiff's complaints."); 9 ("[T]he Defendant here took careful steps to inform the Plaintiff of his right to appeal to the Board of Regents."); 10 ("[T]he Defendant did not have the requisite ill will to support the imposition of punitive damages."); 11 ("The Defendant administratively withdrew the Plaintiff based on a justified threat to safety, not because he had a malicious intent to deprive the Plaintiff of his federally guaranteed rights.").

Once again, the Defendant's request is illegitimate. The law provides that "[p]unitive damages are awarded in the jury's discretion 'to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future.'" *Smith v. Wade*, 461 U.S. 30, 54 (1983) (quoting RESTATEMENT (SECOND) OF TORTS § 908(1) (1979)). The jury cannot perform this function if Barnes is forestalled from presenting "any evidence offered for the purposes of punitive damages," as Zaccari requests. *See Soderbeck v. Burnett County*, 752 F.2d 285, 291 (7th Cir. 1985) ("[T]he plaintiff [is] free to present evidence from which a jury might infer that [the public official] in fact knew, or circumstanced as he was should certainly have known, that he was violating her federal constitutional rights.").

But the Defendant's motion fundamentally misstates the issue. It is not a question of whether the Plaintiff should be able to present "evidence of punitive damages." Rather, both sides will present evidence of what happened that led to Barnes's summary expulsion and the jury will be asked to decide the facts and determine whether they amount to a callous disregard of constitutional rights.[9] For this reason, Defendant's motion to restrict the presentation of relevant evidence should be denied, as should his highly truncated proposed statement of facts.

---

[9] In the alternative, the jury may decide that Zaccari was implementing emergency procedures, which could form the predicate for a post-trial motion for judgment notwithstanding the verdict.

Finally, the Defendant discusses a number of cases on punitive damages, but none support the proposition that a party should be foreclosed from presenting evidence of the underlying facts of the case. If anything, the cases Defendant cites *support* the award of punitive damages on facts like those presented here. In *Washington v. Kirksey*, 811 F.2d 561, 564-65 (11th Cir. 1987) (cited at Def. Mot. (Dkt. # 308-1) at 9), for example, the Eleventh Circuit held that punitive damages were warranted where "the state has gone through the mechanics of providing a hearing, but the hearing is totally devoid of a meaningful opportunity to be heard" and is effectively "a charade." In *Hewett v. Jarrard*, 786 F.2d 1080, 1084, 1089 (11th Cir. 1986) (cited at Def. Mot. (Dkt. # 308-1) at 9), the Court likewise held that punitive damages should be awarded where a juvenile was denied due process based on claims that an "emergency" precluded affording the plaintiff notice and a hearing.[10]

Zaccari misleadingly shades his discussion of applicable law to suggest that an award of punitive damages requires a showing of malice or that the defendant derived satisfaction from harming the plaintiff. Def. Mot. (Dkt. # 308-1) at 10.

---

[10] Defendant's discussion of *Hewett* focuses on the fact that that the plaintiff suffered additional damages, including physical abuse and the denial of medical attention. But the Court made clear that the denial of due process provided an independent justification for punitive damages because "no reasonable person could believe that a juvenile detainee may be placed indefinitely in isolation" with "no notice of charges or hearing provided." *Hewett*, 786 F.2d at 1089.

This is incorrect, as the cases Defendant cites make clear.  The correct standard is set forth in *Young*, which the Defendant cites:

> A jury may award punitive damages when it finds reckless, callous, intentional or malicious conduct.  The defendant's conduct must be, at a minimum, reckless or callous.  Punitive damages might also be allowed if the conduct is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard.

*Young*, 2012 WL 1827194, at *18 (internal quotation marks and citations omitted). The Court should reject Defendant's Motion *in Limine*.  Additionally, the Court should adopt the additional proposed jury instruction in order to avoid confusion as to the proper standard for punitive damages.  *See* Attachment 1.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court reject Defendant's Motion *in Limine* in toto and adopt the attached jury instruction.

Dated: September 26, 2012

Respectfully submitted,

___/s/Robert Corn-Revere_____
Robert Corn-Revere
Lisa Beth Zycherman
Erin Nedenia Reid
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com
lisazycherman@dwt.com
erinreid@dwt.com
(202) 973-4200

Cary Wiggins
Georgia Bar #757657
Wiggins Law Group
260 Peachtree Street, N.W.
Suite 401
Atlanta, GA  30303
cary@cywlaw.com
(404) 659-2880
*Counsel for Plaintiff*

**Attachment 1**

PLAINTIFF'S PROPOSED INSTRUCTION NO. 2

**Punitive Damages**

A jury may award punitive damages when it finds reckless, callous, intentional or malicious conduct.  The defendant's conduct must be, at a minimum, reckless or callous.  Punitive damages might also be allowed if the conduct is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard.

**Source: *Young v. Pleasant Valley Sch. Dist*., 2012 WL 1827194, at \*18 (M.D. Pa. May 18, 2012);  *Wright v. Sheppard*, 919 F.2d 665, 670-672 (11th Cir. 1990).**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2012, I electronically filed the foregoing Plaintiff's Opposition to Defendant's Motion *in Limine* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    /s/Robert Corn-Revere
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com