IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, ) | |
| ) | |
| Defendant. ) | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S "MOTION TO LIMIT DEFENDANT'S USE OF PRIVILEGED AND UNFAIRLY PREJUDICIAL EVIDENCE"

**A. Plaintiff has waived the privilege originally protecting his psychotherapy notes.**

The information regarding Plaintiff's therapeutic history should be presented to the jury to ensure both relevance and avoid unfair prejudice. Plaintiff, in his Motion in Limine, concedes the facts of this case cannot be understood without reference to the Plaintiff's therapeutic background.

In Jaffee v. Redmond, 518 U.S. 1 (1996), the Supreme Court recognized the psychotherapist and patient privilege, and used F.R.E. 501 to protect "confidential communications between a licensed psychotherapist and her patients [made] in the course of diagnosis or treatment. . . ." Jaffee, 518 U.S. at 15. In Stevenson v.

1

Stanley Bostitch, Inc., 201 F.R.D. 551, 555 (N.D. Ga. 2001), the court provided a thorough discussion of the post-Jaffee decisions addressing the psychotherapist-patient privilege. After noting the absence of Eleventh Circuit guidance on the issue, the court reviewed the circumstances under which a patient was deemed to have waived his psychotherapist-patient privilege under Jaffee. A consensus of courts hold the privilege is waived where a party places his "mental condition in issue." Stevenson, 201 F.R.D. at 556. Many cases distinguish between cases presenting a "'garden variety' claim of emotional distress," which does not waive the privilege, and cases where a patient's psychiatric condition is clearly at issue and justifies a waiver. Id. at 556-57.

Here, Plaintiff waived that privilege when he placed his mental health at issue. Plaintiff had a preexisting mental illness (which he has alleged impaired a major life activity) prior the administrative withdrawal and has claimed newly developed mental distress and emotional pain as a result of his administrative withdrawal. Similar to preexisting conditions in a personal injury case, Plaintiff has placed his conditions prior to the administrative withdrawal at issue in the case at hand.

## B. Plaintiff is Relying on Plaintiff's Psychotherapists' Testimony During Trial

Additionally, Plaintiff is relying on the testimony and exhibits authenticated through Leah McMillan and Dr. Kevin Winders, both identified as witnesses at

trial. Dr. Winders is Plaintiff's longer-term psychiatrist, and Leah McMillan was Plaintiff's therapist during Plaintiff's tenure at VSU.  Both will testify to Plaintiff's lack of a propensity for dangerousness at the time of Plaintiff's administrative withdrawal.  The Rules of Evidence clearly state that the Defendant will have the opportunity to cross examine the Plaintiff's witness. FRE 611. The Rule states that cross-examination should not go beyond the subject matter of the direct examination. Defendant seeks to have expert witness, Dr. Matthew Norman, a forensic psychiatrist, testify as to the factors that contribute to a propensity for dangerousness.  Dr. Norman has reviewed the psychotherapy notes of McMillan and Winders and came up with a differing opinion related to factors toward dangerousness existing in Plaintiff at the time Plaintiff was administratively withdrawn.  Defendant is entitled to a thorough cross-examination of the psychotherapy notes existing prior to Barnes administrative withdrawal to complete and support his opinion.

Dr. Norman's testimony includes expert opinion related to the potential for psychotherapy patients to malinger.  Dr. Norman has relied on the therapy notes and diagnoses existing before and after Barnes' withdrawal from the University to complete and support his analysis.

Dr. Norman will further clarify the issue of damages Barnes claims by reviewing the differences in the therapy notes and diagnoses existing before and after Barnes' withdrawal from the University.

## C. <u>Plaintiff's Therapeutic History, and Previous Drug Use Is Essential in Determining Damages</u>

In making the determinations of Plaintiff's asserted emotional pain and mental anguish claims, it is essential for the juries to know of Plaintiff's emotional and mental state prior to the administrative withdrawal, during the administrative withdrawal, and after the administrative withdrawal occurred. Plaintiff concedes he was being treated for anxiety and depression prior to the administrative withdrawal. This is both relevant and probative information for a jury to know if they determine the Plaintiff has suffered emotional pain and mental damages. Moreover, this is pivotal information in determining whether the Plaintiff had been suffering from emotional pain and mental anguish prior to the administrative withdrawal or whether the administrative withdrawal caused the Plaintiff emotional pain and mental anguish.

The evidence sought to be excluded by the Plaintiff was revealed in Plaintiff's deposition, based on disclosures he had previously made and documents which were obtained in discovery. So as to be compliant with the terms of the

protective order entered in this case, Defendant has not set out herein the specifics, but will do so at the time of the pretrial conference.

The fact that the evidence revealed unsavory, unpleasant, and in some cases, illegal conduct on the part of the Plaintiff does not give reason to automatically exclude it. The Defendant submits that it is relevant, probative, and not unfairly prejudicial.

**D. Leah McMillan's Psychotherapy Notes Contain Notes That She Recommended that Barnes Should Take a Semester Off of School at the Very Time He Was Administratively Withdrawn.**

McMillan believed that Barnes should take the next semester off of school. McMillan wrote that belief in her notes during her therapy session with the Plaintiff on April 26, 2007, several days prior to Zaccari finalizing his decision to withdraw Barnes. McMillan confirms this recommendation in her deposition. WHEREFORE, the Court should DENY Plaintiff's Motion In Limine to limit the use of Plaintiff's psychotherapy and medical history evidence.

This, the 26th day of September, 2012.

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

5

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax

## CERTIFICATE OF SERVICE

This is to certify that I have, this 26th day of September, 2012, served a true and correct copy of the within and foregoing ***DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT DEFENDANT'S USE OF PRIVILEGED AND UNFAIRLY PREJUDICIAL EVIDENCE*** upon all counsel of record by placing same in the United States Mail, postage prepaid, properly addressed to:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006


**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax