## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | <u>7:12-CV-89 (HL)</u> |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF'S "MOTION TO AVOID CONFUSION AT TRIAL OVER THE TERM 'ADMINISTRATIVE WITHDRAWAL'"</u>

It is what it is.  Despite the repeated attempts of Plaintiff's counsel to characterize it as something else, namely an "expulsion," the challenged action is an "administrative withdrawal."  The letter documenting the decision is labeled as such, and throughout the litigation, all of the witnesses have identified it as such.

When asked at her deposition, VSU's in-house counsel, Laverne Gaskins, testified that the action was an "administrative withdrawal" and <u>not</u> an expulsion:

> "Q.  Mr. Corn-Revere had asked you a series of questions in which he referred to Mr. Barnes as being expelled.  He was not expelled, was he?
> A.  No.  He was administratively withdrawn.

1

Q. And, unlike expulsion, which is a permanent sanction, the administrative withdrawal letter clearly said he could return under certain circumstances, correct?
A. That's correct."
[deposition of Laverne Gaskins, p. 1990]

At least one other witness testified in the same manner: "Q. In my interpretation, even though – back to what I just said: To this day I'm not sure he was expelled I still believe, that way I interpret what happened, that there was some opportunities for him to return…." [deposition of Kurt Keppler, p. 174]  In fact, the Plaintiff himself testified it was an "administrative withdrawal." "Q. Now, you used the word 'expulsion.'  That's not correct, is it.  A. No; its actually administrative withdrawal." [deposition of Hayden Barnes, p. 116]

The administrative withdrawal of the Plaintiff was not an "expulsion."  An expulsion is a defined term.  It is defined as "Expulsion:  permanent severance of the student's relationship with the University." (Student Handbook, p. 65 § IV(A) Disciplinary Sanctions).  As defined, and as commonly understood in colleges and universities, an "expulsion" is a final act, permanently severing the relationship between the university and student.  The Plaintiff's administrative withdrawal was not a permanent severance of the relationship between the Plaintiff and VSU. Instead, it was a "time out;" a "cooling off" period for the Plaintiff – a remedy fashioned to deal with the unique situation presented by the Plaintiff.  The

2

Defendant intended and fully expected, that the Plaintiff would return to VSU to complete his studies after satisfying the conditions for his return.  An expelled student would generally not be expected to return, but as noted by Dr. Keppler there were some opportunities for the Plaintiff to return.

The Plaintiff's reliance on Jackson v. Alabama State Tenure Commission, 405 F. 3d. 1276 (11th Cir. 2005) is misplaced.  The statement in the opinion relied upon by the Plaintiff is dicta.  While the decision by the Court of Appeals becomes law of the case, dicta does not.  See McDonald's Corporation v. Robertson, 147 F. 3d. 1301 (11th Cir. 1998), Carnes, J. concurring:  "Somewhat like statements in a law review article written by a judge, or a judge's comments in a lecture, dicta can be used as a vehicle for offering to the bench and bar that judge's views on an issue, for whatever those views are worth [but] ….. dicta in our opinions is not binding on anyone for any purpose." Id at 1315.  (cits omitted; bracketed material added.)

The Plaintiff's motion should be denied.  The action was an administrative withdrawal.  That is what it should be referred to in the presence of the jury.  If anything, it would create more confusion to the jury to refer to the action as an "expulsion."

3

This, the 26th day of September, 2012.

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax

4

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have, this 26th day of September, 2012, served a true and correct copy of the within and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S "MOTION TO AVOID CONFUSION AT TRIAL OVER THE TERM 'ADMINISTRATIVE WITHDRAWAL'"** upon all counsel of record by placing same in the United States Mail, postage prepaid, properly addressed to:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel. / (770) 814-8360 Fax