IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S "MOTION TO SET TRIAL PROTOCOL FOR PLAINTIFF'S USE OF FORMER DEFENDANTS AS WITNESSES"

Plaintiff cannot have his cake and eat it too. The Plaintiff should not be allowed to treat Laverne Gaskins or Leah McMillan as hostile or adverse witnesses under Fed. R. Evid. 611 (c) or be allowed the privilege of asking leading questions of them if he calls them as witnesses during his case in chief. Rule 611 (c) provides that *"Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, and adverse party, or a witness identified with an adverse party, interrogation may be by leading questions."* While the Plaintiff sued Defendants Gaskins and McMillan, they are no longer parties to the case, so they are not

1

"adverse parties." In large part, their testimony has been helpful to the Plaintiff, and they cannot be considered "hostile" witnesses to him. As the University itself is not on trial, they cannot be considered to be "identified" with Dr. Zaccari, who is being sued in his individual capacity, and has been retired from VSU for more than four years. Importantly, the Court should note that both Ms. Gaskins and Ms. McMillan were represented by separate counsel, and not by counsel for the Defendant. Even if "identified with" Dr. Zaccari, the district court has the discretion to allow or disallow leading questions of a witness. <u>Jaffe v. Bank of America, N.A.</u>, page 9 (11th Cir. 2010). It may well be that favorable testimony may be offered for both Plaintiff and Defendant by McMillan and Gaskins. Likewise, they may offer testimony that is not favorable to a party, which is presumably why the Plaintiff is calling them in his case in chief to provide testimony favorable to the Plaintiff and detrimental to the Defendant.

Ms. Gaskins and Ms. McMillan should be treated no differently than any other witness--the party calling them on direct does not get to ask leading questions of them, but the opposite party may do so on cross-examination. With respect to their status as former parties, the Defendant submits that either party, on cross-examination, should be to inquire as to the fact that they were sued by the Plaintiff, should they chose to do so.

WHEREFORE, the Court should DENY Plaintiff's Motion In Limine to treat former Defendants as hostile witnesses.

This, the 26th day of September, 2012.

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax

## CERTIFICATE OF SERVICE

This is to certify that I have, this 26th day of September, 2012, served a true and correct copy of the within and foregoing ***DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO SET TRIAL PROTOCOL FOR PLAINTIFF'S USE OF FORMER DEFENDANTS AS WITNESSES*** upon all counsel of record by placing same in the United States Mail, postage prepaid, properly addressed to:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006


**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net

Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax