IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST AND MOTION TO STRIKE PROFFERED TESTIMONY OF PREVIOUSLY UNDISCLOSED WITNESSES AND ALL IRRELEVANT TESTIMONY**

Plaintiff hereby submits objections to Defendant's proposed witness list. (Dkt. # 296.) Defendant seeks to call as witnesses six individuals who have never been identified as having information related to this action before. Accordingly, Plaintiff moves to strike the proffered testimony of those six previously undisclosed witnesses pursuant to Fed. R. Civ. P. 37(c)(1). In addition, Plaintiff objects and moves to strike any witness testimony on matters that are not relevant to the forthcoming trial on damages. Fed. R. Evid. 402; *United States v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Moreover, in addition to being irrelevant, Defendant's witnesses' testimony is duplicative and should thus be limited.

# ARGUMENT

## A. Defendant Should Be Barred From Calling Previously Undisclosed Witnesses At Trial

At the early stages of this litigation, each party submitted Initial Disclosures pursuant to Fed. R. Civ. P. 26, indicating (among other things) all individuals who may have information related to the claims and allegations set forth in Plaintiff's Complaint, or defenses thereof.  Defendant submitted a list of such individuals on January 5, 2009.  (*See* Dkt. # 46-2.)   Based on Defendant's list, Plaintiff commenced discovery of these individuals, including taking deposition testimony of nearly all of the witnesses identified by Defendant.  Now, over three years after the close of discovery in this proceeding, Plaintiff has identified six witnesses for trial who were ***never*** identified by Defendant as having information related to Plaintiff's claims, namely: (1) Tom Hardy; (2) Jonathan Strobel; (3) Jimmy Fields; (4) Melinda Cutchens; (5) Jim Black; and (6) John Eunice.  These witnesses should be barred from testifying pursuant to the Federal Rules of Civil Procedure, which were designed to prevent unfair and prejudicial surprise such as this.

By naming these six previously undisclosed individuals as trial witnesses, Defendant has revealed his utter failure to comply with his burden to supplement or correct earlier discovery responses.  A party's duty to supplement or correct prior disclosures arises "if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(a)(1)(A);

*Faulk v. Volunteers of Am.*, 444 F. App'x 316, 317 (11th Cir. 2011) (per curiam). This duty applies to early disclosures mandated under Rule 26(a). The duty to supplement or correct earlier discovery responses continues even after the close of scheduled discovery.[1] *See* Adv. Comm. Notes on 1993 Amendments to Fed. R. Civ. P. 26(e) ("Supplementations … should be made … with special promptness as the trial date approaches"); *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011) ("[T]he duty to supplement continues even following the close of discovery."). Indeed, a party must supplement or correct its early disclosures and amend incomplete or incorrect discovery responses "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A); *Royalty Petroleum Co. v Arkla, Inc.*, 129 F.R.D. 674, 678 (W.D. Okla. 1990) (supplemental responses on eve of trial would amount to "trial-by-ambush").

Defendant cannot save the witness testimony of the six previously unidentified witnesses by claiming that he intends to use their testimony solely for impeachment. While there is generally no obligation to disclose witnesses to be used for the purpose of impeachment, *Rasmussen v. Central Fla. Council Boy Scouts of Am., Inc.*, 412 F. App'x 230, 235 (11th Cir. 2011), disclosure is required

---

[1] Moreover, to the extent that any of these individuals are mentioned in any documents exchanged by the parties during discovery or mentioned by any person during a deposition does not excuse or take the place of a disclosure under the Federal Rules. *See* Adv. Comm. Notes on 1993 Amendments to Fed. R. Civ. P. 26(a); *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010).

if the same witnesses may also be used to support any party's claims or defenses. *Ross v. Corporation of Mercer Univ.*, 506 F. Supp. 2d 1325, 1344 (M.D. Ga. 2007).

Defendant's proffered subject matter for the six previously unidentified witnesses does not indicate in any way that their testimony would be used solely for impeachment purposes. Instead, Defendant indicates that, at the least, these witnesses will be providing substantive testimony ostensibly in support of his defenses. Namely, Defendant states that (1) Tom Hardy will testify "about the [VSU] Threat Response Team and his dealings with the Plaintiff"; (2) Jonathan Strobel will testify "to the procedures made available to students at VSU who wished to effect change on campus; … the disciplinary procedures available to students on campus, and … his dealings with Dr. Zaccari"; (3) Jimmy Fields will testify "to his experiences with Dr. Zaccari as a former student at VSU"; (4) Melinda Cutchens will testify "about her observations as a close member to the President's office during the time that the Plaintiff was actively communicating with the President's office; and … the President's Office as the office of last resort for campus level conduct-related procedures"; (5) Jim Black will testify "as to his dealings with the Plaintiff and his dealings with the Defendant regarding the Plaintiff's situation"; and (6) John Eunice will testify "to his dealings with the Defendant as a student." (Dkt. # 296, Def.'s Witness List at 2-4.) At no point does

4

Defendant indicate, much less explain, how these previously unidentified witnesses will be used for impeachment purposes only. Accordingly, Defendant's last-minute identification of these six witnesses cannot be excused.

In ruling on the exclusion of a witness or his testimony, a court must consider: (1) the importance of the testimony; (2) the reason for the party's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness is allowed to testify. *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004); *Wilkening v. Veolia ES Evergreen Landfill, Inc.*, 2011 WL 4625718, at *1-2 (M.D. Ga. Oct. 3, 2011). Here, Defendant neither listed the six proposed witnesses in his initial disclosures under Rule 26(a), nor attempted to supplement his disclosures with this information under Rule 26(e). Defendant also ignored these glaring defects in his proposed witness list, failed to provide a reason for these errors, and failed to explain why the exclusion of this evidence would be in any manner prejudicial to him. Moreover, none of these witnesses' testimony is essential to Defendant insofar as he has designated them all as "may call" witnesses. In contrast, Plaintiff has had no opportunity to learn, probe, analyze, or refute any of the factual allegations these six previously undisclosed witnesses might make at trial. Defendant's omissions are thus "hardly harmless." *Ross*, 506 F. Supp. 2d at 1344.

5

Due to his failure to comply with the Federal Rules, Defendant should be barred from presenting any testimony from the six previously undisclosed witnesses at trial. A party who fails to amend a prior disclosure as required by Rule 26(e) may be barred from using a previously undisclosed witness at trial. Fed. R. Civ. P. 37(c)(1); *Nance v. Ricoh Elec., Inc.*, 381 F. App'x 919, 922-23 (11th Cir. 2010). The purpose of Federal Rules is to prevent unfair and prejudicial surprise, not to facilitate last-minute production of evidence. Accordingly, the testimony of Tom Hardy, Jonathan Strobel, Jimmy Fields, Melinda Cutchens, Jim Black, and John Eunice must be excluded from the forthcoming trial on damages.

### B. All Irrelevant Testimony By Defendant's Proffered Witnesses Should Be Excluded From Trial

At the forthcoming trial on damages, the jury will be asked to weigh the evidence and render decisions on the extent of Plaintiff's (1) out-of-pocket losses resulting from his illegal expulsion from the University; (2) his emotional anguish; and (3) whether the Defendant is liable for punitive damages insofar as he demonstrated callous disregard for Plaintiff's constitutional rights. Thus, the only testimony and evidence that is relevant to this proceeding will demonstrate Plaintiff's financial losses, the emotional toll the expulsion has had on Plaintiff, and the information Defendant relied on at the time he made his decision to expel Plaintiff from the University. Most, if not all, of Defendant's proffered witness testimony has no bearing on any of these issues. Accordingly, Plaintiff objects to

the proffered irrelevant testimony and hereby moves to strike the admission of any such irrelevant testimony at trial.

In particular, Defendant states that Elizabeth Neely will testify "to the climate facing the nation's universities after the tragic Virginia Tech shooting." Ms. Neely may well provide evidence regarding her consultation with the Defendant prior to the expulsion, or her role overseeing the administrative appeal. However, her general observations regarding the "climate" facing "the nation's universities" is not relevant to the questions the jury will decide. Fed. R. Evid. 402; *United States v. DuBose*, 598 F.3d 726, 732 (11th Cir. 2010). Even if relevant, such information is unfairly prejudicial and should be excluded. Fed. R. Evid. 403; *United States v. Silverman*, 745 F.2d 1386, 1398-99 (11th Cir. 1984). As set forth in Plaintiff's Motion *in Limine* to Limit Defendant's Use of Privileged and Unfairly Prejudicial Evidence, (Dkt. # 290 at 13), the Court should bar the use of evidence or argument by the Defendant that attempts to draw a comparison between Barnes and other individuals, such as Seung-Hui Cho, the shooter at Virginia Tech University, because such claims have no probative values and are simply calculated to inflame the jury.

Defendant also states that Leah McMillan will testify to "her observations, treatment, and recommendations related to her role as the Plaintiff's therapist," and identifies Plaintiff's therapist Dr. Kevin Winders as a potential witness. As

discussed in Plaintiff's *motion in limine*, testimony regarding Plaintiff's treatment history – which was unknown to Defendant at the time he expelled Barnes from the University – is wholly irrelevant and should be excluded at trial. (*See* Dkt. # 290.) Indeed, many subjects of McMillan's and Dr. Winder's deposition testimony and treatment notes include information that, even if relevant, would be unfairly prejudicial and should be excluded on that basis. Fed. R. Evid. 403; *Silverman*, 745 F.2d at 1398-99. Moreover, testimony regarding Plaintiff's therapist-patient communications are privileged and must remain privileged even though his care and treatment, or the nature and extent of his injuries, have been put at issue in this proceeding. Fed. R. Evid. 501; *Hicks v. Talbott Recovery Sys., Inc.*, 196 F.3d 1226, 1237 (11th Cir. 1999).

Moreover, Defendant states that Ann Farmer and Tom Hardy, will testify regarding the University's "Threat Response Team," which did not exist at the time Defendant expelled Plaintiff from the University. Consequently, any testimony referring to the Threat Response Team is wholly irrelevant to the issue of whether Defendant acted with callous disregard for Plaintiff's constitutional rights, and must be excluded. Moreover, in addition to being irrelevant, Defendant's witnesses' testimony on this topic is duplicative and should thus be limited.

In addition, general testimony by Elizabeth Neely, Russ Mast, Richard Lee, Jonathan Strobel, and Melinda Cutchens regarding "procedures" available at the University, including disciplinary procedures and "procedures made available to students at VSU who wished to effect change on campus," and "the President's Office as the office of last resort for campus level conduct-related procedures," are irrelevant and should be excluded. This Court and the Eleventh Circuit have already determined that Defendant infringed Plaintiff's constitutional right to procedural due process when he expelled Barnes from the University without notice or a hearing. *Barnes v. Zacarri*, 669 F.3d 1295, 1305 (11th Cir. 2012); Order (Dkt. # 244) at 29-30. Any testimony regarding the "procedures" available on campus to students are irrelevant to the issue at the forthcoming damages trial of whether Defendant acted with callous disregard for Plaintiff's constitutional rights when he decided to expel Barnes. Moreover, in addition to being irrelevant, Defendant's witnesses' testimony on this topic is duplicative and should thus be limited.

Furthermore, testimony by Russ Mast, Richard Lee, Tom Hardy, Thressea Boyd, Kimberly Tanner, and Jim Black regarding their impressions of the Plaintiff are wholly irrelevant to the issues set for determination at the forthcoming trial on damages and should, therefore, be excluded. The only point of view that is relevant is Defendant's, and his testimony is relevant only with respect to

9

information he knew at the time he made the decision to expel Barnes without a hearing. In this regard, the proffered testimony of Jonathan Strobel, Jimmy Fields, and John Eunice regarding their general impressions or experiences with the Defendant is likewise irrelevant to the issue of whether Defendant acted with callous disregard for Plaintiff's constitutional rights and should also be excluded. Moreover, in addition to being irrelevant, Defendant's witnesses' testimony on these topics is duplicative and should thus be limited.

And, of course, Defendant's designation of Matthew Norman as a witness is addressed in Plaintiff's motion *in limine* for a ruling excluding Norman's testimony entirely from trial. (Dkt. # 293.)

### C.   Defendant's Witness List Is Confusing And Requires Clarification

In addition to the foregoing objections, Defendant's Witness List is confusing and requires clarification. In particular, Defendant provides that Zaccari "is the only witness that the Defendants 'will call,'" and that the remaining twenty witnesses enumerated in his list, plus any witnesses Plaintiff has indicated he may call, "are on the Defendant's 'may call' list." (Dkt. # 296, Def.'s Witness List at 1.) Confusingly, Defendant also states that he will call Victor Morgan and Dr. Kevin Winders to testify "as []rebuttal witness[es] to clarify." (*Id.* at 3.) As the Defendant in this action, Zaccari will not be presenting rebuttal. Defendant's only opportunity to present witness testimony will be in response to Plaintiff's

direct case. Plaintiff is the only party that will be presenting rebuttal testimony, following Defendant's presentation of testimony and evidence. Accordingly, Defendant's statement that he intends to present Morgan and Dr. Winders' testimonies as "rebuttal witness[es]" requires clarification.

## CONCLUSION

WHEREFORE, Plaintiff hereby submits his objections to Defendant's Witness List, and:

   a) moves to strike the admission of testimony by six previously undisclosed witnesses;

   b) respectfully requests that, should the court allow testimony by undisclosed witnesses, the Court grant Plaintiff permission to depose those individuals after the close of discovery;

   c) moves this Court to require Defendant to pay reasonable attorney fees and expenses incurred to depose previously undisclosed witnesses caused by his failure to disclose these witnesses at an earlier date;

   d) moves to strike the proffered irrelevant testimony of Defendant's witnesses on the grounds stated herein.

Dated: September 26, 2012

        Respectfully submitted,

        __/s/Robert Corn-Revere_____
        Robert Corn-Revere
        Lisa Beth Zycherman
        Erin Nedenia Reid
        Davis Wright Tremaine LLP
        1919 Pennsylvania Avenue, N.W.
        Suite 800
        Washington, DC  20006-3401
        bobcornrevere@dwt.com
        lisazycherman@dwt.com
        erinreid@dwt.com
        (202) 973-4200


        Cary Wiggins
        Georgia Bar #757657
        Wiggins Law Group
        260 Peachtree Street, N.W.
        Suite 401
        Atlanta, GA  30303
        cary@cywlaw.com
        (404) 659-2880

        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2012, I electronically filed the foregoing Plaintiff's Objections to Defendant's Witness List and Motion to Strike Proferred Testimony of Previously Undisclosed Witnesses and All Irrelevant Testimony with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    __/s/Robert Corn-Revere_____
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com