IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No.: |
| ) | 1:08-CV-0077-CAP |
| RONALD M. ZACCARI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF MATTHEW W. NORMAN, M.D.

Personally appeared before the undersigned officer duly authorized to administer oaths, Matthew W. Norman, M.D., who, being duly sworn, deposes and says as follows:

1.

My name is Matthew W. Norman. I am competent to make this Affidavit. I make this Affidavit of my personal knowledge.

2.

I am a licensed physician in the State of Georgia, practicing psychiatry.

3.

I make this Affidavit in connection with the Plaintiff's Motion to Exclude my testimony as an expert in this case.

4.

I was first contacted on July 6, 2009, by Holly Hance, one of the attorneys for the Defendants.

5.

I agreed to review records for her and to consult with her regarding the case. I provided her with a C.V. and advised her of my fees.

6.

On August 3, 2009, I was contacted by Ms. Hance, who requested that I prepare my report.

7.

At no time was I ever asked by her or her colleague, David Will, to include or exclude findings or conclusions from my report.

8.

At no time was it agreed upon, or even discussed, that my being retained was conditioned upon my findings or conclusion being favorable to the Defendants.

9.

When I spoke with Ms. Hance on August 3, 2009, I told her that I was going to the beach for a family vacation and would be out of town until August 12, 2009. I told her that I would prepare a report following my return.

10.

I submitted my report to Ms. Hance on August 16, 2009.

11.

I did not provide a draft of it to Defendants' counsel for their review prior to it being finalized.

12.

On October 30, 2009, I was served with pre-deposition discovery requesting me to produce voluminous documents to Plaintiff's counsel prior to my deposition.

13.

It is my customary practice to require attorneys to prepay for the expected time for preparing and sitting for my deposition.

14.

My office prepared an invoice for my fees to respond to the Plaintiff's document requests, which was submitted to Plaintiff's counsel.

15.

Plaintiff's counsel refused to pay the invoice for my time and expenses. I retained an attorney and, in consultation with Ms. Hance and Plaintiff's counsel, it was agreed that I would be paid $1824.25 as payment for my expenses and fees prior to the deposition.

16.

I appeared for my deposition on November 19, 2009. At that time, Mr. Corn-Revere paid me $1824.25, for the expenses I incurred for responding to his discovery requests.

17.

Mr. Corn-Revere expressly agreed to pay my hourly rate of $350 for my time for the deposition.

18.

Mr. Corn-Revere expressly agreed to pay my hourly rate for reviewing the transcript after my deposition was transcribed.

19.

Mr. Corn-Revere has not paid me for my time for sitting for the deposition, nor has he paid me for my time for my reviewing the transcript, and is indebted to my practice in the amount of $4305.00.

20.

I was given an opportunity to review the deposition of Dr. Kevin Winders prior to my deposition being taken.

21.

Nothing in Dr. Winders testimony caused me to change my opinions as set out

in my report.

22.

Since my deposition, I have reviewed the videotaped deposition of the Plaintiff. My review of the Plaintiff's videotaped deposition did not change my opinions as set out in my report and as I testified to in my deposition.

23.

Since my deposition, I have also read the deposition of Ms. Kelly Burke, the Plaintiff's mother. It did not change my opinions as set out in my report and as I testified to in my deposition.

24.

In the expert report I prepared for the Defendants, I intended for all of the factors listed in the in the "reasonable person" section to *not* be exclusive from the "reasonable clinician" section. The factors listed in the "reasonable opinion" section as numbers "1" through "11" on pages 4 through 5, are also the factors which would be considered by the "reasonable clinician."

25.

An in-person evaluation of the Plaintiff would not have changed my testimony, report, or opinions on the risk factors presented in the Plaintiff. An in-person assessment of the Plaintiff, anytime outside the period of April to May 2007, would

not have provided any additional data to change my analysis of the risk factors in this case.

Further affiant sayeth not.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No.: |
| ) | 1:08-CV-0077-CAP |
| RONALD M. ZACCARI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **VERIFICATION**

Personally appeared MATTHEW NORMAN, who, after being duly sworn, states that the facts alleged in the foregoing **Affidavit of Dr. Matthew W. Norman, M.D.**, are true and correct to the best of his knowledge, belief and information.

_____
Dr. Matthew Norman

Sworn to and subscribed before me this
4th day of January, 2010.

_____
Notary Public

My commission expires:

11.15.13

[Notary Seal: JENNIFER F HARDY, NOTARY PUBLIC, FULTON COUNTY, GEORGIA, MY COMMISSION EXPIRES NOVEMBER 15, 2013]