IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S SUPPLEMENT TO HIS
MOTION *IN LIMINE* TO LIMIT DEFENDANT'S USE
OF PRIVILEGED AND UNFAIRLY PREJUDICIAL EVIDENCE**

Plaintiff Thomas Hayden Barnes ("Barnes") hereby submits a Supplement to his Motion *in Limine* to assist the Court in identifying the deposition testimony, exhibits, and witnesses that should be excluded from trial if the Court grants Plaintiff's motion. By this submission, Plaintiff is not asking the Court to exclude any evidence or testimony beyond what has already been identified in Plaintiff's earlier objections and motions. Rather, this supplement merely organizes its combined requests within the rubric set forth in Plaintiff's Motion *in Limine* to Limit Defendant's Use of Privileged and Unfairly Prejudicial Evidence.[1]

---

[1] (Dkt. # 290.) This supplemental organizing document is not intended to alter the substance of its previously filed motions and objections. Those filings should control if the attachments to the supplemental filing fail to include a reference to an exhibit, witness, or deposition section through error or inadvertent omission.

Attachment 1 hereto lists deposition references (identified by witness, page, and line), exhibits, and witnesses that should be excluded because they contain privileged psychotherapist-patient information, or sensitive information of low probative value, the admission of which would unfairly prejudice the Plaintiff. Motion *in Limine* (Dkt. # 290) at 4-11.

Attachment 2 hereto lists deposition references (identified by witness, page, and line), exhibits, and witnesses that should be excluded because there is no foundation to support their admission with respect to Defendant's claim of an "emergency" to justify his denial of due process. Motion *in Limine* (Dkt. # 290) at 12-13.

Attachment 3 hereto lists deposition references (identified by witness, page, and line) and proposed testimony that should be excluded because they are part of an effort to use material from outside the record to inflame the jury's emotions. Motion *in Limine* (Dkt. # 290) at 13.

Dated:  September 26, 2012

Respectfully submitted,

  /s/Robert Corn-Revere        
Robert Corn-Revere
Lisa Beth Zycherman
Erin Nedenia Reid

Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com
lisazycherman@dwt.com
erinreid@dwt.com
(202) 973-4200

Cary Wiggins
Georgia Bar #757657
Wiggins Law Group
260 Peachtree Street, N.W.
Suite 401
Atlanta, GA  30303
cary@cywlaw.com
(404) 659-2880
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2012, I electronically filed the foregoing Supplement to Plaintiff's Motion *in Limine* to Limit Defendant's Use of Privileged and Unfairly Prejudicial Evidence with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

           __/s/Robert Corn-Revere_____
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com