# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, ) | |
| ) | |
| Defendant. ) | |

## PROPOSED SPECIAL INTERROGATORIES
## SUBMITTED BY DEFENDANT

1. Did the Defendant act with malice or with reckless indifference to the Plaintiff's federally protected rights, such that punitive damages should be assessed against the Defendant?

    Yes    No    (circle one)

2. Does the jury find by a preponderance of the evidence that the Defendant had reason to believe that Plaintiff was a threat to the safety of Valdosta State University's campus?

    Yes    No    (circle one)

3. Does the jury find by a preponderance of the evidence that an objectively reasonable person in the Defendant's position would have found that the Plaintiff presented a potential danger to persons or property, or that the Plaintiff was a potential threat to safety of Valdosta State University's campus, sufficient to warrant an emergency suspension or expulsion?

    Yes    No    (circle one)

4. Does the jury find by a preponderance of the evidence that the Defendant acted reasonably under the circumstances at that time?

   Yes   No     (circle one)

5. Does the jury find by a preponderance of the evidence that, using the perspective of a reasonable person in Defendant's position, rather than 20/20 hindsight, that it was reasonably necessary for Defendant to administratively withdraw the Plaintiff?

   Yes   No     (circle one)

6. Does the jury find by a preponderance of the evidence that, using the perspective of a reasonable person in Defendant's position, rather than 20/20 hindsight, the administrative withdrawal of the Plaintiff was objectively reasonable?

   Yes   No     (circle one)

7. Does the jury find by a preponderance of the evidence that the Defendant acted in a negligent manner, and that, as such, the Defendant's conduct did not rise to a level of an intentional constitutional deprivation?

   Yes   No     (circle one)

8. Did the Board of Regents Policy 1902 provide Defendant with one appropriate method for withdrawing the Plaintiff from the University as long as Plaintiff could appeal his withdrawal to the Board of Regents?

   Yes   No     (circle one)

9. Would an on-campus disciplinary panel, composed of fellow students, the decision which was appealable to Defendant (as the then-President of the University), have been an appropriate process for Plaintiff to have been offered under the circumstances?

   Yes   No     (circle one)

10. Did the Board of Regents afford Plaintiff a sufficient procedure to hear his case considering all facts and circumstances at that time?

    Yes   No     (circle one)

11. Did Defendant rely on the legal advice of the Board of Regent's attorney, Betsey Neely, when he made the decision to withdraw Plaintiff from Valdosta State University and allow him appeal rights to the Board of Regents?

    Yes   No     (circle one)

12. Did Defendant knowingly violate Plaintiff's procedural due process rights when he withdrew Plaintiff from Valdosta State University?

    Yes   No     (circle one)

13. Did Defendant act reasonably under the circumstances at that time?

    Yes   No     (circle one)

14. Did Defendant face a case of first impression (a case the University had never seen before) when he was making his decision related to Plaintiff's behavior?

    Yes   No     (circle one)

15. Was Defendant ever told he could NOT withdraw Plaintiff from the University, and have the decision heard on appeal by the Board of Regents, because such withdrawal would be unconstitutional or unlawful?

    Yes    No    (circle one)


16. Was the Defendant ever clearly told that a withdrawal, and resulting appeal to the Board of Regents, would be unconstitutional or a violation of procedural due process under the circumstances?

    Yes    No    (circle one)




                                    _____
                                    Jury Foreperson                Date








This, the 2nd day of October, 2012.
                                    /s/ David C. Will_____
                                    DAVID C. WILL, Ga. Bar No. 760150


                                    /s/ Holly Hance_____
                                    HOLLY HANCE, Ga. Bar No. 760150



4

**CERTIFICATE OF SERVICE**

This is to certify that I have, this 2nd day of October, 2012, served a true and correct copy of the within and foregoing ***PROPOSED SPECIAL INTERROGATORIES SUBMITTED BY DEFENDANT*** upon all counsel of record by e-filing the same in the Court's electronic filing system, which will automatically deliver a copy of the same to:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 200
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092