IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | Case No. 7:12-cv-00089-HL |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S TRIAL EXHIBITS & DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS LIST AND MOTION TO STRIKE TESTIMONY OF PREVIOUSLY UNDISCLOSED WITNESSES AND ALL IRRELEVANT TESTIMONY**

Plaintiff Thomas Hayden Barnes ("Barnes") hereby moves to strike Defendant's Response to Plaintiff's Objections to Defendant's Trial Exhibits ("Trial Exhibits") [Dkt. #332] and Defendant's Response to Plaintiff's Objections to Defendant's Witness List and Motion to Strike Proffered Testimony of Previously Undisclosed Witnesses and All Irrelevant Testimony ("Witness List") [Dkt. #331]. The Defendant's untimely and improper replies mark the third time in as many weeks that the Defendant has flouted the Court's rules by filing late or improper pleadings without first seeking permission of the Court. Barnes asks that the Court strike Defendant's latest improper filings for the following reasons: <u>first</u>, because the filings constitute improper replies that are prohibited by the Court's pretrial order; and <u>second</u>, because the filings add nothing of value to the briefing that has already been completed. If the Court decides to consider the filing, Barnes seeks permission to file a sur-reply in response.

<u>First</u>, the Court should strike Defendant's replies because they constitute improper filings in violation of the Court's pretrial order. As set forth by Barnes in his Motion to Strike Defendant's Reply to Plaintiff's Opposition to Defendant's Motion *in Limine* [Dkt. #330],

1

Defendant's repeated improper and untimely filings violate the Court's pretrial order, which made it clear to the parties that "[a]ny responses or other documents filed after that time or on the day of the pretrial conference will not be considered by the Court."  [Dkt. #289]  The Defendant has repeatedly ignored the Court's pretrial order by filing not one, not two, not three, but four supplemental pleadings after the close of pretrial briefing.  Defendant's filings are a violation of the Court's pretrial order.  On October 2, 2012, Defendant late filed Defendant's Proposed Special Interrogatories to the Jury more than a week past the Court's deadline.  One week later, on October 10, 2012, and two weeks after the conclusion of briefing, Defendant filed a reply to Plaintiff's Opposition to Defendant's Motion *in Limine*.  Continuing his pattern of untimely and improper filings, Defendant filed a response to Plaintiff's Objections to Defendant's Trial Exhibits and Plaintiff's Objections to Defendant's Witness List and Motion to Strike on October 17, 2012, three weeks after the conclusion of the parties' pretrial briefing.  Defendant offered no explanation for the untimely and improper filings nor did he seek leave of the Court prior to filing.  Defendant's filings are in violation of the pre-trial order issued by the Court.  Accordingly, the unauthorized submissions should be stricken from the record.

Second, the court should strike Defendant's improper reply because it will not assist the trier of fact in deciding the issues before the Court.  The parties have already extensively briefed the matters at issue.  While it is clear that the Defendant seeks to play catch-up on the issues discussed in his Responses to Plaintiff's Objections to Defendant's Trial Exhibits and Witness List, the fact remains that the supplemental briefing filed by the Defendant merely rehashes the same arguments Defendant made in his pretrial filings and presents no new information for the Court's consideration.  However, if the Court decides to not strike Defendant's late and improper filings, Plaintiff requests the opportunity to respond by filing a sur-reply.

Dated October 22, 2012

        Respectfully submitted,

        */s/ Robert Corn-Revere*
        Robert Corn-Revere
        Lisa Beth Zycherman
        Erin Nedenia Reid
        Admitted *Pro Hac Vice*
        Davis Wright Tremaine LLP
        1919 Pennsylvania Avenue, N.W.
        Ste. 800
        Washington, DC 20006
        202-973-4200
        Email: bobcornrevere@dwt.com

        */s/ Cary Stephen Wiggins*
        Cary Stephen Wiggins
        Georgia Bar No. 757657
        The Wiggins Law Group
        260 Peachtree Street, NW
        Suite 401
        Atlanta, GA 30303
        404-659-2880
        Email: cary@cywlaw.com

        */s/ Darl Hilton Champion, Jr.*
        Darl Hilton Champion, Jr.
        Georgia Bar No. 91007
        Warshauer Law Group, P.C.
        3500 Riverwood Parkway
        Suite 2000
        Atlanta, GA 30339
        404-892-4900

        Email: dhc@warlawgroup.com

        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2012 I electronically filed the foregoing Motion to Strike Defendant's Response to Plaintiff's Objections to Defendant's Trial Exhibits & Defendant's Response to Plaintiff's Objections to Defendant's Witness List and Motion to Strike Testimony of Previously Undisclosed Witnesses and All Irrelevant Testimony with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This 22nd day of October, 2012

*/s/ Robert Corn-Revere*
Robert Corn-Revere
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W., Ste. 800
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com