IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD M. ZACCARI, )<br>)<br>Defendant. ) | Civil Action No.<br><br>7:12-CV-89 (HL) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO STRIKE**
**(DOC. #330,333)**

Defendant has, at all times, been up front with the Court, acted in good faith to comply with the Court's orders, and acted reasonably under the applicable rules.

The parties were required to file several comprehensive documents with the Court by 12:00 p.m. (noon) on Friday, September 21, 2012.  Doc. #289.  Included in said documents due on September 21st, was "A proposed verdict form, including any special written interrogatories that the parties may wish to have addressed by the jury."  Prior to the Court's issuing this Order, both of Defendant's lawyers had previously scheduled conflicts which caused them to be absent on the date that these documents were filed (and the weekend following the date in which they were filed).  Upon returning to the office the following week, Defendant's counsel reviewed the filings done through the electronic filing system and realized

1

that their assistants had omitted the filing of the "special written interrogatories," which should have been attached to the "proposed verdict form." Defendant's counsel immediately contacted the courtroom deputy to seek guidance on the omission. Defendant's counsel called and emailed several times over a period of about a week, and never received a response. Thereafter, Defendant's counsel emailed Plaintiff's counsel the proposed filing; and thereafter filed "Proposed Special Interrogatories Submitted by Defendant" (Doc. #326) on October 2, 2012. Defendant respectfully seeks leave of Court to have Document #326 to be considered by the Court, and apologizes for the inadvertent omission.

Plaintiff cites to a portion of the Order (Doc. #289) which reads "Any responses or other documents filed after that time or on the day of the pretrial conference will not be considered by the Court." Doc. #289 at 4. Plaintiff omits other relevant portions of the Court's Order which read:

> At the pretrial conference on October 2, 2012 each party shall: . . . c. Make and respond to any objections to the exhibits not related to authenticity. Any objections not made at the pretrial conference shall be deemed waived unless otherwise ordered by the Court or unless the objections could not have been known at the time of the pretrial conference. d. Make and respond to any objections to witnesses. Any objections to witnesses not made at the pretrial conference shall be deemed waived unless otherwise ordered by the Court or unless the objections could not have been known at the time of the pretrial conference. e. Make and respond to any objections to depositions or the contents thereof. Any objections to depositions not made at the pretrial conference shall be deemed waived unless otherwise ordered by the Court or unless the objection could not be known at the time of the pretrial conference . . . . f. Be prepared to argue any motion that is pending.

Doc. #289 at 5-7.

The Local Rules for the Middle District of Georgia permit "Respondent's counsel desiring to submit a response, brief, or affidavits shall serve the same within twenty-one (21) days after service of movant's motion and brief."  Local Rule 7.2.  Similarly, "Movant's counsel shall serve any desired reply brief, argument, or affidavit within fourteen (14) days after service of respondent's response, brief, or affidavit."  Local Rule 7.3.

The pretrial conference was the previously intended forum for voicing all of Defendant's responses and/or replies to any pending motions or objections.  The pretrial conference has been rescheduled several times, once by the motion of Plaintiff's counsel.  The pretrial conference has now been removed altogether from the Court's calendar.  Therefore, there is no definite forum for voicing Defendant's responses and replies to the pending motions and objections.  Moreover, the Court's Order permits consideration of arguments and evidence in response to "objections [which] could not have been known at the time of the pretrial conference."  Doc. #289 at 6.  Defendant's interpretation of these existing orders, rules, and rescheduling is reasonable.  Defendant hoped that the Court would consider Defendant's timely filing of responses and replies, to documents which were filed on September 26, 2012, the last date for filings on the initial pretrial schedule.  In the alternative, Defendant seeks leave that the Court consider all of

Defendant's filings.

WHEREFORE, Defendant requests that Plaintiff's Motions to Strike be DENIED, and that the Court consider all evidence, arguments, and other filings submitted by Defendant.

This, the 6th day of November, 2012.

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net
Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax

## **CERTIFICATE OF SERVICE**

This is to certify that I have, this 6th day of November, 2012, served a true and correct copy of the within and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO STRIKE (DOC. #330,333)** upon all counsel of record by e-filing the same with the court's electronic filing system, which will automatically send an electronic copy of the same to:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL, Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE, Ga. Bar No. 153092
hhance@royallaw.net
Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA  30044
(770) 814-8022 Tel./(770) 814-8360 Fax