# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| THOMAS HAYDEN BARNES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT SUBMISSION AS TO

## OBJECTIONS TO DEPOSITION TESTIMONY

The parties have conferred with respect to the objections to deposition testimony previously submitted by the parties. Based on the Plaintiff's representations of what deposition testimony may actually be used at trial, the Court's ruling is requested on the following excerpts of the deposition testimony of Dr. Kurt Keppler, which is expected to be offered by the Plaintiff. (For the Court's convenience, the full testimony for each page follows this chart.)

The Defendant's objections and the Plaintiff's responses are as follows:

| | PAGE / LINE | BASIS FOR OBJECTION | PLAINTIFF'S RESPONSE |
|---|---|---|---|
| 1 | p. 12, line 21 – p. 15, line 25 | Testimony regarding the Chronicle of Higher Education article of 11/05/2005 involving a student over a proposed | The article, which discusses a student protest of a 2005 plan to create a parking lot on the university lawn, and Keppler's testimony |

1

| | | | |
|---|---|---|---|
| | | parking lot. The Plaintiff was not involved. Neither the testimony nor the article is relevant to the pending due process claim, and if it is relevant, the danger of confusing the issues or misleading the jury outweighs any probative value. Fed. R. Evid. 401, 402, 403 | regarding the University administration's response to that protest is relevant to explain why Zaccari responded immediately to Barnes's protest about the parking deck, and reported his activities to the Board of Regents. It is also relevant to assessing whether the Defendant was responding to a perceived "emergency." There is no danger of confusing the issues or misleading the jury because Keppler testifies that he was familiar with the 2005 parking lot protest and subsequent testimony offers a comparison with the administration's response to the Plaintiff's protest. |
| 2 | p. 18, line 20 – p. 22, line 11 | Testimony regarding "The Unofficial Biography of Robert Carlos Cortez Zaccari," which appeared in the VSU Student Newspaper. This is also the subject of the Defendant's Motion in Limine. This article was written by students as a test of the faculty advisor. This article was apparently not reviewed by the faculty advisor, was published, and was the subject of an inquiry that led to the resignation of the student editors. The Plaintiff was not involved. With the exception of being | Zaccari's actions in response to the *Spectator* parody provide insight into how the Defendant responded to students he believed were "mocking" him. *See* Letter from Ronald Zaccari to Elizabeth Neely, June 21, 2007 (Def.'s Ex. 24) (explaining that Barnes's communications "mock[ed] my attempt to advise and communicate with him"). It is undisputed that Zaccari contacted the *Spectator's* advisor to express his |

2

| | | | |
|---|---|---|---|
| | | the subject of the article, the Defendant was not involved. The testimony and article are not relevant to the pending due process claim, and if it has any probative value, it is unfairly prejudicial, and will confuse the issues and mislead the jury. Fed. R. Evid. 401, 402, 403 | concern about the student parody. Such evidence satisfies the threshold of relevance set forth in Fed. R. Evid. 401. The parody is also a point of comparison between the Defendant's non-emergency response to an article that used his name and image and stated that "[s]tudents were ready to shoot the man down," and his categorization of Barnes's Facebook collage as a serious "threat." |
| 3 | p. 26, line 12 – p. 25, line 25 | Attempt to elicit improper opinion testimony from Dr. Keppler as to what he would have done. Prohibited by Fed. R. Evid. 704. Additionally, Dr. Keppler said he did not have all of the facts that Dr. Zaccari had when he made his decision. | At trial, Barnes will use Keppler's deposition to present evidence that Keppler did not consider Barnes a threat and that Defendant expelled Barnes without due process or notice. Keppler is a key participant in the events that led to the expulsion and his testimony is directly relevant to the Plaintiff's claims and the Defendant's asserted defense. Keppler's testimony does not unfairly prejudice the Defendant simply because it conflicts with his defense. Fed. R. Evid. 403. Keppler's opinion as to whether Barnes should have been expelled is further relevant to Zaccari's June 21, 2007 letter to the Board of Regents (P22), which stated |

3

|   |   |   | that campus administrators "collectively decided" to expel the Plaintiff. |
|---|---|---|---|
| 4 | p. 30 | Whether Dr. Keppler considered the Facebook collage a threat to campus safety is not relevant; and if it does have any probative value, it would be unfairly prejudicial. Fed. R. Evid. 401, 402, 403 | Keppler's testimony does not unfairly prejudice the Defendant simply because it conflicts with his defense. Fed. R. Evid. 403. Keppler's opinion as to whether he would have considered the Facebook collage a threat is relevant to Zaccari's June 21, 2007 letter to the Board of Regents (P22), which stated that campus administrators "collectively decided" to expel the Plaintiff. Keppler was a direct participant in the very events that the Defendant asserts should lead a reasonable university administrator to conclude an emergency existed. |
| 5 | p. 68, line 24 – p. 70, line 25 | Attempt to elicit improper opinion testimony from Dr. Keppler as to what he would have done. Prohibited by Fed. R. Evid. 704. Additionally, Dr. Keppler said he did not have all of the facts that Dr. Zaccari had when he made his decision. | Keppler's testimony does not unfairly prejudice the Defendant simply because it conflicts with his defense. Fed. R. Evid. 403. Keppler's opinion as to whether he would have considered the Facebook collage a threat is relevant to Zaccari's June 21, 2007 letter to the Board of Regents (P22), which stated that campus administrators "collectively decided" to expel the Plaintiff. Defendant's objection goes |

4

| | | | to weight of the evidence, not relevance. |
|---|---|---|---|
| 6 | p. 85 – 89 | Not relevant. Any probative value is outweighed by unfair prejudice. Additionally, improper attempt to elicit opinion testimony. Fed. R. Evid. 401, 402, 403, 704 | Keppler's testimony does not unfairly prejudice the Defendant simply because it conflicts with his defense. Fed. R. Evid. 403. Keppler's opinion as to whether he agreed with Zaccari is relevant to Zaccari's June 21, 2007 letter to the Board of Regents (P22), which stated that campus administrators "collectively decided" to expel the Plaintiff. Keppler was a direct participant in the very events that the Defendant asserts should lead a reasonable university administrator to conclude an emergency existed. Defendant's objection goes to weight of the evidence, not relevance. |
| 7 | p. 117 | Attempt to elicit improper opinion testimony from Dr. Keppler as to what he would have done. Prohibited by Fed. R. Evid. 704. Additionally, Dr. Keppler said he did not have all of the facts that Dr. Zaccari had when he made his decision. | Keppler was a direct participant in the very events that the Defendant asserts should lead a reasonable university administrator to conclude an emergency existed. Keppler's opinion as to whether he would have expelled the Plaintiff is relevant to Zaccari's June 21, 2007 letter to the Board of Regents (P22), which stated that campus administrators "collectively |

5

|   |   |   | decided" to expel the Plaintiff. |
|---|---|---|---|
| 8 | p. 128 – 130 | Not relevant. Any probative value is outweighed by unfair prejudice.<br>Fed. R. Evid. 401, 402, 403 | Keppler's testimony does not unfairly prejudice the Defendant simply because it conflicts with his defense. Fed. R. Evid. 403. Keppler's opinion as to whether the Plaintiff's expulsion was supported by provisions in the campus code of conduct is relevant to Zaccari's June 21, 2007 letter to the Board of Regents (P22), which stated that campus administrators "collectively decided" to expel the Plaintiff. Keppler was a direct participant in the very events that the Defendant asserts should lead a reasonable university administrator to conclude an emergency existed. |
| 9 | p. 132 – 134 | Not relevant. Any probative value is outweighed by unfair prejudice.<br>Fed. R. Evid. 401, 402, 403 | Keppler's testimony does not unfairly prejudice the Defendant simply because it conflicts with his defense. Fed. R. Evid. 403. Keppler's opinion as to whether the Plaintiff's expulsion was supported by provisions in the campus code of conduct is relevant to Zaccari's June 21, 2007 letter to the Board of Regents (P22), which stated that campus administrators "collectively decided" to expel the Plaintiff. Keppler |

6

| | | | |
|---|---|---|---|
| | | | was a direct participant in the very events that the Defendant asserts should lead a reasonable university administrator to conclude an emergency existed. |
| 10 | p. 142 - 144 | Not relevant. Any probative value is outweighed by unfair prejudice.<br>Fed. R. Evid. 401, 402, 403 | Keppler's testimony does not unfairly prejudice the Defendant simply because it conflicts with his defense. Fed. R. Evid. 403. Keppler's opinion as to whether he agreed with the manner in which Plaintiff was expelled is relevant to Zaccari's June 21, 2007 letter to the Board of Regents (P22), which stated that campus administrators "collectively decided" to expel the Plaintiff. |

Respectfully submitted this 7th day of January, 2013.

Attorneys for Plaintiff:

/s/ Robert Corn-Revere
ROBERT CORN-REVERE
Admitted *Pro Hac Vice*
bobcornrevere@dwt.com
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, NW, Ste. 200
Washington, DC  20006
(202) 973-4200 Tel.

/s/ Cary S. Wiggins
CARY WIGGINS
Ga. Bar No. 153092
cary@wigginslawgroup.com
Wiggins Law Group

Attorneys for Defendant:

/s/ David C. Will
DAVID C. WILL
Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 757657
hhance@royallaw.net

ROYAL - WILL
4799 Sugarloaf Parkway
Building J
Lawrenceville, Georgia  30044

7

8

| | |
|---|---|
| 260 Peachtree St., NW, Suite 401 | (770) 814-8022 Tel. |
| Atlanta, Georgia  30303 | (770) 814-8360 Fax |
| (404) 659-2880 Tel. | |

DWT 20909523v2 0050062-082088