**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTIONS
TO TRIAL PROCEDURE**

Plaintiff Hayden Barnes hereby opposes Defendant's objections (Dkt. 342) to the Court's January 16, 2013 Order (Dkt. 339) trifurcating the forthcoming trial on damages.

**<u>First</u>**, the Defendant's intractable confusion about the issues to be decided at this stage of the case continues unabated.  Defendant's characterization of the Eleventh Circuit's holding merely rehashes the argument presented in his unauthorized reply pleading (Dkt. 327) that this Court considered – and rejected – at the Pretrial Conference.  (*See* Dkt. 339 at 5) ("the issue of liability is no longer in this case").  Defendant's assertion that he "remains entitled to qualified

immunity," (Dkt. 342 at 2), is simply mystifying in light of the three previous rulings in this case denying his qualified immunity defense.[1]

The Defendant continues to assert that the Eleventh Circuit somehow reopened the question of liability.  (Dkt. 342 at 1-2) (complaining that the Court's procedural ruling "deprives the opportunity for the jury to determine if, under the circumstances presented, whether a predeprivation hearing was even required"). But the Court of Appeals could not have been clearer about the state of the law regarding the Plaintiff's right to a hearing before he was expelled:  "[N]o tenet of constitutional law is more clearly established than the rule that a property interest in continued enrollment in a state school is an important entitlement protected by the Due Process Clause of the Fourteenth Amendment."  *Barnes v. Zaccari*, 669 F.3d 1295, 1305 (11th Cir. 2012).   It has never been disputed that the Defendant deprived the Plaintiff of this right without notice and without pre-deprivation process of any kind.  Thus, the Defendant's liability is established as a matter of law.  *Id*. at 1305-06.

The Eleventh Circuit's further finding that the qualified immunity defense "does not drop out of the case," *id*. at 1308, is not to the contrary.  The Court

---

[1] *Barnes v. Zaccari*, 669 F.3d 1295 (11th Cir. 2012); *Barnes v. Zaccari, et al.*, Case No. 1:09-cv-00077, Dkt. 37 at 24-25 (Nov. 19, 2008) (ruling on motion to dismiss); *Barnes v. Zaccari, et al*., Case No. 1:09-cv-00077, Dkt. 244 at 45-46 (Sept. 3, 2010) (ruling on summary judgment).

explained that the Defendant may once again raise his defense, but only **_after_** the trial in a post-verdict motion for judgment as a matter of law.[2]   Defendant erroneously seeks to conflate the liability question that already has been decided with his affirmative defense, which first requires a factual finding as a predicate for the legal argument that post-deprivation remedies were adequate (or at least cloaked by qualified immunity).

The Defendant's error stems in large part from a failure to consider the nature of the interlocutory appeal that was before the Eleventh Circuit.  He claims that the Court of Appeals "mysteriously fails to address the issue of Barnes' Motion for Summary Judgment," (Dkt. 327 at 3), but it is a mystery only to him. The Eleventh Circuit made quite clear that the interlocutory appeal conferred jurisdiction only over "the district court's denial of qualified immunity for Zaccari," *Barnes*, 669 F.3d at 1302 n.6, which was predicated on the erroneous theory that no property right had been recognized in this circuit that would require a pre-deprivation hearing.  In this posture, any attempt to appeal the denial of a qualified immunity defense because of any potential factual disputes would have

---

[2] Accordingly, a motion for judgment as a matter of law under Rule 50(a) would not be appropriate, since such motion "may be made at any time before the case is submitted to the jury."  Fed. R. Civ. P. 50(a)(2).  Under the Eleventh Circuit's holding, a post-verdict motion under Rule 50(b) would be permissible, but only if the jury finds facts or inferences in dispute that are relevant to the qualified immunity defense.  Fed. R. Civ. P. 50(b).

been premature and inappropriate for an interlocutory appeal. *Johnson v. Jones*, 515 U.S. 304, 313 (1995).

Likewise, it would have been inappropriate for the Court of Appeals to decide what process would be due in the event of an emergency, since that was not what the Eleventh Circuit was required to decide to resolve the interlocutory appeal. And, to the extent that issue is raised in a post-verdict motion, the type and extent of process that must be provided is a legal question to be decided by the Court only *if* the jury were to find that an emergency existed. *Cottrell v. Caldwell*, 85 F.3d 1480 (11th Cir. 1996) ("Qualified immunity is a legal issue to be decided by the court, and the jury interrogatories should not even mention the term.").

**Second**, the Defendant's complaint that the trial procedures are "unfairly prejudicial" and will preclude the jury from "hear[ing] all relevant evidence," (Dkt. 342 at 1, 3), simply misunderstands the Court's Order.[3]  The jury will hear all evidence relevant to the issue of damages in Phase One of the trial, including evidence sufficient to determine the threshold question of whether punitive damages are warranted.  (*See* Order, Dkt. 339 at 5).  Accordingly, in addition to evidence on the extent of his injuries, the Plaintiff will be permitted to present

---

[3] The Order encouraged the parties "to contact the Court directly" if "there are any questions about the Phases of the trial."  Dkt. 339 at 7.  Had Defendant taken the Court up on its offer, it is unlikely it would have been necessary to file its objection.

evidence to establish that the reasons given for his dismissal from VSU were entirely pretextual, thus establishing the necessary elements of a punitive damages claim (either by malicious intent or callous disregard of his rights). At the same time, the Defendant would be allowed to present evidence attempting to show that his reasons were valid, and that he did not callously disregard the Plaintiff's established rights in the process.

If the jury determines in Phase One that punitive damages are appropriate, the parties will present any additional evidence relevant to that issue in Phase Two. (*Id.*). As the Court suggested, evidence relevant to Phase Two "will include evidence of Defendant Zaccari's financial situation." (*Id.*). At the end of Phase Two, the parties will identify any factual disputes that are left unresolved for a jury to address in Phase Three, if necessary. If the Court finds that Phase Three is appropriate, the parties will present evidence on the factual issues identified. If the Court were to permit expert testimony of either Dr. Matthew Norman or Professor Robert O'Neil, for example, it would be presented during this phase.

If this brief description does not accurately characterize what was set forth in its Order, the Plaintiff asks that the Court clarify the trial procedure. Plaintiff believes that the procedure as described above and in the Court's Order would not confuse the jury, require witnesses to be called two or three times, or unfairly

prejudice the Defendant.  Accordingly, the objection to the trial procedures should be denied.

**<u>Third</u>**, Defendant's claim that special interrogatories are mandatory is incorrect.  (Dkt. 342 at 3).  The Court made clear that such tools are discretionary and that findings in earlier phases of the case may render their use unnecessary. For example, if the jury were to find that the Plaintiff's dismissal was pretextual or motivated by malice, it would be unnecessary to ask separately whether an emergency existed.  By definition, if the expulsion was pretextual, there was no emergency.  Thus, the parties will be allowed to argue at the end of Phase Two whether, based on the jury's findings, Phase Three is necessary.  If no factual disputes remain at that point, there would be no need to conduct Phase Three.

Defendant incorrectly cites *Johnson v. Breeden*, 280 F.3d 1308 (11th Cir. 2002) to support his claim that the use of special interrogatories are mandatory. Notably, *Johnson* reaches the *opposite* conclusion of the proposition for which it is cited.  The Eleventh Circuit there upheld the district court's *denial* of qualified immunity, and held further that it was not reversible error for the court to deny the defendant's request for jury interrogatories.  *Id*. at 1318-19.  It found that the verdict form on the merits obviated the need for additional interrogatories on the qualified immunity issue.  *Id*. at 1319-20.

And so it is here.  A jury finding that punitive damages are warranted should negate the need to ask the jury whether an emergency existed, although the Defendant will have the opportunity to argue otherwise.   Whether such interrogatories must be used is left to the Court's discretion, and it depends on the particular issues left to be decided in a given case.  *Cottrell*, 85 F.3d at 1487 ("[A] district court can, 'when needed, . . . use special verdicts or written interrogatories to the jury to resolve disputed facts before the judge rules on the qualified immunity question.'") (citations omitted).

Defendant also misconstrues the purpose of special interrogatories.  He asks the Court to adopt a procedure in which the jury will consider punitive damages only after it "answers the special interrogatories rejecting qualified immunity." (Dkt. 342 at 4).  Not only does this proposed procedure get the sequence wrong, it improperly proposes asking the jury to answer interrogatories that address legal conclusions and questions of liability.  This is plainly wrong.  *See*, *e.g*., *Cottrell*, 85 F.3d at 1488 ("[J]ury interrogatories should be restricted to the who-what-when-where-why type of historical fact issues."); *Johnson*, 280 F.3d at 1318 (same).  The Defendant's confusion about the purpose of interrogatories is further illustrated by his late-filed proposed special interrogatories, which improperly ask numerous questions about matters of law.  (Dkt. 326).

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Objections to Trial Procedure.


Dated: January 23, 2013

Respectfully submitted,

_____/s/Robert Corn-Revere_____
Robert Corn-Revere
Lisa Beth Zycherman
Erin Nedenia Reid
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com
lisazycherman@dwt.com
erinreid@dwt.com
(202) 973-4200


Cary Wiggins
Georgia Bar #757657
Wiggins Law Group
260 Peachtree Street, N.W.
Suite 401
Atlanta, GA  30303
cary@cywlaw.com
(404) 659-2880

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2013, I electronically filed the foregoing Plaintiff's Opposition to Defendant's Objections to Trial Procedure with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        /s/Robert Corn-Revere
                                 Robert Corn-Revere
                                 Davis Wright Tremaine LLP
                                 1919 Pennsylvania Avenue, N.W.
                                 Suite 800
                                 Washington, DC  20006-3401
                                 bobcornrevere@dwt.com