IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES,<br><br>    Plaintiff<br><br>v.<br><br>RONALD ZACCARI,<br><br>    Defendant. | Civil Action 7:12-cv-89 (HL) |

**ORDER**

The Court ordered the parties to provide summaries of the expert reports of Professor Robert O'Neil and Dr. Matthew Norman. After reviewing these summaries, the Court finds that the testimony of O'Neil shall be excluded completely, and the testimony of Dr. Norman shall be admitted for the limited purpose of presenting evidence on the issue of Plaintiff Thomas Hayden Barnes's ("Barnes") psychiatric damages.

Barnes offers the testimony of Professor Robert O'Neil for the purpose of rebutting Defendant Ronald Zaccari's ("Zaccari") emergency defense. Barnes contends that O'Neil will testify on the issue of what "constitutes an emergency under school disciplinary procedures, and whether the circumstances in this case justified dispensing with pre-deprivation remedies." (Doc. 341, p. 2.) Barnes further states that O'Neil will analyze a letter written by Zaccari justifying his decision to withdraw Barnes and, using his professional experience, will testify

that the letter does not support that Barnes was a threat to the campus of Valdosta State University ("VSU"). Id.

O'Neil's testimony shall be excluded based on a previous decision in this case by Judge Charles Pannell of the Northern District of Georgia. In that decision, Judge Pannell excluded O'Neil's testimony about whether a reasonable university president would perceive a risk from Barnes's speech activities, reasoning that the opinion was "not beyond the understanding of the average lay person and will not help the trier of fact." (Doc. 160, p. 2-3.) This Court finds no reason to disturb Judge Pannell's decision. The Court agrees that Zaccari's testimony is within the understanding of jurors, making O'Neil's testimony unnecessary.

Similarly, the Court finds that much of Dr. Norman's proposed testimony is not necessary to explain matters that are beyond the reach of an average lay person. Zaccari contends that Dr. Norman should be allowed to present an expert opinion on several issues. First, Zaccari wants to present testimony that a reasonable person could have deemed Barnes a danger based on record review. Second, Dr. Norman would testify that a reasonable mental health clinician could find that Barnes was a danger to the VSU campus. Third, Zaccari wishes to use Dr. Norman to testify that Zaccari was "essentially requesting" a forensic psychiatric evaluation of Barnes during the period after the Virginia Tech shooting. Dr. Norman would further testify that if this forensic evaluation was given, it would have revealed that Barnes was unfit to continue as a student at

VSU. Fourth, Dr. Norman would testify to the conflicts of interest that he claims affected Dr. Winders and Leah McMillan, Barnes's treating psychologists. Dr. Norman contends that both Winders and McMillan labored under conflicts arising from their clinical relationship with Barnes that left them unable to properly evaluate his level of dangerousness. Fifth, Dr. Norman would testify that Zaccari acted reasonably under the circumstances. Finally, Dr. Norman would testify that Barnes did not suffer any psychiatric consequences as a result of Zaccari's actions in 2007.

The Court finds that all of Dr. Norman's proposed testimony about reasonableness shall be excluded. The question of reasonableness is one for the jury to decide in the context of qualified immunity, and no expert testimony is necessary on this issue. Further, no expert testimony is necessary on the issues of Zaccari's wish for a forensic evaluation of Barnes and the conflicts that may have affected Dr. Winders and McMillan. These subjects are not outside the realm of understanding of the jury and, if necessary, evidence about these subjects can be presented by other witnesses.

Dr. Norman's testimony about whether Barnes suffered any psychiatric consequences as a result of Zaccari's actions is admissible. This testimony is relevant to the issue of damages and Dr. Norman is qualified under Federal Rule of Evidence 702 to testify as an expert about his method of record review and the conclusions he drew from his review. As to Barnes's objections, the Court notes that Dr. Norman will be available for cross-examination, and any objections that

Barnes has to Dr. Norman's method of evaluation can be dealt with then. Dr. Norman's opinions about the damages, or lack thereof, suffered by Barnes as a result of Zaccari's actions are admissible at trial.

For the reasons stated above, the expert testimony of Prof. O'Neil is excluded. The testimony of Dr. Norman shall be limited such that Dr. Norman may only testify as to his expert opinion about the damages suffered by Barnes as a result of Zaccari's actions. If at trial other reasons arise that incline the parties to move for admission of expert testimony notwithstanding this Order, the parties may make a motion at that time.

This Order resolves the Motions in Limine regarding these experts. Plaintiff's Motion in Limine to exclude the testimony of Dr. Norman (Doc. 293) is granted in part and denied in part. Plaintiff's Motion in Limine to permit the testimony of Prof. O'Neil (Doc. 295) is denied.

**SO ORDERED**, this 28th day of January, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr