IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

THOMAS HAYDEN BARNES,

    Plaintiff,

v.

RONALD ZACCARI, et al.,

    Defendants.

CASE NO.
7:12-CV-000 89-HL

## LEAH MCMILLAN'S
## BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND SANCTIONS

COMES NOW LEAH MCMILLAN, who files this brief in support of her Motion for Attorney's Fees and Sanctions as follows:

### I. BACKGROUND

This case was originally filed back on January 9, 2008. In the Complaint, Plaintiff asserted First Amendment retaliation and due process claims against Mrs. McMillan in her individual capacity. (Doc. 1, Counts 1-4, pp. 23-28). The Complaint also contained American with Disabilities and Rehabilitation Act claims against Mrs. McMillan in her official capacity. (Doc. 1, Counts 6 & 7, pp. 29-31). As this Court is well aware, Mrs. McMillan was a staff counselor at Valdosta State

University ("VSU") and provided Plaintiff psychotherapy at various intervals while he attended VSU.  (Doc. 167, p. 6).

Mrs. McMillan filed a motion to dismiss on April 1, 2008.  (Docs. 17 & 18). The District Court responded by dismissing Plaintiff's official capacity claims against Mrs. McMillan.  (Doc. 37, pp. 29-30).  The Court however allowed Plaintiff's individual capacity claims to proceed solely because of his contention that Mrs. McMillan was allegedly present at a meeting held on the VSU campus on May 3, 2007 that resulted in his expulsion.  (Doc. 43, pp. 3-4).

The parties to this case proceeded to discovery.  Immediately, it became abundantly clear Plaintiff knew Mrs. McMillan had not retaliated against him for the exercise of his First Amendment Rights.  As Plaintiff testified in his deposition, "I don't have any specific evidence for [Mrs. McMillan] releasing information prior to my administrative withdrawal in retaliation for my beliefs regarding the parking garage, to my knowledge."  (Doc. 167, p. 5).  Such testimony was of no surprise because it simply mirrored the language of the Complaint.  Indeed, the Complaint shows Plaintiff knew Mrs. McMillan had repeatedly told Defendant Zaccari, before and after his withdrawal, that he posed no threat "indirectly or directly to anyone on the VSU Campus" and that Mrs. McMillan had lobbied on Plaintiff's behalf for him to remain a student.  (Doc. 1, ¶¶ 39, 42, 59).

As discovery progressed, Plaintiff's having premeditatedly filed a false

First Amendment retaliation claim against Mrs. McMillan became ever more evident. As the Court highlighted when granting Mrs. McMillan's motion for summary judgment:

> All of the evidence produced in this case shows that there was a steadfast disagreement between McMillan and Zaccari regarding the issue of Barnes withdrawal from VSU. McMillan consistently and repetitively voiced her objection to Zaccari's opinion that Barnes or the Facebook collage was a threat. She argued that Barnes should be permitted to remain a student, and then lobbied for Barnes' re-admission after Zaccari served notice of the withdrawal.

(Doc. 244, pp. 26-27).

Incredulously, Plaintiff ignored such evidence by repeatedly stating that the issue of whether Mrs. McMillan shared information about him **out of retaliation** for his opposing the construction of the VSU parking deck is "**immaterial** to the issue of McMillan's unauthorized disclosure of confidential information.[1]" (Doc. 223, pp. 18-27). (Emphasis added). It is indeed unfathomable how Plaintiff could say the issue of **retaliation** is somehow "immaterial" to the **First Amendment retaliation** case he filed against Mrs. McMillan.

Plaintiff's due process claims against Mrs. McMillan were also known to be false when filed. Plaintiff knew when he filed this case that Mrs. McMillan had

---

[1] Throughout this case, Plaintiff indignantly stuck his head in the sand regarding the fact that he did not file a breach of confidentiality cause of action against Mrs. McMillan. Plaintiff's not asserting such a claim was not oversight. Plaintiff knew he did not have a legally cognizable breach of confidentiality claim against Mrs. McMillan and that is the reason such a claim was not included in his Complaint.

3

urged Defendant Zaccari to allow him to stay at VSU and that Zaccari overruled Mrs. McMillan's urging and unilaterally effectuated Plaintiff's withdrawal.  (Doc. 1, ¶¶ 59 & 60).  Moreover, the Complaint falsely placed Mrs. McMillan at a meeting on the VSU campus on May 3, 2007 to make it look like she somehow "voted" for Plaintiff's withdrawal.  (Doc. 1, ¶ 51).   The record evidence established that Mrs. McMillan was at a conference at St. Simons Island and was nowhere near the VSU campus when this meeting was held.   (Doc. 167, p.5; Doc. 57, pp. 26-27).

Once again, however, Plaintiff manufactured a way to "justify" his having filed due process claims against Mrs. McMillan.  This time, Plaintiff's spin was that Mrs. McMillan nonetheless violated his due process rights because she "participated in, and contributed to, the series of events that led to Barnes' expulsion from VSU." (Doc. 224, p. 47).  The Court however saw right through Plaintiff's gamesmanship when granting Mrs. McMillan summary judgment by holding:

> The Court is not persuaded by the various phrases from cases cited by Barnes in support of his argument that McMillan is liable because those quotations **are taken out of context** and fail to sufficiently address how McMillan, as counselor at a state university, caused Barnes to be withdrawn.  Because the undisputed facts show that Zaccari made the withdrawal decision on his own, the link between McMillan's actions in April-May 2007 and Barnes's alleged harm regarding his substantive and procedural due process rights is too remote to fairly permit the imposition of civil liability against McMillan.

(Doc. 244, p. 33).  (Emphasis added).

4

Following Plaintiff's trial recent trial against Defendant Zaccari, judgment was finally entered on behalf of Mrs. McMillan on February 4, 2013. (Doc. 360). The time is now ripe for Mrs. McMillan to file the instant motion.

## II. LEGAL ANALYSIS AND CITATION OF AUTHORITY

### A. Attorney Fees Under 42 U.S.C. § 1988 Should Be Awarded To Mrs. McMillan.

In civil right matters filed pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In application, courts have explained that "[a] prevailing defendant is only to be awarded attorneys' fees where the plaintiff's case was 'meritless in the sense that it was groundless or without foundation.'" Cohen v. World Omni Fin. Corp., 457 Fed. Appx. 822, 828 (11th Cir. 2012); quoting Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173 (1980). Explaining further, it has been held that attorneys' fees are appropriate where the plaintiff's claim "was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." Cohen, 457 Appx. at 828.

The decision regarding whether to award attorneys' fees should be decided on a case-by-case basis, but a number of factors have been crystalized for the reviewing court to consider, including:

(1) Whether the plaintiff established a prima facie case;

(2) Whether the defendant offered to settle; and

5

(3) Whether the trial court dismissed the case prior to trial.

<u>Id.</u>, quoting <u>Sullivan v. Sch. Bd. Of Pinellas Cnty</u>, 773 F. 2d 1183, 1189 (11th Cir. 1985).

Here, all of the factors for an award of attorney fees to Mrs. McMillan are present. First, Plaintiff did not establish a prima facie First Amendment relation or due process violation case against Mrs. McMillan. In regard to his First Amendment retaliation claim, the District Court specifically found that "Barnes has failed to present sufficient evidence to support his conclusory allegation that McMillan conspired with someone else to have Barnes withdrawn from VSU in retaliation for his speech. (Doc. 244, p. 27). **"[A]ll** of the evidence produced in this case shows that there was a steadfast disagreement between McMillan and Zaccari regarding the issue of Barnes' withdrawal from VSU. McMillan consistently and repetitively voiced her objection to Zaccari's opinion that Barnes or the Facebook collage was a threat. She argued that Barnes should be permitted to remain a student, and then she lobbied for Barnes's re-admission after Zaccari served notice of the withdrawal." (<u>Id.</u>). (Emphasis added). In relation to his due process claims, the District Court found "Barnes has failed to meet the causation requirement" for filing such claims and that it was "not persuaded by the various phrases from cases cited by Barnes . . . because those quotations **are taken out of context** and fail to sufficiently address how McMillan, as a guidance counselor at a state university, caused Barnes to be withdrawn." (<u>Id.</u>, pp. 32-33). (Emphasis added).

6

Secondly, Mrs. McMillan never offered to settle with Plaintiff.  Lastly, Plaintiff's case against Mrs. McMillan was dismissed prior to trial.

As the District Court unequivocally found, Plaintiff introduced no evidence whatsoever in support of his claims against Mrs. McMillan.  "[W]here a plaintiff introduces no evidence in support of his claims, a finding of a frivolity is appropriate."  Sullivan, 773 F.2d at 1189.  Additionally, the record evidence proves that Plaintiff "continued to litigate after it [the frivolity of his case] clearly became so."  Cohen, 457 Appx. at 828.  Therefore, Mrs. McMillan is entitled to attorney fees from Plaintiff.

### B. **Plaintiff's Counsel Has Unreasonably And Vexatiously Multiplied Proceedings And Is Subject To Sanctions Under 28 U.S.C. § 1927.**

Federal law also provides that sanctions for unreasonably and vexatiously multiplying proceedings can be levied against the responsible attorney:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Three requirements must be met for an award of sanctions under § 1927: (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) the conduct must "multiply the proceedings;" and (3) the amount of the sanction must directly

7

relate to the excess proceedings.  Amlong v. Amlong, P.A. v. Denny's Inc., 500 F.3d 1230, 1239 (11th Cir. 2006).

Proceedings are multiplied when an attorney's conduct "results in proceedings that would not have been conducted otherwise."  Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997).  An attorney "unreasonably and vexatiously" multiplies proceedings when his conduct is so egregious that it can be equated with "bad faith."  Amlong, 500 F.3d at 1239.   Bad faith in this context does not require subjective intent, but instead looks to the attorney's objective conduct.  Id.  "In short, a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings."  Id. at 1241.

Here, counsel should be held as accountable as Plaintiff for filing and maintaining a knowingly frivolous lawsuit against Mrs. McMillan.  The Complaint allegations alone, when viewed in conjunction with then existing First Amendment retaliation and due process case law, establishes counsel should not have filed this case against Mrs. McMillan.  Even if, *arguendo*, counsel could point to a good faith basis for placing Mrs. McMillan at the May 3, 2007 meeting, discovery established this contention was false and overwhelmingly showed Mrs. McMillan not only provided helpful information for Plaintiff but that Defendant Zaccari alone withdrew him from VSU.  There is little doubt that the conduct of Plaintiff's counsel has

resulted in proceedings that would not have been otherwise conducted.  As a result, sanctions under 28 U.S.C. § 1927 against Plaintiff's counsel are warranted.

### III.  CONCLUSION

WHEREFORE, Mrs. McMillan respectfully requests this Court to enter an Order awarding her attorney fees as a prevailing party pursuant to 42 U.S.C. § 1988. Attached to his brief is an affidavit and billing records establishing the proper amount that should be awarded.  (Exhibit A).  Additionally, Mrs. McMillan requests that Plaintiff's counsel be sanctioned in the form of a fine pursuant to 28 U.S.C. § 1927, in an amount to be determined by this Court, to deter such frivolous actions in the future.

Respectfully submitted this <u>18th</u> day of February, 2013.

<u>**s/ Matthew R. LaVallee, Esq.**</u>
Georgia Bar No. 438196
Attorney for Leah McMillan
**DALEY, KOSTER & LAVALLEE, LLC**
Overlook I
2849 Paces Ferry Road, Suite 205
Atlanta, GA  30339
Telephone:  (678) 213-2401
E-Mail: <u>mlavallee@dkllaw.com</u>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, <br><br> Plaintiff, <br><br> v. <br><br> RONALD ZACCARI, et al., <br><br> Defendants. | CASE NO. <br> 7:12-CV-00089-HL |

This is to certify that on February <u>18th</u>, 2013, I served a copy of **LEAH MCMILLAN'S BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND SANCTIONS,** to all counsel and parties of record listed below and with the Clerk of Court via electronic notice using the CM/ECF system:

**Attorneys for Plaintiff**
Robert Corn-Revere, Esq.
Erin Reid, Esq.
Lisa B. Zycherman, Esq.
Davis Wright Tremaine, LLP
1919 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006-3401
bobcornrevere@dwt.com
erinreid@dwt.com
lisazycherman@dwt.com

10

Cary Stephen Wiggins, Esq.
Wiggins Law Group
260 Peachtree St. NW, Suite 401
Atlanta, GA 30303
cary@wigginslawgroup.com

Darl Hilton Champion, Esq.
Warshauer Law Group, PC
3350 Riverwood Pkwy Ste 2000
Atlanta GA 30339
dhc@warlawgroup.com

**<u>Attorneys for Valdosta State University Defendants</u>**
David C. Will, Esq.
Holly Hance, Esq.
Royal-Will Law Firms
4799 Sugarloaf Parkway
Building J
Lawrenceville, GA 30044
dwill@royallaw.net
hhance@royallaw.net

**<u>Attorneys for Defendant Laverne Gaskins</u>**
David R. Smith, Esq.
Brannen Searcy & Smith
PO Box 8002
22 E 34th Street
Savannah, GA 31412-8002
DSmith@brannenlaw.com

*s/* **Matthew R. LaVallee**
Georgia Bar No. 438196
Attorney for Leah McMillan

**DALEY, KOSTER & LAVALLEE, LLC**
2849 Paces Ferry Road, Suite 205
Atlanta, Georgia 30339
(678)-213-2401; (678)-213-2406 (fax)
mlavallee@dkllaw.com