**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

**PREVAILING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

COME NOW DEFENDANTS VALDOSTA STATE UNIVERSITY, BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, RONALD M. ZACCARI, KURT KEPPLER, RUSS MAST, AND VICTOR MORGAN, by and through their attorneys of record, within the time specified by Local Rule 54.1, and hereby move the Court pursuant to 42 U.S.C. § 1988 for an award of attorney's fees and expenses. In support of said motion, the Defendants rely on the accompanying brief, the Affidavit of David C. Will, and the referenced exhibits.

Respectfully submitted, this, the 19th day of February, 2013.

/s/ David C. Will
DAVID C. WILL
Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 153092
hhance@royallaw.net
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF PREVAILING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

INTRODUCTION/CITATION TO AUTHORITIES

Prevailing Defendants Board of Regents of the University System of Georgia ("BOR"), Valdosta State University ("VSU"), Ronald M. Zaccari[1], Kurt Keppler, Russ Mast, and Victor Morgan, (collectively "Defendants"), are entitled to an award of attorney fees because Plaintiff Thomas Hayden Barnes, sued them frivolously, unreasonably, without foundation, without any supporting evidence, and without being able to prove a prima facie case against any of them. Support for this is undisputed and/or is a finding as a matter of law. See Handy v. Cook,

[1] Defendant Zaccari is only seeking attorney's fees for prevailing on certain claims. He is not seeking attorney's fees for the claims that proceeded to trial.

Civil Action No. 5:10-CV-271 at Page 2 (M.D. Ga. 2011); Fox v. Vice, No. 10-114 at Page 10 (S.Ct. 2011).

> [A] court could properly award fees to both parties--to the plaintiff, to reflect the fees he incurred in bringing the meritorious claim; and to the defendant, to compensate for the fees he paid in defending against the frivolous ones . . . . We thus made clear that a court may reimburse a defendant for costs under §1988 even if a plaintiff's suit is not wholly frivolous. Fee-shifting to recompense a defendant (as to recompense a plaintiff) is not all-or-nothing: A defendant need not show that every claim in a complaint is frivolous to qualify for fees.

Fox v. Vice, at Page 10 (citing Hensley v. Eckerhart, 461 U.S. 424, 435, n.10 (1983)); see also Hensley v. Eckerhart, 461 U.S. 424, n.2. Additionally, the Court may award attorney's fees, costs, and expenses, to a "prevailing party" under the Americans With Disabilities Act (ADA). 42 U.S.C. § 12205.

"There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may be simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Hensley v. Eckerhart, 461 U.S. at 437. "A request for attorney's fees should not result in a second major litigation." Id. A district court does not err if it refuses to apportion the fee award mechanically on the basis of respondent's success or failures on

particular issues." Id. at 438. The district court must include in its opinion to reduce an award of attorney fees to a prevailing plaintiff

> [A] proper consider[ation of] the relationship between the extent of success and the amount of the fee award . . . . . A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.

Id. at 438-39. " ' [A] technical victory may be so insignificant . . . as to be insufficient to support prevailing party status.' " Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (citing Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).

Essentially the same standard that applies to §1988 awards also applies to awards of attorney's fees in ADA cases. Factors that are relevant to a court's determination of fees awarded a prevailing defendant in an ADA case are: "whether the plaintiff established a prima facie case," and "whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1176-77 (11th Cir. 2005) (citing Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1137, 1189 (5th Cir. 1981)).

"To calculate reasonable attorney's fees, the court must multiply the 'number of hours reasonably expended on the litigation' and the 'reasonable hourly rate' for the attorney's services." B&F Sys., Inc., v. LeBlanc, at Page 19 (M.D. Ga. 2012) (citing Hensley v. Eckerhart, 461 U.S. at 433). The product of these two numbers is the base figure, or 'lodestar.'" Id. (citing Penn. v. Delaware Valley Citizen's Council, 478 U.S. 546, 563, 106 S.Ct. 3088 (1986)). "The court may then account for other considerations that may requires an enhancement or reduction of the fee." Id. (citing Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988)).

"Reasonable hourly rates are to be measured by the 'prevailing market rates in the relevant community.'" B&F Sys., Inc., v. LeBlanc, at Page 20 (citing Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541 (1984)). "Prevailing market rates are those rates that are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (citing Blum at 895).

This Court has previously held that the rate of $250.00 per hour is a prevailing hourly rate in the Valdosta area for an attorney who has been practicing law for over thirty (30) years. B&F Sys., Inc., v. LeBlanc at 21 (discussing the hourly rate or Mr. James Thagard, partner of the law firm of Young Thagard Hoffman Smith & Lawrence in Valdosta).

Moreover, this Court has previously held that the rate of $175.00 per hour is a prevailing hourly rate in the Valdosta area for an attorney who has been practicing law for around seven (7) years.  B&F Sys., Inc., v. LeBlanc at 21 (discussing the hourly rate or Mr. Matthew Eutzler, associate of the law firm of Moore Clarke DuVall & Rodgers in Valdosta).

As set out in the accompanying Affidavit, Mr. Will has been practicing law for thirty-three (33) years.  Ms. Hance has been practicing law for seven (7) years.


## ANALYSIS OF RELEVANT FACTS

The Defendants seeks an award of attorney fees, costs, and expenses of litigation, to be paid from the Plaintiff with respect to the defense of the following claims asserted by Barnes:  Count 3 with respect to Defendants Zaccari, Mast, Keppler, and Morgan; Count 4 with respect to Defendants Mast, Keppler, and Morgan; all claims made against Defendant VSU; Count 5 against Defendants VSU and BOR; and Counts 6 and 7 against Defendants VSU and BOR. Defendants seek this award based on the foregoing authorities and arguments, and based on the substantive arguments set forth below.


Plaintiff's original Complaint named eight (8) Defendants and included seven (7) different Counts.  Plaintiff lost Counts 1 and 2 altogether, and lost

portions of the other Counts on Defendants' motion to dismiss. Doc. #37. Plaintiff voluntarily dismissed Defendant Victor Morgan, at Defendant's request, just prior to the deadline for motions for summary judgment. Plaintiff lost six (6) out of the remaining seven (7) Defendants, and lost all Counts, except Count 4 as against Defendant Zaccari, following the remand from the Eleventh Circuit. Doc. #244; Barnes v. Zaccari, 669 F.3d 1295 (11th Cir. 2012). After losing all claims except Count 4 as to Defendant Zaccari and Count 5[2] as to the BOR, in Plaintiff's "Civil Appeal Statement" to the Eleventh Circuit, Plaintiff sought increased damages against the remaining two (2) Defendants in the amount of four-million dollars ($4,000,000.00). Barnes v. Zaccari, 11th Cir. Docket No. 1:08-cv-0077-CAP, attached hereto as Defendants' Exhibit "Z". A demand of four-million dollars inherently includes a demand for punitive damages. Plaintiff has never had any evidence of punitive damages; and the jury flatly rejected his claims for them.

[2] The Eleventh Circuit ruled in favor of the BOR as to Count 5. Barnes v. Zaccari, 669 F.3d 1295.

**COUNT 3**[3] 42 U.S.C. § 1983: INDIVIDUAL LIABILITY **FREE SPEECH** CLAUSE VIOLATION (INDIVIDUAL CAPACITY) (ZACCARI, MAST, KEPPLER[4])

Barnes' sole basis under Count 3 that any of the Defendants violated the First Amendment is contained within Paragraphs 73 and 84[5] of Barnes' Complaint. "Defendants' actions in conspiring to expel Barnes from VSU were taken in retaliation for Barnes' exercise of his First Amendment freedoms." Doc. #1 at 23, ¶ 73. Judge Pannell, in his *Order* on the parties cross-motions for summary judgment stated that "In order to prevail on such claims of conspiracy, Barnes has the burden of proving that each of the defendants conspired by reaching an agreement with someone else to retaliate against him." Doc. #244 at 40.

MAST

Judge Pannell found that

> Based upon these facts [see Doc. #244 at 40] and all other evidence taken in a light most favorable to Barnes, the court concludes that **there is an absence of evidence to support a claim that Mast agreed with anyone to retaliate against Barnes for speaking out against Zaccari's parking garage plan by withdrawing him as a student at VSU. This conclusion is further supported by the fact that Barnes failed to point to any evidence support a finding that Mast made an agreement with Zaccari or anyone else.** When

[3] Counts 1 and 2 were dismissed in their entirety on Judge Pannell's Order on the Defendants' motion to dismiss. Doc. #37.

[4] Defendant Morgan was dismissed from Count 3 in Judge Pannell's Order on the Defendants' motion to dismiss. Doc. #37.

[5] Paragraph 73 of Barnes' Complaint is incorporated by references into Count 3 of Plaintiff's Complaint. Doc. #1 at 25, Par. 84.

> Barnes was questioned about what facts he had to base his claim against Mast, Barnes responded,
>
> > 'Other than his attendance at the meetings, **other than my assumption - you could say speculation - that he was aware of President Zaccari's action, my speculation that - well, my knowledge - my fact that he is over the judicial process at Valdosta State University, and my speculation that he could have done something to prevent what happened, is the basis. Those are my facts.'**
>
> Barnes Depo. [Doc. No. 179, Ex. 4 at 197-98]. Finally, and most importantly, given that the undisputed facts show that Zaccari acted alone in making his decision to withdraw Barnes, there is simply no evidence to support the conclusion that Mast reached an agreement with anyone to retaliate against Barnes. Accordingly, the court grants judgment as a matter of law as to Count 3 in favor of Mast.

Doc. #244 at 40-41(emphasis added).

KEPPLER

> [T]here is an absence of evidence to support Barnes's conclusory allegation that Keppler agreed with anyone to retaliate against Barnes . . . . Keppler reiterated his position against the withdrawal after Zaccari announced he was going to withdraw Barnes. **Barnes has not pointed to or produced any other evidence to suggest that Keppler reach an agreement with Zaccari or any other defendant to retaliate against Barnes.** Accordingly, the court grants judgment as a matter of law as to Count 3 in favor of Keppler.

Doc. #244 at 42 (emphasis added).

ZACCARI

> With regard to Zaccari and the allegation of a conspiracy, **the court's review of the evidence in the light most favorable to Barnes**

> **reveals that there is an absence of evidence to support a finding that Zaccari made an agreement with anyone else to retaliate against Barnes for exercising his freedom of speech rights.** Conversely, the parties have declared in their statements of undisputed facts and throughout their briefs that Zaccari acted alone in making the decision to administratively withdraw Barnes. Further, as explained in the liability analysis of McMillan, Gaskins, Mast, and Keppler, all of the other individual defendants disagreed with the withdrawal decision. Simply put, Zaccari did not participate in any sort of conspiracy because no one would agree with decision to withdraw Barnes. Therefore, the court grants judgment as a matter of law as to Count 3 in favor of Zaccari.

Doc. #244 at 43 (emphasis added).

Additionally, large portions of discovery and depositions, particularly of Mast, Keppler, Zaccari, and Richard Lee, were devoted to questions or seeking information irrelevant to issues that actually survived summary judgment. For example, many pages of deposition testimony surrounded articles written in the VSU student newspaper, which resulted in a disciplinary proceedings against students. None of these issues, nor any of the individuals involved in these articles, or disciplinary proceedings was related to the Plaintiff, Dr. Zaccari, or any claims against any Defendant. In the end Mast and Keppler were actually called as witnesses *for* Barnes.

**COUNT 4**: 42 U.S.C. § 1983: PROCEDURAL & SUBSTANTIVE **DUE PROCESS** (INDIVIDUAL DEFENDANTS IN PERSONAL CAPACITY) (MAST, KEPPLER[6])

MAST & KEPPLER

> In [Barnes's] arguments that Mast and Keppler are liable for violating his procedural due process rights, Barnes primarily focuses on the omissions and lack of action by the Dean of Students (Mast) and Vice President for Student Affairs (Keppler) to support their respective liability. However, as explained in Dixon and discussed above, any omissions of lack of actions on the part of Mast and Keppler that Barnes contends caused his rights to be violated were 'severed by the intervening free, independent, and volitional acts of' Zaccari when he chose to ignore the advice and warning of all those around him and decided to withdraw Barnes without notice or a hearing. Dixon, 303 F.3d 1275. Therefore, the court grants judgment as a matter of law as to Count 4 in favor of Mast and Keppler.

Doc. #244 at 43-44.

ALL CLAIMS AGAINST DEFENDANT **MORGAN**

Throughout the litigation, there has never been even a scintilla of evidence upon which Plaintiff could base any claims against Defendant Victor Morgan. Plaintiff was urged on several occasions to dismiss Defendant Morgan. At the deposition of Defendant Morgan, one or more of Plaintiff's attorney even believed that Defendant Morgan had been dismissed, however, it was official dismissal of Morgan as a Defendant was refused until just before the deadline for filing motions

[6] Defendant Morgan was dismissed from Count 4 by Judge Pannel in his Order on the Defendants' motion to dismiss. Doc. #37.

for summary judgment. Doc. #161, cf. Doc. #174, 177, 179 Plaintiff waited until December 18, 2008, five (5) days before the due date for motions for summary judgment to dismiss Defendant Morgan. Additionally, Defendant Morgan was actually called as a rebuttal witness *for* the Plaintiff at trial. However, the Court did not permit said testimony.

## **VSU** AS A PARTY

It has been firmly, unequivocally, and historically established, as a matter of law, that individual colleges and universities within the University System of Georgia are entities not capable of being sued. Defendant notified Plaintiff in the early stages of litigation about this firmly established rule, but Plaintiff refused to drop VSU as a party. Therefore, VSU was forced to remain a party to the litigation until Judge Pannell dismissed VSU in his Order on the cross-motions for summary judgment. Doc. #244 at 46 (citing Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992); Ga. Const. Art 8, § 4 ¶ I(b); McCafferty v. Medical College of Georgia, 287 S.E.2d 171, 174 (Ga. Ct. App. 1982).

## **COUNT 5**: BREACH OF **CONTRACT** (BOR)

It has been clearly, unequivocally, and historically established, as a matter of law, through the Constitution of the United States of America, the Georgia

Constitution, and through case law, that the BOR cannot be sued in federal court for an alleged breach of contract, without a waiver of Eleventh Amendment Immunity. It could only be sued in State Court for this breach of contract claim. Barnes has now learned this legal axiom and has re-filed suit against the BOR in the Superior Court of Fulton County, Georgia, alleging this breach of contract. Exhibit D38. The Eleventh Circuit ruled in favor of Defendant BOR in its ruling. Barnes v. Zaccari, 669 F.3d at 1308-09. Specifically, the Eleventh Circuit found that, "Here, the Board did not invoke federal court jurisdiction. And the Board raised the Eleventh Amendment as a defense at the outset of this case in its Rule 12(b) motion." Id. at 109. Nevertheless, the Plaintiff ignored it and continued on pursuing a claim without jurisdiction.

## **COUNT 6 & 7**: **ADA** & REHABILITATION ACT (BOR & VSU[7])

> [Barnes] failed to offer evidence 'that the extent of the limitation [caused by the impairment] in terms of [his] own experience . . . is substantial.' Id. To the contrary, the evidence in this case indicates that Barnes has not been 'substantially limited' by his alleged disability . . . . The court rejects Barnes's assertion that his psychiatric conditions constitute a disability that substantially limits his ability to learn because Barnes failed to offer evidence that his limitation is substantial. Accordingly, Barnes' ADA and Rehabilitation Act claims fail as a matter of law, and the court grants the BOR's motion for summary judgment as to Count 6 against the BOR.

[7] VSU was dismissed through Judge Pannell's ruling as to VSU as a party to this lawsuit in Count 5. Doc. #244 at 46.

Doc. #244 at 55-56.

The facts contained in Barnes' Complaint allege not that any of the Defendants discriminated against Barnes on the basis if an alleged disability, but rather that Defendants used Barnes' status as a mentally ill individual as pretext for their conspiracy to deprive Barnes is his First Amendment rights. Doc. #1 at 13, Par. 38. Throughout this litigation, Barnes' team of lawyers has unfairly sought to depict Defendant Zaccari as a liar and a schemer, not one that was actually discriminating against Barnes on the basis of a disability. Doc. #1 at 21-22, ¶ 64.

Additionally, much of the deposition of Dr. Kimberly Tanner, Director of the VSU Access (or disabilities) Office, involved allegations of Dr. Tanner's or VSU's alleged violation of the ADA, FERPA, HIPAA, or some other non-existent privilege. In the end, Dr. Tanner was actually called as a witness to testify *for* the Plaintiff.

## APPLICATION & STANDARD OF REVIEW

Cases where findings of frivolity have been sustained typically have been decided in the defendants' favor on a motion for summary judgment, wherein the plaintiff did not introduce any evidence to support his claims. Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (citing Beard v. Annis, 730 F.2d 741 (11th Cir. 1984); Jones v. Dealers Tractor and Equipment Co., 634 F.2d 180 (5th

Cir. 1981); Church of Scientology of California v. Cazares, 638 F.2d 1272 (5th Cir. 1981); Harris v. Plastics Manufacturing Co., 617 F.2d 438 (5th Cir. 1980)). Here, the Plaintiff lost his claims at the summary judgment phase of the case, and throughout discovery, Plaintiff admitted that he did not have any evidence to support such claims. Judge Pannell sustains these findings throughout his Order on the summary judgment motions. Moreover, Plaintiff lost other claims that were irrelevant to the sufficiency of evidence altogether, as they were impermissible claims as a matter of law or on the basis of lack of jurisdiction. Even after losing claim after claim, at each phase of this litigation, Plaintiff, at each phase of this case, paradoxically, *increased* his settlement demands and requests for damages.

This Court may award attorney's fees to the prevailing Defendants in this action *even if* the Court does *not* find that Plaintiff brought these claims in bad faith. The standard of review for awarding attorney's fees to Defendants is abuse-of discretion. This means that as long as the Court applies the correct legal standard, this Court's award will be affirmed. Angiolillo v. Collier County, 2:08-CV-00606-PAM-SPC, at Page 11 (11th Cir. 2010).

CONCLUSION

Therefore, Defendants ask that the Court award attorney fees and costs of litigation to Defendants, VSU, BOR, Zaccari, Mast, Keppler, and Morgan, because they prevailed in the above-specified Counts claimed against them in the total amount of $323,368.25.

This, the 19th day of February, 2013.


ROYAL – WILL
4799 Sugarloaf Pkwy., Building J
Lawrenceville, GA  30044
(770) 814-8022 Tel. / (770) 814-8360 Fax.

/s/ David C. Will
DAVID C. WILL
Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 153092
hhance@royallaw.net
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that I have, this 19th day of February, 2013, served a true and correct copy of the within and foregoing ***PREVAILING DEFENDANTS' MOTION FOR ATTORNEY'S FEES*** AND ***BRIEF*** IN SUPPORT THEREOF upon all counsel of record by e-filing the same, which will automatically serve a copy thereof upon:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL
Ga. Bar No. 760150

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 153092