IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| RONALD M. ZACCARI, *et al.*, | * | |
| Defendants. | * | |

**OPPOSITION TO DEFENDANT'S SECOND MOTION
FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Local Rule 7.2, Plaintiff Thomas Hayden Barnes hereby opposes Defendant's Second Motion for Judgment as a Matter of Law. (Dkt. #373.)

The Defendant's latest Rule 50(b) motion is yet another example of the Defendant's habit of ignoring the Court's briefing deadlines. (*See*, *e.g.*, Dkt. ##326, 327, 330, 333.) For that reason, the Court need not consider Defendant's motion because it was filed out of time. At the conclusion of the trial on February 1, 2013, the Court established the procedures to be followed for any post-trial motion for judgment as a matter of law. At that time, Counsel for the Defendant agreed that the Court would determine whether an emergency existed that precluded Zaccari from providing Barnes the basic due process protections of notice and a hearing before he was expelled from VSU. (Ex. D, Tr. Vol. 5, 5:5-17.)[1] Counsel also asserted that the Defendant would "have other reasons for [the Court] to consider why there should not be a judgment entered in [Plaintiff's] favor," and requested that the Court "defer" its ruling on such a motion and "take it up all at once rather than rule" at trial. (*Id*. 6:2-6.) The Court made clear that

---

[1] Exhibits A, B, C, and D hereto contain all references to Volumes 1, 2, 4, and 5 of the trial transcript, respectively. There are no references to Volume 3 of the trial transcript.

1

such a motion would constitute Defendant's Rule 50(b) motion for judgment as a matter of law (*id*. 6:2-11), and that it would be filed 20 days after trial. (*Id*. 7:1.) Pursuant to the briefing schedule established by the Court, the Defendant filed his Rule 50(b) motion on February 21, 2013. (Dkt. #370.)

The Defendant's second Rule 50(b) motion submitted March 4, 2013, was thus filed out of time. To the extent the Defendant's second Rule 50(b) motion asserts additional grounds upon which the Court may rule, those arguments should have been made in Defendant's timely February 21 motion. The Court's order did not call for or allow the parties to file reply briefs. (Ex. D, Tr. Vol. 5, 7:1-4.) Both parties were on notice that all arguments in support of, or in opposition to, a particular position had to be made in a single brief. Defendant's late and improper filing is in violation of the Court's post-trial order. Accordingly, Defendant's second Rule 50(b) brief need not be considered.[2]

To the extent the Court chooses to address the arguments raised in Defendant's second motion, they lack even the slightest merit. First, the Defendant misunderstands the applicable law. The Court properly charged the jury with the law governing the award of damages and the Defendant raised no exception to the instructions. (Ex. C, Tr. Vol. 4, 80:18-84:23, 88:2-6.) The jury heard the evidence relating to compensatory damages and returned a verdict of $50,000 for the Plaintiff. That amount may be reduced only where the verdict is "so gross or inordinately large as to be contrary to right reason," or where it is "grossly excessive" or "shocking to the conscience." *Trezevant v. City of Tampa*, 741 F.2d 336, 341 (11th Cir. 1984) (citations omitted). The award in this case hardly meets that standard. *Compare*, *e.g.*, *Trezevant*, 741 F.2d at 338

---

[2] The Defendant might have chosen instead to file a motion for remittitur pursuant to Fed. R. Civ. P. 59(e). But under either Rule 59(e) or 50(b), the motion must be denied where, based on the evidence, reasonable and fair-minded individuals in the exercise of impartial judgment might reach different conclusions. *E.g.*, *Neff v. Kehoe*, 708 F.2d 639, 641-42 (11th Cir. 1983).

(verdict not excessive where motorist was awarded $25,000 for 23-minutes' improper incarceration after traffic citation).

The evident premise of the Defendant's motion is that the jury failed to justify its verdict on compensatory damages. But as the Court explained in the charge to the jury, "[y]our deliberations will be secret, and you will never have to explain your verdict to anyone." (Ex. C, Tr. Vol. 4, 85:23-25.) As to the sufficiency of the evidence, the Defendant's extended block quotes taken from such sources as law review notes are to no avail. The clear rule is that general compensatory damages, as opposed to special damages, need not be proven with a high degree of specificity. *See Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir. 1999). Compensatory damages "may be inferred from the circumstances as well as proved by the testimony." *Id.* (quoting *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1977)).[3]

Plaintiff's evidence of the out-of-pocket losses he incurred as a result of his expulsion from the University fully satisfied the applicable evidentiary standard for compensatory damages. Plaintiff provided detailed testimony and evidence demonstrating the financial impact of the summary expulsion (Ex. A, Tr. Vol. 1, 82:25-87:12 (increased tuition); 87:13-89:9 (increased rent); 89:10-16 (increased living expenses); 89:20-91:2 (lower salary); 91:3-6 (cumulative total for lost income and higher expenses); Ex. P5 (bar chart illustrating differences in cost between Valdosta State University and Kennesaw State University); Ex. P6 (VSU account summary); Ex. P7 (Kennesaw State University account summary); Ex. P8 (bar chart illustrating differences in rent between Valdosta and Atlanta)). Barnes's testimony was

---

[3] None of the cases Defendant relies upon to claim that the jury's compensatory damages award was conjecture even address compensatory damages. *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371 (Fed. Cir. 2001) (calculation of reasonable royalty damages for patent infringement); *Oiness v. Walgreen Co.*, 88 F.3d 1025 (Fed. Cir. 1996) (actual damages for patent infringement); *Kroger Co. v. U.S. Foodservice of Atlanta, Inc.*, 607 S.E.2d 177 (Ga. Ct. App. 2004) (specific damages for payment due on a commercial account).

corroborated by Kim Barnes. (Ex. B, Tr. Vol. 2, 161:14-162:13 (increased expenses in Atlanta).) Moreover, Barnes testified that it was the deprivation of his pre-expulsion hearing rights that caused his out-of-pocket losses. (Ex. A, Tr. Vol. 1, 91:7-92:5.)

A plaintiff may be compensated for intangible, psychological injuries as well as financial, property, or physical harms. *See Marable v. Walker*, 704 F.2d 1219, 1220-21 (11th Cir. 1983) (holding that plaintiff's own testimony that he was embarrassed and humiliated by defendant's conduct was sufficient to support compensatory damages award). The Defendant extensively quotes *Carey v. Piphus*, 435 U.S. 247 (1978), but, as has become tiresomely familiar, that case stands for ***exactly the opposite*** proposition than what the Defendant asserts here. The Supreme Court in *Carey* observed that "we foresee no particular difficulty in producing evidence that mental and emotional distress actually was caused by the denial of procedural due process itself." *Id*. at 263. Such emotional distress "is a personal injury familiar to the law," and is "customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff." *Id*. at 263-64. Although such injury is necessarily subjective, it can be shown "by one's conduct and observed by others." *Id*. at 264 n.20.

This is precisely the type of evidence that was presented to the jury. At trial, Plaintiff described the emotional anguish that he experienced as a result of his expulsion from the University without due process (Ex. A, Tr. Vol. 1, 92:6-17; 92:25-93:22), and the distinction between his prior anxiety diagnosis and the new emotional suffering he experienced when he was expelled (*id*. 93:23-94:19).[4] Plaintiff's wife Kim Barnes also described the emotional harm

---

[4] A plaintiff's testimony alone may support an award of compensatory damages for emotional distress. *Akouri v. Florida Dep't of Transp.*, 408 F.3d 1338, 1345 (11th Cir. 2005) (concerning constitutional violations). Here, Plaintiff presented the testimony of multiple witnesses who offered their observations of his emotional suffering due to the deprivation of due process.

4

Plaintiff endured due to his summary expulsion (Ex. B, Tr. Vol. 2, 162:14-164:14), as did his mother Kelly Burke. (Ex. B, Tr. Vol. 2, 149:11-150:8.) The standard of review for awards of compensatory damages for intangible, emotional harms is "deferential to the fact finder because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Bogle v. McClure*, 332 F.3d 1347, 1359 (11th Cir. 2003) (citation and quotation marks omitted). Thus, in this case it is reasonable to conclude that the jury found Plaintiff's witnesses' testimony credible.

Defendant's reliance on *Young v. Pleasant Valley School Dist.*, No. 3:07-CV-00854, 2012 WL 1827194 (M.D. Pa. May 18, 2012), is unavailing. In that case, the court declined to award compensatory damages for educational harms – a form of damages Plaintiff does not claim in this case. As to compensatory damages for emotional harm, the *Young* court found that a school district could not be liable for "emotional distress stemm[ing] from the reaction of students and unidentified individuals on the internet reacting to Plaintiff's lawsuit." *Id.* at *21. In the present case, Defendant Zaccari has been found individually liable for denying Plaintiff due process and, therefore, he may be properly liable for any emotional distress that deprivation caused.

Finally, Defendant's argument that Plaintiff should be deprived of emotional damages if the evidence he presented identified the administrative withdrawal as the cause of his suffering rather than the denial of a pre-deprivation hearing is a distinction without a difference. In any event, Plaintiff entered into evidence his letter of appeal to the Board of Regents, which he drafted without the aid of counsel shortly after his expulsion. The letter made clear that Barnes was aware that he had been denied his right to a pre-deprivation hearing and described the emotional harm he experienced as a result. (Joint Ex. 15) ("It is hard to have to reveal personal,

medical, and counseling information with the members of the Board of Regents, but I will in order to get back to school.")

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's second Rule 50(b) motion.

Dated: March 7, 2013

                                                Respectfully submitted,

                                                     /s/Robert Corn-Revere
                                               Robert Corn-Revere
                                               Lisa Beth Zycherman
                                               Davis Wright Tremaine LLP
                                               1919 Pennsylvania Avenue, N.W.
                                               Suite 800
                                               Washington, DC  20006-3401
                                               bobcornrevere@dwt.com
                                               lisazycherman@dwt.com
                                               (202) 973-4200

                                               Cary Wiggins
                                               Georgia Bar #757657
                                               Wiggins Law Group
                                               260 Peachtree Street, N.W.
                                               Suite 401
                                               Atlanta, GA  30303
                                               cary@wigginslawgroup.com
                                               (404) 659-2880

                                               *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2013, I electronically filed the foregoing Opposition to Defendant's Second Motion for Judgment as a Matter of Law, and all exhibits attached thereto, with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                    /s/Robert Corn-Revere
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com