IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) <br> ) <br> Plaintiff, ) <br> ) | Civil Action No. |
| v. ) <br> ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, ) <br> ) <br> Defendant. ) | |

**DEFENDANT ZACCARI'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEY FEES, COSTS, AND SANCTIONS (DOC. #385)**

This Court has a high degree of discretion on how to apportion and award attorney's fees, costs, and expenses in this lawsuit under 42 U.S.C. §§ 1988, 12205. Moore v. Cook, Civil Action File No. 1:07-cv-631-TWT, at Page 5 (N.D. Ga.)(October 31, 2012)(citing Ruffin v. Great Dane Trailers, 969 F.2d 989, 992-93 (11th Cir. 1992)).  The cases cited by the Plaintiff are not dispositive to the issues which must be decided by the Court.  Specifically, there is no authority which ultimately requires, or which ultimately supports Plaintiff's wishes, that Plaintiff's fees and costs be assessed against the one (1) remaining Defendant, when eight (8) Defendants were originally sued for under seven (7) distinct Counts.  See Doc. #385 citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978) and Fox v.

1

Vice, 131 S.Ct. 2205 (2011).  Neither Christiansburg nor Fox address the issue of where a plaintiff seeks attorneys fees and costs against one (1) defendant, when plaintiff originally sued multiple defendants.  In both of these cases, there was only one (1) defendant against whom fees were sought.

Apparently aware of his complete lack of any arguable reason for including the prevailing Defendants in this litigation, the Plaintiff attempts to blur the distinctions between the Defendants by arguing that, where a plaintiff prevails on one claim, no attorneys' fees may be awarded in favor of prevailing defendants in the same action. The Plaintiff makes that claim repeatedly, but it is incorrect, and is held to be so by the very authority cited by the Plaintiff in his opposition brief. None of the cases cited by the Plaintiff for the proposition that a plaintiff who prevails upon one of many filed claims somehow has immunity against an attorneys' fee claim by a prevailing defendant actually supports that proposition. The cases of *Keyes v. Lauga,* 635 F.2d 330 (5th Cir. 1981), *Goldsmith v. Bagby Elevator Co.,* 513 F.3d 1261 (11th Cir., 2008), and *Doe v. Busbee,* 684 F2d 1375 (11th Cir., 1982), hold only that a plaintiff need not prevail upon all of his claims in order to be considered a prevailing party for the purpose of his own attempt to recover attorneys' fees. None of those cases addresses a situation where the court considers an attorneys' fee claim by defendants who prevailed on a plaintiff's claims against him.

With respect to the Plaintiff's claims for attorneys fees, the Plaintiff's attorneys did not produce "exceptional" or even "excellent" results as they claim. For example the $50,000 jury verdict obtained by Mr. Corn-Revere and his team of specialized lawyers after years of litigation is only $10,000 more than the $40,000 paid by Grand Valley State University to a student (represented by a mere mortal lawyer) who sued to keep a guinea pig in her dorm room for emotional support. (As reported by multiple websites including CBS News an Huffington Post, 3/21/13).

On the other hand, a handful of small Georgia practitioners, mere mortals in comparison to Plaintiff's counsel, defeated all but one of the Plaintiff's claims. It is they who achieved the excellent results in this case.

Contrary to Plaintiff's assertion that Dr. Zaccari's claim for attorneys fees and costs did not contain "any billing judgment," Dr. Zaccari's claim for attorney's fees was submitted after substantial reductions were made. See Doc. #369 at 4, ¶¶ 9-10. To more specifically document this billing judgment, David C. Will, counsel for Dr. Zaccari, submits a second affidavit documenting this billing judgment, which is filed as an attachment to this brief.

The Plaintiff's statements that Defendants made no efforts to settle this case, are not true, as shown in the Supplemental Affidavit of Mr. Will detailing efforts to resolve this matter. However, unfortunately, the Quixotic, and unrealistic desire of

Plaintiff's counsel for punitive damages and millions of dollars in attorney's fees caused Plaintiff to reject such offers and to pursue a multitude of claims and defendants when he had no legal or factual basis for doing so.

## CONCLUSION

Therefore, Defendants ask that the Court award attorney fees and costs of litigation to Defendants, VSU, BOR, Zaccari, Mast, Keppler, and Morgan, for the claims against them in which they prevailed in the total amount of $323,368.25.

This, the 26th day of March, 2013.

ROYAL – WILL
4799 Sugarloaf Pkwy., Building J
Lawrenceville, GA  30044
(770) 814-8022 Tel. / (770) 814-8360 Fax.

/s/ David C. Will
DAVID C. WILL
Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 153092
hhance@royallaw.net
Attorneys for Defendant

## CERTIFICATE OF SERVICE

This is to certify that I have, this 26th day of March, 2013, served a true and correct copy of the within and foregoing *DEFENDANT ZACCARI'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR ATTORNEYS FEES, COSTS, SANCTIONS (DOC. #385) AND SUPPLEMENTAL AFFIDAVIT OF DAVID C. WILL* upon all counsel of record by e-filing the same, which will automatically serve a copy thereof upon all counsel of record, including:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL
Ga. Bar No. 760150

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 153092

5