IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL AFFIDAVIT OF DAVID C. WILL

Personally appeared before the undersigned officer duly authorized to administer oaths, David C. Will who, being duly sworn, deposes and says as follows:

1.

This Affidavit is being made in support of *Defendant Zaccari's Reply to Plaintiff's Consolidated Opposition to Defendants' Motion for Attorneys Fees, Costs, and Sanctions (Doc. 385)*.

### SETTLEMENT DISCUSSIONS

2.

The assertions by Mr. Corn-Revere regarding the handling of this case and, in particular, settlement discussions, are incorrect.

3.

Following the ruling by the Court on the Motion to Dismiss, an offer of judgment in the amount of $5,000.00, plus all accrued attorneys fees was made to the Plaintiff in November 2007.

4.

During the discovery period, Mr. LaVallee, Mr. Smith, Ms. Hance and I asked Mr. Corn-Revere to pare down the claims and defendants in this case to eliminate those when it was clear that he could not prevail. He declined.

5.

Specifically, I asked him to dismiss Valdosta State University (VSU) as a party, pointing out to him that it was an entity that was not capable of being sued under Georgia law. His answer was, "We'll see about that." Mr. Corn-Revere's inaction forced prevailing Defendant VSU to file a summary judgment motion to obtain VSU's proper dismissal.

6.

I asked Mr. Corn-Revere to dismiss the Board of Regents and the contract claim against it, pointing out the Constitutional problem in suing the State. His answer was, "We'll see about that, too." Mr. Corn-Revere's inaction forced prevailing Defendant Board of Regents to file a summary judgment motion to obtain the Board of Regent's proper dismissal.

7.

On August 12, 2009, pursuant to LR 16.3 (N.D. Ga.), counsel for the parties participated in a settlement conference. The Plaintiff's settlement demand was $2.5 million dollars, which was rejected by me, and the other defendants' attorneys, as unrealistic and unreasonable, and not made in good faith. Plaintiff's counsel at that time, again, declined to dismiss any claims or any defendants.

8.

All the parties then moved for summary judgment, following which Dr. Zaccari appealed to the Eleventh Circuit his denial of qualified immunity, and the Board of Regents appealed, on Constitutional grounds, the state law contract claim against it.

9.

At the Eleventh Circuit, the parties again participated in settlement discussions, as part of the Eleventh Circuit's mediation program. At that time, even though the Plaintiff had all but two of his claims dismissed by the District Court, his settlement demand went up -- to $4 million. In response, we renewed the offer of $5,000.00, and offered to waive all the Bill of Costs for Bills of Costs were filed by Mr. LaVallee on behalf of Mrs. McMillan in the amount of $10,116.55, and by me on behalf of Valdosta State University, Board of Regents of the University System of Georgia, Kurt Keppler, Russ Mast, and Victor Morgan, in

the amount of $10,997.75.) This offer, having a value of $15,997.75, was rejected by Mr. Corn-Revere.

10.

In light of the fact that the Court had already rejected almost all of his claims, I regarded the Plaintiff's increased demand of $4 million to be unreasonable, unrealistic and not made in good faith.

11.

At the start of the pretrial conference on January 15, 2013, the Court directed me and Mr. Corn-Revere to confer as to settlement. We left the courtroom and I told Mr. Corn-Revere that I could get him $100,000.00, and hoped that it could take care of the whole case, including attorneys fees. Mr. Corn-Revere laughed and said, "$100,000.00 isn't even enough for Hayden alone," and that it was nowhere near enough for his attorneys fees. I asked, "So you don't want the $100,000.00?" and he said, "No" and returned to the courtroom.

12.

The verdict of $50,000 is closer to any of the Defendants' offers than that sought at trial by the Plaintiff or demanded prior to trial and, in fact, is less than the $100,000 discussed at the Pretrial Conference.

13.

This case has been needlessly protracted and expensive, not because of the defendants, but because of the Plaintiff's litigation strategies, and because the Plaintiff has never attempted to settle the case in good faith.

## BILLING

14.

As I testified in my original affidavit, I have exercised billing judgment both in preparing the bill that was submitted during the course of the litigation and, in particular in submitting the attorneys fees request.

15.

The total amount of hours for which a fee award is requested is 559.9 hours for me, 858.7 hours for Holly Hance, and 168.9 hours for our paralegal. This is a reduction from the 966.5 hours billed by me, the 1356.3 hours billed by Ms. Hance, and the 249 hours billed by our paralegal throughout the litigation. This reduction takes into account the fact that we did not seek attorneys fees for the trial, and the time devoted to the Plaintiff's procedural due process claim.

16.

The hourly rates that we have utilized as the rates for which the fee request is based is less than the rates we now are charging our private clients.

Further affiant sayeth not.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, ) | |
| ) | |
| Defendant. ) | |

## VERIFICATION

Personally appeared DAVID C. WILL, who, after being duly sworn, states that the facts alleged in the foregoing **Supplemental Affidavit of David C. Will** are true and correct to the best of his knowledge, belief and information.

_____
DAVID C. WILL

Sworn to and subscribed before me
this 26th day of March, 2013.

_____
Jessica Erhardt
Notary Public

My commission expires:

JESSICA ERHARDT
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA
MY COMMISSION EXPIRES: 10/10/14