IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, | * |
| Plaintiff, | * |
| v. | *  CASE NO. 7:12-cv-00089-HL |
| RONALD M. ZACCARI, *et al.*, | * |
| Defendants. | * |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO
PLAINTIFF'S CONSOLIDATED OPPOSITION TO
DEFENDANT'S MOTIONS FOR ATTORNEY FEES, COSTS, AND SANCTION**

Plaintiff Thomas Hayden Barnes submits this sur-reply to Defendant's reply brief in support of Defendant's motion for attorney fees to point out irregularities in Defendant's brief and to correct the factual record:

*First*, Defendant's brief constitutes a back-door attempt to sur-reply Plaintiff's motion for attorney fees and costs. In his reply, Defendant argues against Plaintiff obtaining attorney fees – an issue that is irrelevant to Defendant's request for fees and costs. (Dkt. 392 at 3-4) ("With respect to Plaintiff's claim for attorneys fees…."). In this manner, half of Defendant's brief is in fact a sur-reply to Plaintiff's motion for fees, which has been full-briefed by the parties. (*See* Dkt. #367, 384, & 390). Defendant did not seek leave of court to submit a sur-reply and, therefore, such arguments should be disregarded.

*Second*, Defendant's argument regarding his settlement efforts (Dkt. #392 at 3), and the assertion in counsel's affidavit that Defendant made a $100,000 offer to settle the case at the pretrial conference (Dkt. #392-1 ¶ 12), are false. After this Court ordered the parties to engage in face-to-face settlement discussions (Dkt. # 336), Plaintiff's counsel traveled to Atlanta and met with counsel for the Defendant. No settlement offer was made. On January 15, 2013,

1

Defendant's counsel attended the pretrial conference without having a person in attendance with settlement authority as previously ordered by this Court. (Dkt. #289). At the pretrial conference, counsel for Defendant confirmed on the record that he was not authorized to offer Plaintiff a settlement greater than the long-standing initial offer of $5,000. (*See* Ex. A, Pretrial Hearing Tr. 8:7-12 (The Court: Are you authorized to pay any more than $5,000, or is that your absolute best offer? Mr. Will: That is what I was instructed to carry. The Court: Really? Mr. Will: Yes, Sir.)).

***Third***, although counsel for the Defendant suggested that he might try to get the necessary authority to make a $100,000 offer of settlement, the claims in his affidavit that he actually conveyed such an offer are false. The hallway conversation that counsel for Defendant purports to reproduce is both inaccurate and fails to disclose that counsel had just confirmed in Court he was not authorized to make any offer above $5,000. Moreover, even if Defendant's counsel had been empowered to make such an offer, it would have been unacceptable. Counsel for the Plaintiff had previously provided numerous authorities to Defendant's counsel supporting a higher level of damages for a due process violation, and also informed Defendant's counsel that attorney's fees for five years of litigation would exceed the amount of any such offer. Accordingly, counsel's misleading claims regarding settlement efforts should be disregarded.

Dated: April 2, 2013

                                    Respectfully submitted,

                                       /s/Robert Corn-Revere
                                  Robert Corn-Revere
                                  Lisa Beth Zycherman
                                  Davis Wright Tremaine LLP
                                  1919 Pennsylvania Avenue, N.W., Suite 800
                                  Washington, DC  20006-3401
                                  bobcornrevere@dwt.com
                                  lisazycherman@dwt.com
                                  (202) 973-4200

                                  Cary Wiggins
                                  Georgia Bar #757657
                                  Wiggins Law Group
                                  260 Peachtree Street, N.W., Suite 401
                                  Atlanta, GA  30303
                                  cary@wigginslawgroup.com
                                  (404) 659-2880

*Counsel for Plaintiff*

# EXHIBIT A

```
                   IN THE UNITED STATES DISTRICT COURT
                    FOR THE MIDDLE DISTRICT OF GEORGIA
                             VALDOSTA DIVISION
                         _____

THOMAS HAYDEN BARNES, PLAINTIFF, : Case No. 7:12-CV-89(HL)
                                 :
v.                               :      January 15, 2013
                                 :      Valdosta, Georgia
RONALD M. ZACCARI, DEFENDANT.    :
_____


                    EXCERPT OF PRETRIAL HEARING

                BEFORE THE HONORABLE HUGH LAWSON
            UNITED STATES DISTRICT JUDGE, PRESIDING

APPEARANCES:

FOR THE PLAINTIFF:         ROBERT CORN-REVERE
                           ERIN NEDENIA REID
                           LISA B. ZYCHERMAN
                           DAVIS WRIGHT TREMAINE, LLP
                           1919 PENNSYLVANIA AVE NW STE 800
                           WASHINGTON, DC 20001

                           CARY S. WIGGINS
                           WIGGINS LAW GROUP
                           260 PEACHTREE ST NW STE 401
                           ATLANTA, 30303

                           DARL H. CHAMPION
                           WARSHAUER LAW GROUP PC
                           3350 RIVERWOOD PKWY STE 2000
                           ATLANTA, GA 30339

FOR THE DEFENDANT:         DAVID C. WILL
                           HOLLY HANCE
                           ROYAL - WILL
                           4799 SUGARLOAF PKWY BUILDING J
                           LAWRENCEVILLE, GA 30044

_____
              SALLY L. GRAY, CCR, RPR, USCR
                     P.O. BOX 875
                 MACON, GA 31202-0875

                    (478-752-3497)
```

1       **THE COURT:** Yes, it is.

2       **MR. CORN-REVERE:** Which is, if the jury finds a
3  special verdict at the end that they see from the same facts
4  there was an emergency, then Mr. Will can make his post-trial
5  motions for judgment notwithstanding the verdict. And that's
6  really a question of law on whether or not the process
7  provided is adequate for a post deprivation remedy.

8       **THE COURT:** Okay. Well, let us proceed as I
9  normally would in approaching civil trials, and the first item
10 that I like to address is the question of settlement. Have
11 you all negotiated any? I think the last time we talked the
12 plaintiff told me that he had made a demand and that the
13 demand had been rejected, and I understood there was to be
14 further conversation.

15      **MR. CORN-REVERE:** Your Honor, if I might address
16 that. There is some history to this. I mean, there was a
17 demand even before the complaint was filed back in, I guess,
18 the fall of 2007. It was $500,000 at the time, plus
19 attorney's fees. The counteroffer at the time was $5,000.
20 The complaint ended up getting filed, and at various points
21 along the proceedings, for example, when the motion to dismiss
22 was denied, when depositions commenced, when the summary
23 judgment was granted and so on, the plaintiff has tried to
24 renew the settlement discussions at each stage and indicated
25 that the associated attorney's fees get higher as the case

1   progresses, that it makes sense to settle. The defendant has
2   never shown any interest in discussing that other than filing
3   a $5,000 offer of judgment back in the spring of 2009 - or
4   2008.
5           **THE COURT:** Okay.
6           **MR. WILL:** Recitation of the history of the
7   settlement having been given by Mr. Corn-Revere, I can tell
8   you that because of the demand and the aggregate of the
9   substantial amount of attorney's fees that they're seeking is
10  well beyond the realm of what my folks are authorized to
11  provide.
12          **THE COURT:** Well, how much of the attorney's fees --
13  what do you think they've accumulated to?
14          **MR. CORN-REVERE:** At this point probably in
15  neighborhood of $2 million, which I understand is high, but
16  would have been much lower had we had a serious settlement
17  discussion two years earlier or three years earlier. As I
18  say, Your Honor, at each point we tried to indicate to the
19  defendant that it makes sense to settle.
20          **THE COURT:** Well, but the attorney's fees -- maybe
21  I'm missing something -- but they are not set in stone either,
22  are they?
23          **MR. CORN-REVERE:** Well, they're not set in stone,
24  but we've never had -- the defendant has never been willing to
25  engage in any discussion of where a settlement might lie south

1  of that number.
2  **THE COURT:** Well, is the -- be that as it may, do
3  y'all want to talk about it now, or do you want to just
4  proceed to trial and to hell with it?
5  **MR. WILL:** I think we're going to have to proceed to
6  trial, Your Honor. I believe that the number -- the
7  settlement demand, plus the attorney's fees is just so high,
8  that they've kind of forced our --
9  **THE COURT:** Well, I mean, if you don't talk about
10  it, how are you going to know whether it's that high?
11  **MR. WILL:** We have talked about it.
12  **THE COURT:** You all sound like Obama and Boehner.
13  Give me a break. Y'all are not even going to talk about it?
14  **MR. WILL:** Each time we have talked about it, and I
15  don't get the good sense that there's any willingness to
16  comprise to a number that's meaningful.
17  **THE COURT:** Do you want to talk about it any?
18  **MR. CORN-REVERE:** I'd be happy to talk about it,
19  Your Honor. The only number we've ever been given is $5,000,
20  and despite repeated attempts to engage the defendant in some
21  discussion of where a settlement might lie, I've never gotten
22  any response at all. At Your Honor's urging after the
23  telephone conference, I did meet personally with Mr. Will --
24  we met in Atlanta -- and talked about it. But, again, that's
25  never resulted in our being presented a counteroffer by the

1 defendant.

2 **MR. WILL:** Each time that we have prevailed and
3 succeeded in getting claims and defendants knocked out, the
4 settlement demand went up.

5 **THE COURT:** Well, I know, but you are here now. I
6 ain't interested in what happened back then. I want to know
7 whether or not you're going to talk any now. Are you
8 authorized to pay any more than $5,000, or is that your
9 absolute best offer?

10 **MR. WILL:** That is what I was instructed to carry.

11 **THE COURT:** Really?

12 **MR. WILL:** Yes, sir.

13 **THE COURT:** Now, who gave you that instruction?

14 **MR. WILL:** The folks at VOAS. Now, we have talked
15 about it, and if I felt there was a possibility that we could
16 get the entire claim resolved and all the claims, including
17 the attorney's fees, for under a hundred, I could probably get
18 that authority, but I can tell you --

19 **THE COURT:** There you go, a crack in the ice.

20 **MR. WILL:** -- that's impossible.

21 **THE COURT:** I don't know, Mr. Corn-Revere looks
22 like a reasonable man.

23 **MR. WILL:** You haven't met Mr. Corn-Revere yet when
24 he comes to talk about settlement.

25 **THE COURT:** Well, I mean, this morning he looks

reasonable so far.  Well, I mean, again, do y'all want to talk any, or do y'all just want to just get with it?  I get paid either way.

**MR. CORN-REVERE:**  Is there any point?  I'm willing to entertain an offer --

**THE COURT:**  Why don't y'all go out into the hall and go into a private, convenient place, as they say in the old Georgia jury instructions --

**MR. CORN-REVERE:**  Your Honor, I think --

**THE COURT:**  -- there you shall stay without meat or drink, water excepted, until otherwise ordered by the court.  Go talk.

**MR. CORN-REVERE:**  We'll be right back, Your Honor.

**THE COURT:**  All right.

**(RECONVENED; ALL PARTIES PRESENT)**

**THE COURT:**  Well, that was quick.  Is the case settled?

**MR. CORN-REVERE:**  As expected, Your Honor, it was a quick conversation and unfortunately not productive.

**THE COURT:**  Okay.  We will proceed.

*(Aside)*

**THE COURT:**  Are there any motions outstanding that we need to talk about?

**MR. CORN-REVERE:**  Yes, Your Honor.  There is one outstanding motion.  At least one that was pending before