IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENT TO MOTION AND BRIEF IN SUPPORT OF MOTION FOR**

**JUDGMENT AS A MATTER OF LAW**

It is axiomatic that before one can claim of deprivation of due process, there must be a right to due process. The Constitution itself does not create such rights. "Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez*, 419 U.S. 565, 572, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548(1972)). In *Goss,* the Supreme Court found that the students "plainly had legitimate claims of

1

entitlement to a public education" based on Ohio state law. *Goss* at 573. None exists under Georgia law.

Article VIII, § 1 of the Georgia Constitution provides: "The provision of an adequate public education for the citizens shall be a primary obligation of the State of Georgia. Public education for the citizens **prior to the college or postsecondary level** shall be free and shall be provided for by taxation." (Emphasis added). Following the lead of the United States Supreme Court in *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed. 16 (1973), where it was held that "Education, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected," *Id at 35,* the Georgia Supreme Court has held that "education per se is not a 'fundamental right.'" , *McDaniel v. Thomas,* 248 Ga. 632, 647, 285 S.E.2d 156 (1981).

2

In short, there are no provisions found in Georgia's Constitution or statutes, or in any Georgia case law that create a property right for an undergraduate student to attend a public college or university.

Barnes has claimed that the VSU Student Handbook was a contract, and gave him a constitutionally protected property right. He can no longer legitimately make that claim.

The Court will recall from the trial that after the Eleventh Circuit ruled that the Eleventh Amendment barred his breach of contract claim against the Board of Regents, Barnes filed suit in the State Court of Fulton County. (A certified copy of the Complaint he filed in State Court was introduced as evidence at trial and is found in the record at Defendant's Exhibit 47.)

The Board of Regents, in defending that case, filed a Motion to Dismiss and, upon its denial, appealed to the Georgia Court of Appeals. In an opinion dated May

3

29, 2013, the Georgia Court of Appeals has now ruled that the VSU Student Handbook did <u>not</u> create a written contract between Barnes and the Board of Regents. <u>Board of Regents of the University System of Georgia v. Barnes</u>, ___ Ga.App. ___, ___ S.E.2d ___ (Case No. A13A0473)[1] (copy attached)

Barnes cannot escape this holding. He cannot argue around the holding, nor dispute its applicability. In a case brought by him, the Court has ruled <u>on the specific student handbook involved in this case</u>, and held that no contract was created.

If there is no property right, there can be no due process, nor a deprivation. The jury returned a verdict on one claim, and one claim only - the deprivation of procedural due process. As that claim can no longer stand, his case falls like a house of cards.

Dr. Zaccari is entitled to judgment as a matter of law.

---

[1] The records of the Georgia Supreme Court indicate that a Petition for Certiorari has been filed.

This, the 21st day of June, 2013.

                                    /s/ David C. Will
                                    DAVID C. WILL
                                    Ga. Bar No. 760150
                                    dwill@royallaw.net

                                    /s/ Holly Hance
                                    HOLLY HANCE
                                    Ga. Bar No. 153092
                                    hhance@royallaw.net
                                    Attorneys for Defendant

ROYAL – WILL
4799 Sugarloaf Pkwy., Building J
Lawrenceville, GA  30044
(770) 814-8022 Tel.
(770) 814-8360 Fax.

## CERTIFICATE OF SERVICE

This is to certify that I have, this 21st day of June, 2013, served a true and correct copy of the within and foregoing *SUPPLEMENT TO MOTION AND BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW* upon all counsel of record by e-filing the same, which will automatically serve a copy thereof upon:

**Robert Corn-Revere**
**Lisa Beth Zycherman**
Davis Wright Tremaine, LLP
Suite 800
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW
Suite 401
Atlanta, GA 30303

/s/ David C. Will
DAVID C. WILL
Ga. Bar No. 760150

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 153092

**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

May 29, 2013

# In the Court of Appeals of Georgia

### A13A0473. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. BARNES.

MILLER, Judge.

This appeal arises from Thomas Barnes's breach of contract action against The Board of Regents of the University System of Georgia (the "Board") seeking damages related to his expulsion without notice or hearing by Valdosta State University ("VSU"). The Board moved to dismiss Barnes's complaint on the ground of sovereign immunity. The trial court denied the Board's motion to dismiss, finding that the Board's defense of sovereign immunity was waived because Barnes established the existence of valid written contracts. . Since we find that the trial court erred in concluding that there was a valid written contract between Barnes and the Board, the doctrine of sovereign immunity precludes this action and we reverse.

In his complaint, Barnes alleges that when he enrolled in VSU in January 2007, he provided confidential medical information to VSU's Access Office. Barnes subsequently signed a VSU counseling services intake form, providing that all written and verbal information provided to the counseling center would be confidential. In March 2007, Barnes posted a series of fliers around the VSU campus expressing his opposition to a planned parking deck, and emailed his concerns to VSU's president, student government association, faculty environmental committee and others.

VSU President Ronald M. Zaccari met with Barnes in his office, and subsequently notified Barnes in writing that he had been administratively withdrawn, effective May 7, 2007, because he was considered to be a clear and present danger to the campus. The administrative withdrawal letter referenced Board of Regents Policy 1902, which states that any student who obstructs or disrupts campus activities or who attempts to do so is subject to disciplinary procedures, including possible dismissal from VSU.

Barnes filed the instant action against the Board[1] alleging that the policies and provisions in the VSU student handbook, which sets forth policies for student disciplinary procedures, including Board of Regents Policy 1902, and the contracts for student housing established a binding agreement between Barnes and the Board. Barnes also alleged that policies regarding the confidentiality of student information kept by VSU's Access Office and Counseling Center constituted binding contractual commitments.

The Board answered and moved to dismiss Barnes's complaint, contending that sovereign immunity barred Barnes's claims. Barnes's response to the Board's motion included unauthenticated documentary exhibits, including an unsigned partial copy of the VSU Student Code of Conduct, and a VSU Counseling Center consent form. Neither of these documents was included as part of Barnes's complaint or otherwise made part of the record.

---

[1] Barnes first filed suit for breach of contract in federal court against the Board, Zacchari and others. Although the district court granted summary judgment to Barnes on his breach of contract claim, the United States Court of Appeals for the Eleventh Circuit reversed that decision, holding that the district court lacked jurisdiction to decide Barnes' breach of contract claim. See Barnes v. Zaccari, 669 F. 3d 1295, 1309 (V) (2) (B) (11th Cir. 2012).

3

The trial court denied the motion to dismiss, finding that Barnes established the existence of valid written contracts and, therefore, the Board's sovereign immunity defense was waived. The trial court specifically referred to language in the student code of conduct and found that the document demonstrated an intent to enter into a binding agreement. The trial court's order also specifically referred to the counseling center document. This appeal ensued. For the following reasons, we reverse.

1. As an initial matter, we note that the trial court considered matters outside the pleadings in finding that the unauthenticated partial student code of conduct and counseling center document, which were not included as part of Barnes's complaint, constituted valid written contracts.

> If, on motion to dismiss for failure to state a claim, the trial court elects to consider matters outside of the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by that code section. While the trial court may, on its own motion, convert a motion to dismiss into a motion for summary judgment, it must insure that the respondent to the motion has a full and final opportunity to controvert the assertions against him. This opportunity consists of notice that the motion will be converted and additional time to submit affidavits, depositions, or other evidence.

(Punctuation and footnotes omitted.) Bd. of Regents of the Univ. System of Georgia v. Ruff, 315 Ga. App. 452, 454 (1) (726 SE2d 451) (2012).

Here, it was Barnes as the nonmovant who submitted documentary evidence in response to the Board's motion, and, by doing so,

> in effect requested that the motion be converted into one for summary judgment and acquiesced in the trial court's decision not to give notice of the actual nature of the pending motion. Accordingly, [Barnes's] motion to dismiss was properly converted into a motion for summary judgment, and we will review it as such.

(Citation and punctuation omitted.) Gaddis v. Chatsworth Health Care Center, 282 Ga. App. 615, 617 (1) (639 SE2d 399) (2006).

2. The Board contends that Barnes's contract claims are barred by sovereign immunity. Specifically, the Board argues that its defense of sovereign immunity was not waived because there was no written contract between the parties. We agree.

> The Georgia Constitution provides that sovereign immunity extends to the State and all of its departments and agencies, and that the State's sovereign immunity can only be waived by a constitutional provision or an Act of the General Assembly that specifically provides for such waiver and the extent thereof. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

(Citations, punctuation and footnote omitted.) Ga. Dept. of Community Health v. Data Inquiry, LLC, 313 Ga. App. 683, 685 (1) (722 SE2d 403) (2012). The Board is the state agency vested with the governance, control, and management of the University System of Georgia, and sovereign immunity applies to the Board. See Ruff, supra, 315 Ga. App. at 456 (2). In this case, the issue of whether there was a valid written contract is critical because, "the defense of sovereign immunity is waived as to any action ex contractu for the breach of any written contract entered into by the state or its departments and agencies." (Punctuation and footnote omitted.) Id. Moreover, as the party seeking to benefit from this waiver, Barnes, not the Board, had the burden of proof on this issue. See Georgia Dept. of Corrections v. James, 312 Ga. App. 190, 193 (718 SE2d 55) (2011).

The doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed, and an implied contract will not support a waiver of immunity under the provisions of the Georgia Constitution. See Ruff, supra, 315 Ga. App. at 456 (2). However, "[a] valid written contract may be formed when there are multiple, signed, contemporaneous agreements between the parties which demonstrate their intent to enter into a binding contract and the individual documents, considered together, include all of the necessary terms of a

6

contract." (Punctuation and footnote omitted.) Id; see also Bd. of Regents of Univ. System v. Tyson, 261 Ga. 368, 369 (1) (404 SE2d 557) (1991).

Viewed in the light most favorable to Barnes as the nonmovant,[2] the evidence shows only an unauthenticated partial copy of the student code of conduct, which is not signed by either party, and a counseling center consent form, which was only signed by Barnes. Since neither of these documents was signed by a representative of the Board or a representative of VSU, they do not constitute signed, contemporaneous agreements between the parties which demonstrate their intent to enter into a binding contract. See Tyson, supra, 261 Ga. at 369 (1) (sovereign immunity not waived absent signed contemporaneous writings, which taken together, contain necessary elements of contract); Ruff, supra, 315 Ga. App. at 456-457 (2) (sovereign immunity not waived where application for study abroad program, copy of refund policy and excerpts from study abroad program manual were not signed by representative of Board or University). Accordingly, the Board did not waive sovereign immunity, and the Board was entitled to summary judgment on Barnes's breach of contract claims.

Judgment reversed. Barnes, P. J., and Ray, J., concur.

---

[2] See Geico Gen. Ins. Co. v. Wright, 299 Ga. App. 280 (682 SE2d 369) (2009).