IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 7:12-cv-00089-HL |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S SUPPLEMENT TO MOTION AND BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant Ronald Zaccari's supplemental brief to his Motion for Judgment as a Matter of Law (Dkt. 397) ("Supp. Br."), updates the Court on Plaintiff's state court litigation but is of no consequence to this Court's consideration of his motion for judgment as a matter of law.

Contrary to Zaccari's argument, the state Court of Appeals decision on whether a written contract existed for purposes of determining a waiver of sovereign immunity does not somehow overrule the Eleventh Circuit's holding on due process. As the Eleventh Circuit held, and established as the law of the case, "no tenet of constitutional law is more clearly established than the rule that a property interest in continued enrollment in a state school is an important entitlement protected by the Due Process Clause of the Fourteenth Amendment." *Barnes v. Zaccari*, 669 F.3d 1295, 1305 (11th Cir. 2012). It added that, "[f]ifty years ago in *Dixon v. Alabama State Board of Education*, the court said, '[D]ue process requires notice and some opportunity for hearing before a student at a tax-supported college is expelled for misconduct.'" *Id*.

The state contract ruling has no effect whatsoever on the Circuit Court's dispositive holding. Zaccari simply uses the Georgia Court of Appeals decision as an excuse to recycle the

1

losing arguments he made to the Eleventh Circuit. He states that "there are no provisions found in Georgia's Constitution or statutes, or in any Georgia case law that create a property right for an undergraduate student to attend a public college or university." Supp. Br. 3. Zaccari then adds that "Barnes has claimed that the VSU Student Handbook was a contract, and gave him a contractually protected property right. He can no longer legitimately make that claim." *Id.*

It is difficult to fathom how so much error could be packed into so little argumentation, but Zaccari's statement is wrong in every respect, and fails to grasp what constitutes a protectable interest under the Due Process Clause. **First,** Barnes did not argue, and the Eleventh Circuit did not hold, that his due process claim was based in contract. Rather, the Court explained that a property interest subject to procedural due process protection "denotes a broad range of interests that are secured by existing rules or understandings." *Barnes*, 669 F.3d at 1303 (quoting *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)). **Second,** the Eleventh Circuit held – as did *Dixon* before it – that due process requires a hearing before expulsion even if no specific state law creates a "right" to a college education. **Third,** in any event, the Eleventh Circuit specifically held that Barnes's entitlement to due process in this case was secured by "official regulations of the State of Georgia." *Barnes*, 669 F.3d at 1304. **Fourth,** notwithstanding the intermediate state court ruling, Barnes may still "legitimately claim" that VSU breached its contract with him by summarily expelling him and by failing to respect the confidentiality of his counseling records. But whether or not that additional claim against the Board of Regents succeeds has no bearing on the due process issue before this Court.

1. The Eleventh Circuit decision in this case could not have been clearer. Nothing in that decision suggested that Barnes's due process right to a hearing was derived from contractual provisions. Rather, the Court quoted *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)

2

for the proposition that "[t]he hallmark of property … is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Barnes*, 669 F.3d at 1303.  It surveyed the "broad range of interests" that may require due process protections, including those secured by rules, statutes, express or implied contracts, or mutually explicit understandings.  *Id.* (collecting cases).  *See also Logan*, 455 U.S. at 430-31 ("[T]he types of interests protected as 'property' are varied, and, as often as not, intangible, relating 'to the whole domain of social and economic fact.'").  In other words, an express or implied contract *may* provide an independent source of entitlement to due process under state law, but it is only one of many potential sources, and was not the one on which the Eleventh Circuit relied in this case.

2.      Zaccari's argument that no Georgia law creates a "property right" in an undergraduate education simply misunderstands the law.  The identical argument was made, and rejected, in *Dixon*.  The Fifth Circuit in that landmark case noted that "[i]t is true, as the district court said, that '* * * there is no statute or rule that requires formal charges and/or a hearing'" before a student may be expelled, but it found "[i]t is not enough to say, as did the district court in the present case, 'The right to attend a public college or university is not in and of itself a constitutional right.'"  *Dixon v. Alabama State Bd. of Educ.*, 294 F.2d 150, 155-56 (5th Cir. 1961).  The court explained that the state "cannot condition the granting *of even a privilege* upon the renunciation of the constitutional right to procedural due process."  *Id.* at 156 (emphasis added).  Rather than locating a source of due process entitlement in a statute or contractual guarantee, the *Dixon* court noted that "the usual practice at Alabama State College had been to give a hearing and opportunity to offer defenses before expelling a student."  *Id.* at 155.  The court even found that this "usual practice" overcame a suggestion in the Board of Education's regulations that a student could be withdrawn at will because "the right to notice and a hearing is

3

so fundamental to the conduct of our society that the waiver must be clear and explicit." *Id.* at 157.

    3.    In this case, the Eleventh Circuit found a much more explicit source for Barnes's entitlement to due process than custom or practice. It found that that "Barnes's entitlement is established by both the Board's Policy Manual and the VSU Code of Conduct," which both "constitute official regulations of the State of Georgia." *Barnes*, 669 F.3d at 1304. Thus, the Eleventh Circuit's analysis relied not on the premise of a contractually created property right, but under the premise that the Board promulgated policies that granted Barnes an enforceable entitlement to continue his enrollment at VSU. On this basis, the Court of Appeals concluded:

> Thus, the Policy Manual and the Code permit VSU to impose disciplinary sanctions only "for cause." The cause at issue here is a violation of the Code. Until a student violates it, that student has a legitimate claim of entitlement to continued enrollment at VSU under Georgia law. Under *Logan v. Zimmerman Brush Co.*, this claim of entitlement gives Barnes a property interest in his enrollment at VSU.

*Barnes*, 669 F.3d at 1304-05. This is the precise issue Zaccari argued and lost in the Eleventh Circuit, and the court's holding is the law of the case. *See United States v. Burns*, 662 F.2d 1378, 1384 (11th Cir. 1981).

    4.    In a separate part of the case, the Eleventh Circuit held that the Board of Regents did not waive its Eleventh Amendment immunity from suit in federal court for Plaintiff's breach of contract claim. *Barnes*, 669 F.3d at 1308-09. Following this decision, Plaintiff's filed a state court action for breach of contract against the Board of Regents that presents distinct legal issues from the due process question in this case. Barnes sued the Board for breach of contract, alleging that two written contracts existed between himself and the Board: (1) a contract with the

4

Board through VSU's Student Code of Conduct; and (2) a contract with the Board through the VSU Counseling Center's consent document.

The Board moved to dismiss both claims on ground of sovereign immunity. The trial court denied the motion, finding that Barnes had established the existence of written, enforceable contracts with the Board. The Georgia Court of Appeals reversed, finding that because the agreements – drafted and presented by VSU – did not contemplate a countersignature for a VSU representative the agreements were not enforceable written contracts for the purpose of waiving the Board's sovereign immunity. *Board of Regents of Univ. Sys. of Ga. v. Barnes*, No. A13A0473, 2013 WL 2321975 (Ga. Ct. App. May 29, 2013). Barnes petitioned the Supreme Court of Georgia for a writ of certiorari on June 18, 2013.

Even if the only source of Barnes's entitlement to notice and a hearing were contractual – and it isn't – the sovereign immunity inquiry is far narrower than the due process question in this case. For sovereign immunity purposes, the Court of Appeals said that Georgia law requires "signed, contemporaneous agreements" and that "an implied contract will not support a waiver of immunity under the provisions of the Georgia Constitution." *Barnes*, 2013 WL 2321975, at *3. Whether or not the Georgia Supreme Court ultimately agrees with this narrow view, it is a far cry from the Eleventh Circuit's holding in this case that a due process entitlement may arise from a variety of sources, including rules, statutes, express *or implied* contracts, or mutually explicit understandings, and that Barnes's rights flowed from official regulations of the State of Georgia.[1] Zaccari may disagree with the Eleventh Circuit's conclusion, but he cannot pretend it is coextensive with the limited issue addressed by the Georgia Court of Appeals.

---

[1] Moreover, the state litigation addresses whether the Board of Regents may be liable for breach of contract. It has no bearing on Defendant Zaccari's personal liability for constitutional violations. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Ex Parte Young*, 209 U.S. 123 (1908).

## Conclusion

The Eleventh Circuit looked at both the due process question and the Board's sovereign immunity defense to Plaintiff's contract claim, and ruled in Barnes's favor that Zaccari unconstitutionally denied Plaintiff his property interest in his continued enrollment at VSU. Defendant's unnecessary supplemental brief ignores the law of the case and should therefore be disregarded by this Court in ruling on Zaccari's pending motion for judgment as a matter of law.

Dated: June 27, 2013.

Respectfully submitted,

/s/Robert Corn-Revere

Cary Wiggins
Georgia Bar #757657
Wiggins Law Group
260 Peachtree Street, N.W., Ste. 401
Atlanta, GA  30303
cary@wigginslawgroup.com
(404) 659-2880

Robert Corn-Revere
Lisa Beth Zycherman
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W., Ste. 800
Washington, DC  20006-3401
bobcornrevere@dwt.com
lisazycherman@dwt.com
(202) 973-4200

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2013, I electronically filed the foregoing Plaintiff's Response in Opposition to Defendant's Supplement to Motion and Brief in Support of Motion for Judgment as a Matter of Law with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                    /s/Robert Corn-Revere
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com