# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 7:12-CV-89 (HL) |
| RONALD M. ZACCARI, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' RESPONSE TO ORDER (DOCUMENT #401), DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENT BRIEF (DOCUMENT #402), & DEFENDANTS' MOTION TO STRIKE PORTIONS OF DOCUMENT #402

COME NOW DEFENDANTS Board of Regents of the University System of Georgia, Kurt Keppler, Russ Mast, Victor Morgan, Valdosta State University, and Ronald M. Zaccari, and show the Court as follows in response to the Court's Order (Document #401) and in response to the Plaintiff's Supplemental Brief in Support of his Motion for Attorney's Fees and Costs (Document #402), and in support of the Defendants' Motion to Strike portions of Plaintiff's Supplemental Brief in Support of his Motion for Attorney's Fees and Costs (Document #402):

1

## DEFENDANTS INCORPORATE BY REFERENCE ALL OF DEFENDANTS' PREVIOUSLY SUBMITTED ARGUMENTS, FACTS, AND LAW

Defendants hereby incorporate by reference all of Defendants' previously submitted arguments, facts, and law, to the extent of their relevancy to the Court's Order (Document #401) entered on July 13, 2013.  Specifically, Defendant has submitted Documents ## 368, 369, 384, and 392, in support of Defendants' pending motions for attorney's fees, and in opposition to Plaintiff's motions for attorney's fees.

## PLAINTIFF IS NOT A PREVAILING PARTY AND PLAINTIFF IS NOT DESERVING OF A HIGHER FEE RATE THAN THAT OF THE DEFENDANTS' LAWYERS

Defendants ask that the Court find that Plaintiff is not a "prevailing party" for the purposes of 42 U.S.C. § 1988.  In the alternative, should the Court find that Plaintiff is a prevailing party, that Defendants ask that the Court: (a) find that Plaintiff was a prevailing party with only limited success; (b) set a fixed hourly rate for all attorneys, and paralegal staff, adjusted for their years of practice, which should apply uniformly to all counsel for Plaintiff, and all counsel for Defendants (who have each submitted requests for fees and costs as prevailing Defendants); (c) strike hours and costs for Plaintiff's overstaffing and overbilling;  and (d) strike all hours and costs which were intended to promote unsuccessful claims, unsuccessful

litigation theories, and unnecessary, wasteful, litigious, and stubborn litigation actions, tactics, and attempts.

### DEFENDANTS MOVE TO STRIKE PORTIONS OF PLAINTIFF'S SUPPLEMENTAL BRIEF (DOCUMENT #402) WHICH ARE NON-RESPONSIVE TO THE COURT'S ORDER (DOCUMENT #401), AND WHICH ARE IMPROPER BASED ON THE AFFIANT'S LACK OF PERSONAL KNOWLEDGE

The Court entered an Order on July 10, 2013, giving Plaintiff a simple, short instruction (1) "submit a ten-page brief with additional evidence about reasonable hourly rates in the Atlanta area . . . ." Doc. #401. The Court entered an Order on July 11, 2013, with a simple, short instruction that Plaintiff (2) "total [the] hours and total compensation claimed for each attorney and staff member at Davis Wright Tremaine . . . ." Text-only Order. Plaintiff did not follow these two (2) simple instructions but resubmitted arguments outside the Court's Orders. Therefore, Defendants move to strike all portions of Plaintiff's Supplemental brief (Doc. #401) which do not fall in to one of these two (2) categories of the Court's Order. Not only do Plaintiff's recent submissions go beyond the scope of the Court's Order, but they insert improper arguments.

Specifically, Plaintiff states that "In [Mr. Michael J. Bowers'] opinion, the work required of Plaintiff's counsel and professionals this matter were all

necessarily incurred and fully deserving of compensation." Doc. #401 at 4. Moreover, in his Declaration, Bowers claims that he is

> familiar with the *claims asserted by Mr. Barnes*, the procedural history of this case, the judgments rendered, and the jury verdict. [He has] handled comparable cases . . . . [he has] reviewed *Plaintiff's motion for fees* and related counsel declarations and documentary support to assess the complexity of the case . . . . [and that it is his] opinion that *the time expended by Plaintiff's counsel* in this case was reasonable. The Plaintiff in this case received substantial benefit from counsel's prior experience. This base of knowledge and experience contributed to achieve a more successful result in a smaller number of hours than would otherwise have been required .
> . . .

Doc. #402-1 (emphasis added).

What Mr. Bowers' Declaration doesn't say is as important as what it does say. It is important to note that Mr. Bowers states that he reviewed the claims asserted "by Mr. Barnes," but not the defenses asserted by the Defendants. Mr. Bowers apparently did NOT review the Defendants' motions for attorney's fees nor any documentation or declarations in support thereof. Mr. Bowers did NOT review the Defendants' successful defenses nor the Plaintiff's failures. He did not review the entire record or the transcript of the trial. Mr. Bowers has no personal knowledge which would qualify him to be able to make any statement related to Plaintiff's alleged "excellent result" as he puts it. Doc.#402-1 at 3. Had he reviewed the entire file, he likely would have come to a different conclusion.

4

Defendants move the Court to strike and not consider the portions of Mr. Bowers' Declaration, and all portions of Plaintiff's Supplemental Brief which in any way relate to the Plaintiff's alleged successfulness or excellent result, or which relate to any argument that the hours Plaintiff's attorneys spent on this case were reasonable, necessary, or efficient in yielding Plaintiff's modest verdict.

The only portions of Mr. Bowers' Declaration that should be considered is that which renders his opinion as to the rates for attorneys in the Atlanta area. Should the Court accept those rates in determining any fee award, the Defendants ask that such rates apply to the Defendants' fee applications also pending before the Court.

WHEREFORE, Defendants request that the Court STRIKE portions of the Plaintiff's Document #401 as described above, and requests that the Court enter fees rewards pursuant to Defendants' previously submitted arguments to the Court.

This, the 22nd day of July, 2013.

/s/ David C. Will
DAVID C. WILL
Ga. Bar No. 760150
dwill@royallaw.net

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 153092
hhance@royallaw.net
Attorneys for Defendants

ROYAL – WILL
4799 Sugarloaf Pkwy., Building J
Lawrenceville, GA  30044
(770) 814-8022 Tel. / (770) 814-8360 Fax.

## CERTIFICATE OF SERVICE

This is to certify that I have, this 22nd day of July, 2013, served a true and correct copy of the within and foregoing DEFENDANTS' RESPONSE TO ORDER (DOCUMENT #401), DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENT BRIEF (DOCUMENT #402), & DEFENDANTS' MOTION TO STRIKE PORTIONS OF DOCUMENT #402 upon all counsel of record by e-filing the same, which will automatically serve a copy thereof upon all counsel of record.

/s/ Holly Hance
HOLLY HANCE
Ga. Bar No. 153092
hhance@royallaw.net
Attorney for Defendants